**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| EVY GRU, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> v. <br><br> AXSOME THERAPEUTICS, INC., HERRIOT TABUTEAU, NICK PIZZIE, MARK JACOBSON, CEDRIC O'GORMAN, and KEVIN LALIBERTE, <br><br> Defendants. | Case No.: 1:22-cv-3925-LGS |

**DECLARATION OF MICHAEL GRUNFELD IN**
**SUPPORT OF LEAD PLAINITFF'S OPPOSITION TO DEFENDANTS'**
**MOTION TO DISMISS THE AMENDED CLASS ACTION COMPLAINT**

I, Michael Grunfeld, hereby declare, pursuant to 28 U.S.C. §1746, as follows:

1.    I am a partner with the law firm of Pomerantz LLP, which is Co-Lead Counsel for Lead Plaintiff Evy Gru in this Action. I am a member in good standing of the bar of this Court.  I submit this declaration in support of Lead Plaintiff's Memorandum of Law in Opposition to Defendants' Motion to Dismiss the Amended Class Action Complaint.

2.    Co-Lead Plaintiff Santoshanand Thakkar has filed a request to withdraw from this action and the Court has directed Defendants to file a letter by January 17, 2022, stating whether they consent to his withdrawal. (ECF Nos. 44-45). If Mr. Thakkar's withdrawal request is not granted, he will join in Lead Plaintiff Evy Gru's Opposition to Defendants' Motion to Dismiss.

3.    Attached hereto as Exhibit 1 are excerpts of a true and correct copy of a reputable transcript of Axsome Therapeutics, Inc.'s earnings call for the first quarter of 2021, dated May 10, 2021, published by *Seeking Alpha*. Page 13 of the transcript describes Defendant Cedric O'Gorman

1

as saying the statement attributed to him in Paragraph 159 of the Amended Class Action Complaint ("Complaint," ECF No. 37).

4.      Attached hereto as Exhibit 2 are excerpts of two of the same transcripts of Axsome Therapeutics, Inc.'s earnings call for the first quarter of 2021, dated May 10, 2021, that Defendants submit as Exhibit G to the Declaration of Matthew C. McDonough (ECF No. 43).[1] While Defendants present these transcripts to show who uttered a particular statement, there are discrepancies even between these transcripts, as demonstrated by the following chart and shown in Exhibit 2:

| Statement | S&P Transcript | Bloomberg Transcript |
| --- | --- | --- |
| "And then with regards to . . ." | Page 9: Defendant Tabuteau | Page 8: Defendant O'Gorman |
| "Okay. So why don't we move on to . . ." | Page 11: Defendant Tabuteau | Page 10: Defendant Jacobson |
| "So our cash guidance . . ." | Page 15: Defendant Pizzie | Page 15: Defendant Tabuteau |
| "Well, thank you all again for joining our call this morning. . . ." | Page 16: Defendant Tabuteau | Page 17: Defendant Jacobson |

5.      I informed counsel for Defendants, including in an email dated November 7, 2022, that Lead Plaintiff was not willing to dismiss all claims against Defendant O'Gorman unless he agreed to toll the claims against him. I noted that regardless of who uttered the statement referenced in Paragraph 159 of the Complaint, there are still claims against Defendant O'Gorman. (*See* Page 23 of Lead Plaintiff's Opposition to Defendants' Motion to Dismiss). Lead Plaintiff was therefore not willing to dismiss Defendant O'Gorman from the case absent a tolling agreement. I did not hear back from counsel for Defendants in response to my November 7, 2022 email. Lead Plaintiff's

---

[1] On page 24 of Defendants' Memorandum of Law in Support of their Motion to Dismiss (ECF No. 42), they incorrectly referencing these documents as "Exhibit J".

position makes even more sense upon the further investigation, noted above, showing discrepancies in the transcripts that Defendants submitted.

I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge and belief.

Dated: New York, New York
       January 13, 2023

                                        /s/ Michael Grunfeld
                                        Michael Grunfeld