```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------- X
                                                              :
  EVY GRU, et al.,                                            :
                                                              :
                                    Plaintiffs,               :   22 Civ. 3925 (LGS)
                                                              :
                    -against-                                 :         ORDER
                                                              :
  AXSOME THERAPEUTICS, INC., et al.,                          :
                                                              :
                                    Defendants.               :
------------------------------------------------------------- X
```

LORNA G. SCHOFIELD, District Judge:

This order grants the unopposed motion of Thomas Giblin, Paul Berger and Paul Sutherland (the "Investor Group") to appoint them as lead plaintiffs and appoint Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen Law") as lead counsel, pursuant to section 21D(a)(3)(B) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78u-4(a)(3)(B), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA"). This is the second effort with lead plaintiffs to proceed with the litigation.

This action was originally commenced by Evy Gru, on behalf of himself and all others similarly situated, against Defendants Axsome Therapeutics, Inc. ("Axsome") and certain of its officers, alleging violations of sections 10(b) and 20(a) of the Exchange Act, as amended by the PSLRA, and Rule 10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5. Gru and Santoshanand Thakkar were appointed co-lead plaintiffs, and Pomerantz and Rosen Law were appointed as co-lead counsel. Defendants then filed a motion to dismiss the operative complaint. Thakkar withdrew, leaving only Gru as lead plaintiff. Defendants' motion was granted and the case dismissed because Gru could not state a sufficient claim. The Court reopened the PSLRA's lead plaintiff appointment process, resulting in the instant motion.

I.   DISCUSSION

   A.   **Appointment of Lead Plaintiff**

The November 15, 2023, order reopening the lead plaintiff appointment process required the publication of a new statutory notice within five days and the filing of any motion for appointment as lead plaintiff within twenty-one days of the notice.  On November 16, 2023, statutory notice was published in a national wire service.  On December 7, 2023, the Investor Group moved for appointment as lead plaintiff.  On December 28, 2023, the Investor Group filed a notice stating that no competing motions seeking appointment as lead plaintiff had been timely filed.

   1. **Applicable Law**

The PSLRA governs the appointment of a lead plaintiff in a private securities class action. Under the PSLRA, the Court must adopt a rebuttable presumption that the most adequate plaintiff is the person or group of persons that:

> (aa) has either filed the complaint or made a motion in response to a notice under subparagraph (A)(i);
> (bb) in the determination of the court, has the largest financial interest in the relief sought by the class; and
> (cc) otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I).  Once the presumption is established, it may be rebutted only with proof that the presumptive lead plaintiff "will not fairly and adequately protect the interests of the class" or "is subject to unique defenses that render such plaintiff incapable of adequately representing the class."  15 U.S.C. § 78u-4(a)(3)(B)(iii)(II).

   2. **Presumptive Lead Plaintiff**

The PSLRA requires that a plaintiff who files a securities class action must publish, "in a widely circulated national business-oriented publication or wire service, a notice" advising members of the purported plaintiff class "of the pendency of the action, the claims asserted therein, and the purported class period" and that "any member of the purported class may move the court to

serve as lead plaintiff of the purported class." 15 U.S.C. § 78u-4(a)(3)(A)(i).  In evaluating the appointment of a lead plaintiff under the PLSRA, "courts have an independent duty to scrutinize the published notice and ensure that the notice comports with the objectives of the PSLRA." *Cty. of Omaha Police & Firefighters Ret. Sys. v. Cognyte Software Ltd.*, No. 23 Civ. 1769, 2023 WL 6458930, at *2 (S.D.N.Y. Oct. 4, 2023).[1]  Here, statutory notice was timely published on November 16, 2023.  The Investor Group timely filed its motion for appointment as lead plaintiff on December 7, 2023.  As such, the Investor Group has satisfied the first requirement to become the presumptive lead plaintiff.

The second statutory requirement for the presumption is "the largest financial interest in the relief sought by the class." 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(bb).  The Investor Group purchased over 1,662 shares of Axsome during the proposed class period and suffered approximately $23,385 in losses as a result of Defendants' alleged Exchange Act violations.  The Court has not been advised of any other potential lead plaintiff, much less one with a larger financial interest.  The Investor Group thus satisfies the second requirement.

Lastly, a potential lead plaintiff must make a preliminary showing that it otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.  15 U.S.C. § 78u-4(a)(B)(3)(iii)(I)(cc).  The Rule 23 requirements for class certification are generally referred to as numerosity, commonality, typicality and adequacy.  *See Barrows v. Becerra*, 24 F.4th 116, 130 (2d Cir. 2022).  Given the preliminary stage of the litigation when a lead plaintiff is appointed, a lead plaintiff needs to show only that it meets the typicality and adequacy requirements.  *See Li v. Spirit AeroSystems Holdings, Inc.*, 23 Civ. 3722, 2023 WL 6938285, at *2 (S.D.N.Y. Oct. 20, 2023).  A lead plaintiff's claims are typical when "each

---

[1] Unless otherwise indicated, in quoting cases, all internal quotation marks, alterations, emphases, footnotes and citations are omitted.

class member's claim arises from the same course of events, and each class member makes similar legal arguments to prove the defendant's liability." *Id*. An adequate lead plaintiff "does not have interests that are antagonistic to the class that he seeks to represent and has retained counsel that is capable and qualified to vigorously represent the interests of the class that he seeks to represent." *Id*. Both requirements are met by the Investor Group in this case. Like other members of the proposed class, the Investor Group claims that Defendants issued false and misleading statements that inflated the price of Axsome common stock resulting in losses to its investors. Nothing suggests that Giblin, Berger or Sutherland has any conflict of interest with the proposed class, is subject to a unique defense or suffers any other infirmity that would impair his ability to represent the class. The Investor Group has satisfied the presumption that it is the most adequate lead plaintiff. No evidence or opposition has been offered to rebut that presumption. The Investor Group is appointed as lead plaintiff.

   **B.**  **Approval of Lead Counsel**

  The PSLRA provides that "[t]he most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class." 15 U.S.C. § 78u-4(a)(3)(B)(v). "Court[s] generally defer[] to the plaintiff's choice of counsel, and will only reject the plaintiff's choice . . . if necessary to protect the interests of the class." *Cty. of Sunrise Firefighter's Pension Fund v. Citigroup Inc.*, No. 20 Civ. 9132, 2021 WL 396343, at *6 (S.D.N.Y. Feb. 4, 2021). "In assessing a plaintiff's selection and retention to represent a purported class, courts give significant weight to counsel's experience." *Cty. of Omaha Police & Firefighters Ret. Sys.*, 2023 WL 6458930, at *7.

  The Investor Group has selected Pomerantz and Rosen Law as their counsel. Both firms have substantial experience in the prosecution of securities fraud class actions, having

served as lead or co-lead counsel in many securities class actions.  *See, e.g., Turpel v. Canopy Growth Corp.*, No. 23 Civ. 4302, 2023 WL 8276633, at *10 (S.D.N.Y. Nov. 30, 2023) (Pomerantz); *Espinal v. DiDi Glob. Inc.*, 21 Civ. 5807, 2021 WL 4754911, at *2 (S.D.N.Y. Oct. 12, 2021) (Rosen Law).  This Court has previously determined that both firms are capable of serving as lead counsel in this case.  The Investor Group's selection of Pomerantz and Rosen Law as co-lead counsel is approved.

## II.   CONCLUSION

For the foregoing reasons, Thomas Giblin, Paul Berger and Paul Sutherland are appointed as lead plaintiffs, and Pomerantz and Rosen Law are appointed as co-lead counsel.  By **January 26, 2024**, Plaintiffs shall file any revised letter, not to exceed three pages single-spaced, seeking leave to file a Second Amended Complaint.  Plaintiffs shall attach any revised proposed Second Amended Complaint, marked to show changes from the First Amended Complaint.  By **February 2, 2024**, Defendants shall respond, with the same page limitation.

The Clerk of Court is respectfully directed to (1) amend the caption to read "In re Axsome Therapeutics, Inc. Securities Litigation," (2) remove Evy Gru and Santoshanand Thakkar as parties on the docket, (3) designate Giblin, Berger and Sutherland each as a "Lead Plaintiff" on the docket and (4) close the motions at Dkts. 65 and 67.

Dated:  January 22, 2024
        New York, New York

LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE