**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| In re Axsome Therapeutics, Inc. Securities Litigation | No. 1:22-CV-03925 (LGS) |

**MEMORANDUM OF LAW IN SUPPORT OF**
**DEFENDANTS NICK PIZZIE AND CEDRIC O'GORMAN'S MOTION**
**TO DISMISS THE SECOND AMENDED CLASS ACTION COMPLAINT**

**MORGAN, LEWIS & BOCKIUS LLP**

Michael L. Kichline (*pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
michael.kichline@morganlewis.com

Emily E. Renshaw
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
emily.renshaw@morganlewis.com

Matthew C. McDonough (*pro hac vice*)
Michael A. Hacker
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
matthew.mcdonough@morganlewis.com
michael.hacker@morganlewis.com

*Counsel for Defendants Axsome Therapeutics, Inc.,*
*Herriot Tabuteau, Nick Pizzie, Mark Jacobson,*
*Cedric O'Gorman, and Kevin Laliberte*

## TABLE OF CONTENTS

**Page**

INTRODUCTION ........................................................................................................... 1

ARGUMENT .................................................................................................................. 3

I.     PLAINTIFFS FAIL ADEQUATELY TO PLEAD
A PRIMARY SECURITIES FRAUD VIOLATION. ........................................ 3

II.    PLAINTIFFS FAIL ADEQUATELY
TO PLEAD CULPABLE PARTICIPATION. ................................................... 3

III.   PLAINTIFFS FAIL ADEQUATELY TO PLEAD ACTUAL CONTROL. ..................... 8

CONCLUSION............................................................................................................. 10

# TABLE OF AUTHORITIES

**Page(s)**

## Cases

*In re Alstom SA*,
406 F. Supp. 2d 433 (S.D.N.Y. 2005)..................................................................................8

*In re Aratana Therapeutics Inc. Sec. Litig.*,
315 F. Supp. 3d 737 (S.D.N.Y. 2018)..................................................................................4

*Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*,
28 F.4th 343 (2d Cir. 2022) ...............................................................................................5

*ATSI Commc'ns, Inc. v. Shaar Fund, Ltd.*,
493 F.3d 87 (2d Cir. 2007)...........................................................................................3, 4, 8

*Bachow v. Swank Energy Income Advisers, LP*,
2010 WL 70520 (N.D. Tex. Jan. 6, 2010) ..........................................................................9

*In re Bristol Myers Squibb Co. Sec. Litig.*,
586 F. Supp. 2d 148 (S.D.N.Y. 2008)..................................................................................8

*In re Bristol Myers-Squibb Sec. Litig.*,
312 F. Supp. 2d 549 (S.D.N.Y. 2004)..............................................................................2, 4

*In re EDAP TMS S.A. Sec. Litig.*,
2015 WL 5326166 (S.D.N.Y. Sept. 14, 2015).....................................................................5

*In re EHang Holdings Ltd. Sec. Litig.*,
2022 WL 17718546 (S.D.N.Y. Dec. 15, 2022) ...................................................................6

*In re Fannie Mae 2008 Sec. Litig.*,
742 F. Supp. 2d 382 (S.D.N.Y. 2010)..................................................................................7

*Frederick v. Mechel OAO*,
475 F. App'x 353 (2d Cir. 2012) .........................................................................................5

*Glaser v. The9, Ltd.*,
772 F. Supp. 2d 573 (S.D.N.Y. 2011)..................................................................................6

*In re Glob. Crossing, Ltd. Sec. Litig.*,
2005 WL 1907005 (S.D.N.Y. Aug. 8, 2005).....................................................................4, 8

*Inter-Local Pension Fund GCC/IBT v. Gen. Elec. Co.*,
445 F. App'x 368 (2d Cir. 2011) .........................................................................................5

i

*Lewis v. YRC Worldwide Inc.*,
   2020 WL 1493915 (N.D.N.Y. Mar. 27, 2020) ........................................................................4

*In re Livent, Inc. Noteholders Sec. Litig.*,
   151 F. Supp. 2d 371 (S.D.N.Y. 2001)...............................................................................6, 8

*In re Satyam Computer Servs. Ltd. Sec. Litig.*,
   915 F. Supp. 2d 450 (S.D.N.Y. 2013)....................................................................................7

*In re Smith Barney Transfer Agent Litig.*,
   884 F. Supp. 2d 152 (S.D.N.Y. 2012)....................................................................................8

*Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*,
   365 F.3d 353 (5th Cir. 2004) .................................................................................................9

*Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*,
   33 F. Supp. 3d 401 (S.D.N.Y. 2014).....................................................................................4

*Strougo v. Barclays PLC*,
   334 F. Supp. 3d 591 (S.D.N.Y. 2018)....................................................................................4

*Tung v. Bristol-Myers Squibb Co.*,
   412 F. Supp. 3d 453 (S.D.N.Y. 2019)....................................................................................4

*In re Twinlab Corp. Sec. Litig.*,
   103 F. Supp. 2d 193 (E.D.N.Y. 2000) ...................................................................................7

*In re Weight Watchers Int'l Inc. Sec. Litig.*,
   504 F. Supp. 3d 224 (S.D.N.Y. 2020).....................................................................................7

*Woodley v. Wood*,
   2022 WL 103563 (S.D.N.Y. Jan. 11, 2022) ..........................................................................6

**INTRODUCTION**

Defendants Nick Pizzie and Cedric O'Gorman file this brief to emphasize the fundamental reasons that dictate the dismissal of the claims asserted against them under Section 20(a) of the Securities Exchange Act of 1934. To avoid repetition, for additional background facts of the case, Mr. Pizzie and Dr. O'Gorman respectfully refer the Court to the Memorandum of Law in Support of the Motion to Dismiss of Defendants Axsome, Dr. Tabuteau, Mr. Jacobson, and Dr. Laliberte (ECF No. 80) ("Principal Brief" or "PB"). Mr. Pizzie and Dr. O'Gorman incorporate herein the Principal Brief's arguments as applicable to the claims against them.

Now-dismissed Plaintiff Evy Gru previously asserted primary liability securities fraud claims against Mr. Pizzie and Dr. O'Gorman under Section 10(b) of the Exchange Act in addition to secondary liability "control person" claims under Section 20(a). *See* ECF No. 37 (First Amended Complaint) ("FAC") at ¶¶229-38 (§10(b) claims), ¶¶239-44 (§20(a) claims). All Defendants moved to dismiss the First Amended Complaint in its entirety, including the claims against Mr. Pizzie and Dr. O'Gorman. *See* ECF No. 42.

As Defendants explained in their motion to dismiss, Gru's allegations against Mr. Pizzie and Dr. O'Gorman (and the other Defendants) were insufficient to plead Section 10(b) securities fraud claims against them. In particular, Gru failed to plead facts giving rise to a strong inference of scienter against Mr. Pizzie or Dr. O'Gorman because, among other things, he pleaded no facts suggesting any motive by either to commit fraud, and identified no circumstantial evidence of scienter as to either. Indeed, public records demonstrate that Mr. Pizzie[1] did not sell a single share of Axsome stock during the proposed Class Period and, in fact, significantly added to his company stock holdings, including making open market purchases (*see infra* §II). These facts are "wholly

---

[1] Unlike Mr. Pizzie, Dr. O'Gorman did not occupy a position at Axsome requiring him to file with the SEC reports of his transactions in Axsome stock (if any).

*inconsistent* with fraudulent intent." *In re Bristol Myers-Squibb Sec. Litig.*, 312 F. Supp. 2d 549, 561 (S.D.N.Y. 2004) (emphasis added). Likewise, Gru failed to plead any facts supporting a motive by Dr. O'Gorman to commit securities fraud, through stock sales or otherwise.

Nor did Gru plead with anything approaching particularity circumstantial evidence of Mr. Pizzie's or Dr. O'Gorman's scienter. At best, Gru's scienter allegations against Mr. Pizzie amounted to the fact that he was Axsome's CFO (FAC ¶19) and in that role, he signed the company's required Sarbanes-Oxley Act ("SOX") certifications in SEC filings during the Class Period (*see id.* ¶199). As to Dr. O'Gorman, Gru alleged only that he "served as Axsome's Senior Vice President of Clinical Development and Medical Affairs from September 2017 to September 2021" (*id.* ¶¶21, 209), reported to Axsome's CEO (*id.* ¶209), and once participated in an inspection of a facility manufacturing AXS-**05**, a different drug than the one at issue here, AXS-07 (*id.* ¶207).

The Court granted Defendants' motion to dismiss, though its order did not discuss Mr. Pizzie's or Dr. O'Gorman's scienter specifically. *See* ECF No. 56.

Substitute Plaintiffs Giblin, Berger, and Sutherland have now filed the operative Second Amended Complaint (ECF No. 76) ("SAC"). Tacitly acknowledging that they cannot plead Section 10(b) claims against Mr. Pizzie or Dr. O'Gorman, the substitute Plaintiffs have changed almost nothing about the substantive allegations against Mr. Pizzie and Dr. O'Gorman (*see infra* §§II, III), but have dropped their Section 10(b) claims against them. *See* SAC at 64 (Count I), ¶¶200-09. The SAC asserts only secondary liability "control person" claims under Section 20(a) against them. *Id.* at 67 (Count II), ¶¶210-15.[2]

Plaintiffs' attempt to salvage their claims against Mr. Pizzie and Dr. O'Gorman by simply dropping their Section 10(b) cause of action, while failing to address the underlying defects in their

---

[2] Plaintiffs continue to allege that Dr. O'Gorman made a single misrepresentation during a May 10, 2021 earnings call, but no longer assert that Dr. O'Gorman is primarily liable under Section 10(b) for securities fraud. *See* SAC ¶128.

2

allegations, does not work.  The same allegations that previously were insufficient to plead Section 10(b) claims against Mr. Pizzie and Dr. O'Gorman are likewise insufficient to plead Section 20(a) claims for secondary "control person" liability.  For the reasons discussed herein, Plaintiffs' Section 20(a) claims against Mr. Pizzie and Dr. O'Gorman should be dismissed with prejudice.

## ARGUMENT

The elements of a Section 20(a) claim are: "(1) a primary violation by the controlled person; (2) control of the primary violator by the defendant, and (3) that the [controlling person] was, in some meaningful sense, a culpable participant in the controlled person's fraud." *ATSI Commc'ns, Inc. v. Shaar Fund, Ltd*., 493 F.3d 87, 108 (2d Cir. 2007).  Plaintiffs' failure to plead adequately any of these elements as to Mr. Pizzie or Dr. O'Gorman each independently mandates dismissal.

**I.  PLAINTIFFS FAIL ADEQUATELY TO PLEAD
A PRIMARY SECURITIES FRAUD VIOLATION.**

A "control person" claim rests as a threshold matter on the legitimacy of the underlying claim alleging a primary violation of the federal securities laws.  *ATSI*, 493 F.3d at 108. Accordingly, Plaintiffs' Section 20(a) "control person" claims must be dismissed for the threshold reason that the SAC fails sufficiently to plead a primary violation of Section 10(b) by any Defendant.  *See* PB §I.

**II.  PLAINTIFFS FAIL ADEQUATELY TO PLEAD CULPABLE PARTICIPATION.**

Even if Plaintiffs adequately pled a primary securities fraud violation (and they did not), they have failed to plead sufficiently Mr. Pizzie's or Dr. O'Gorman's "culpable participation" in the alleged fraud, independently requiring dismissal of the Section 20(a) claims against them.

The PSLRA's heightened pleading standards apply to the "culpable participation" prong of a Section 20(a) claim. *In re Glob. Crossing, Ltd. Sec. Litig.*, 2005 WL 1907005, at *12 (S.D.N.Y. Aug. 8, 2005). To plead culpable participation, "plaintiffs must plead with particularity facts giving rise to a ***strong*** inference that the controlling person knew or should have known that the primary violator, over whom that person had control, was engaging in fraudulent conduct." *Id.* (emphasis added); *see Strougo v. Barclays PLC*, 334 F. Supp. 3d 591, 596 (S.D.N.Y. 2018) (culpable participation "is established by alleging scienter on the part of a controlling person to the extent that it would satisfy § 10(b) and Rule 10b-5"); *Special Situations Fund III QP, L.P. v. Deloitte Touche Tohmatsu CPA, Ltd.*, 33 F. Supp. 3d 401, 438 (S.D.N.Y. 2014) (plaintiff must plead "particularized facts of the *controlling person's* conscious misbehavior or recklessness.") (emphasis in original). To plead a strong inference of scienter, Plaintiffs must allege specific facts: "(1) showing that the defendants had both motive and opportunity to commit the fraud or (2) constituting strong circumstantial evidence of conscious misbehavior or recklessness." *ATSI*, 493 F.3d at 99. Plaintiffs plead neither.

Plaintiffs identify no motive for either Mr. Pizzie or Dr. O'Gorman. To the contrary, public records reflect that Mr. Pizzie did not sell a single share of Axsome stock during the Class Period and, in fact, significantly ***increased*** his stock holdings, including making open market purchases of Axsome shares. *See* Declaration of Matthew C. McDonough (ECF No. 81) ¶ 7, Ex. E. These facts are "***wholly inconsistent*** with fraudulent intent." *Bristol-Myers Squibb*, 312 F. Supp. 2d at 561 (emphasis added); *Lewis v. YRC Worldwide Inc.*, 2020 WL 1493915, at *18 (N.D.N.Y. Mar. 27, 2020) (same); *Tung v. Bristol-Myers Squibb Co.*, 412 F. Supp. 3d 453, 460 (S.D.N.Y. 2019) (same); *In re Aratana Therapeutics Inc. Sec. Litig.*, 315 F. Supp. 3d 737, 763 (S.D.N.Y. 2018) (same).

Plaintiffs also do not attempt to identify any motive for Dr. O'Gorman to participate in securities fraud.  Notably, the SAC is devoid of a single trading allegation concerning Dr. O'Gorman.  At the very best, Plaintiffs improperly employ group pleading in alleging some vague "profit" motive held by all Defendants (*see* SAC ¶¶89, 184), but motives "generally possessed by most corporate directors and officers," such as generating corporate profits, are "insufficient to withstand a motion to dismiss."  *Frederick v. Mechel OAO*, 475 F. App'x 353, 355 (2d Cir. 2012); *see In re EDAP TMS S.A. Sec. Litig.*, 2015 WL 5326166, at \*14 (S.D.N.Y. Sept. 14, 2015); *see also* PB at §I.A1.

Where Plaintiffs fail to plead motive, "the circumstantial evidence of conscious misbehavior 'must be ***correspondingly greater***' and show 'highly unreasonable' behavior or that which evinces 'an extreme departure from the standards of ordinary care.'"  *Arkansas Pub. Emps. Ret. Sys. v. Bristol-Myers Squibb Co.*, 28 F.4th 343, 355 (2d Cir. 2022) (emphasis added); PB at §I.A.2.  It is not enough to allege "that defendants knew facts or had access to information suggesting that their public statements were not accurate."  *Inter-Local Pension Fund GCC/IBT v. Gen. Elec. Co.*, 445 F. App'x 368, 370 (2d Cir. 2011) (citation and quotations omitted).  Plaintiffs "must specifically identify the reports or statements containing [] information" demonstrating that defendants knew their statements were false.  *Id.*

Plaintiffs do not come close to satisfying this standard as to either Mr. Pizzie or Dr. O'Gorman; they do not identify a single specific report, statement, or other information available to Mr. Pizzie or Dr. O'Gorman that contradicted any public statement by any Defendant during the Class Period.  The SAC's only allegations concerning Mr. Pizzie, individually, are that he: (i) was Axsome's CFO during the Class Period (SAC ¶¶22, 174), (ii) signed the Company's SEC filings and SOX certifications (*id.* ¶¶96, 130, 136, 145, 152, 167), and (iii) attended a May

5

10, 2021 earnings call (at which Plaintiffs do not allege he spoke) (*id.* ¶128).  As to Dr. O'Gorman, Plaintiffs merely allege that he: (i) was "Axsome's Senior Vice President of Clinical Development and Medical Affairs from September 2017 to September 2021" (*id.* ¶¶23, 177); (ii) participated in a May 10, 2021 earnings call with investors where he stated,[3] "[w]ith regards to AXS-07, we're very much on track to file the NDA this quarter…" (*id.* ¶128); and (iii) participated in an inspection of a manufacturing facility for a different drug not at issue in this case,[4] the report of which inspection did not identify any manufacturing issues (*id.* ¶175).

Allegations that Mr. Pizzie and Dr. O'Gorman "must have known" of contradictory information due to their positions in the company, or their participation in earnings calls or inspections where no contradictory information is alleged to have been shared, are classically insufficient to plead a strong inference of scienter or culpable participation.[5] *See Woodley v. Wood*, 2022 WL 103563, at *7 (S.D.N.Y. Jan. 11, 2022) ("[I]t is not enough [to plead a strong inference of scienter] that defendants held senior positions and had access to inside information.") (collecting cases), *aff'd sub nom.* 2022 WL 14997930 (2d Cir. Oct. 27, 2022); *Glaser v. The9, Ltd.*, 772 F. Supp. 2d 573, 591 (S.D.N.Y. 2011) ("[C]onclusory statements that defendants 'were aware' of certain information, and mere allegations that defendants 'would have' or 'should have' had such knowledge is insufficient."); *In re EHang Holdings Ltd. Sec. Litig.*, 2022 WL 17718546, at *11 (S.D.N.Y. Dec. 15, 2022) ("[M]ust have known" and "would have known" allegations fail to provide "'concrete allegations' as to each individual Defendants' particular knowledge"); *In re Livent, Inc. Noteholders Sec. Litig.*, 151 F. Supp. 2d 371, 436-37 (S.D.N.Y. 2001) (dismissing

---

[3] *See supra* at 2.
[4] AXS-**05**, which, as Plaintiffs admitted in their prior complaint, the FDA subsequently approved on August 19, 2022.
[5] Plaintiffs' conclusory, boilerplate, and group allegations appearing under Count II of the SAC are patently insufficient to plead culpable participation for the same reasons.  *See* SAC ¶¶210-15; PB at §I.A.2.b.

6

Section 20(a) claims where plaintiffs "failed to allege more than negligence on the part of the [§ 20(a) defendants]").

Regarding Dr. O'Gorman's former role at Axsome, Plaintiffs do not allege that he had any responsibility for Axsome's manufacturing of AXS-07. Rather, Plaintiffs allege his "responsibilities include[d] overseeing and providing medical monitoring services, safety meetings, and evaluation of adverse events and adverse events reports." SAC ¶177. On their face, these responsibilities have nothing to do with the supposed manufacturing issues Plaintiffs claim were the subject of the alleged misrepresentations or omissions. Plaintiffs also fail to allege how, in his role, Dr. O'Gorman actually *knew* about the supposed manufacturing issues contradicting any public statement.

That Mr. Pizzie, as Axsome's CFO, signed certain SEC filings and SOX certifications also does not give rise to a strong inference that he possessed knowledge allegedly contradicting the statements contained in those filings. *See, e.g.*, *In re Weight Watchers Int'l Inc. Sec. Litig.*, 504 F. Supp. 3d 224, 265 (S.D.N.Y. 2020) (dismissing Section 20(a) claims against defendants despite their signing SEC filings); *In re Fannie Mae 2008 Sec. Litig.*, 742 F. Supp. 2d 382, 416 (S.D.N.Y. 2010) (dismissing Section 20(a) claims because Plaintiffs "plead no facts supporting" culpable participation as to CFO, despite CFO signing 10-Ks and 10-Qs that contained alleged misstatements); *In re Twinlab Corp. Sec. Litig.*, 103 F. Supp. 2d 193, 208 (E.D.N.Y. 2000) (dismissing Section 20(a) claims based on allegations that defendants "approv[ed] credible but fraudulent financial reports prepared by subordinates" and "had access to and knowledge of [the company's] operational and financial information, and the ability to prevent the issuance of the statements alleged to be fraudulent."); *see also In re Satyam Computer Servs. Ltd. Sec. Litig.*, 915 F. Supp. 2d 450, 483 (S.D.N.Y. 2013) (dismissing Section 20(a) claims against members of

7

company's audit committee because, although they had responsibility to oversee company's financial reporting, accounting, and internal controls, plaintiff did not adequately plead their culpable participation in the alleged fraud).

Because Plaintiffs have failed to "plead with particularity facts giving rise to a ***strong*** inference" that Mr. Pizzie or Dr. O'Gorman "knew or should have known" that any other Defendant was committing a fraud, the Section 20(a) claims against them should be dismissed. *Glob. Crossing*, 2005 WL 1907005, at \*12 (emphasis added).

## III.    PLAINTIFFS FAIL ADEQUATELY TO PLEAD ACTUAL CONTROL.

Section 20(a) requires "control of the primary violator by the defendant." *ATSI*, 493 F.3d at 108. "Control" means "actual control." *In re Alstom SA*, 406 F. Supp. 2d 433, 486 (S.D.N.Y. 2005). "It is not sufficient for a plaintiff to allege that an individual defendant has control person ***status***; instead, the plaintiff must assert that the defendant exercised ***actual*** control over the matters at issue." *In re Bristol Myers Squibb Co. Sec. Litig.*, 586 F. Supp. 2d 148, 170 (S.D.N.Y. 2008) (emphasis in original) (citing *In re Scottish Re Grp. Sec. Litig.*, 524 F. Supp. 2d 370, 386 (S.D.N.Y. 2007)).

All Plaintiffs muster against Mr. Pizzie or Dr. O'Gorman, however, are conclusory allegations of "control person status" (*see* SAC ¶¶210-15), which courts regularly find insufficient. *See, e.g.*, *In re Smith Barney Transfer Agent Litig.*, 884 F. Supp. 2d 152, 166 (S.D.N.Y. 2012) (dismissing Section 20(a) claims based on vague allegations of "high-level position[]," "awareness of [Defendants'] operations," and "intimate knowledge" of public statements); *In re Livent*, 151 F. Supp. 2d at 436 ("Officer or director status alone does not constitute control for purposes of § 20(a) liability.").

Plaintiffs fail to demonstrate Dr. O'Gorman's "actual control" for additional reasons. First, Plaintiffs do not allege that Dr. O'Gorman oversaw or supervised any other Defendant; rather, as

8

alleged, Dr. O'Gorman reported *to* Axsome's CEO.  SAC ¶177.  Further, Plaintiffs' vague, conclusory "control" allegations as to all Defendants as a group are especially implausible as they relate to Dr. O'Gorman, given that Plaintiffs themselves identify Dr. O'Gorman's responsibilities as relating to "medical monitoring services, safety meetings, and evaluation of adverse events and adverse events reports," (*id.*), not manufacturing—the subject of the alleged misrepresentations.

Second, Plaintiffs fail even plausibly to plead that Dr. O'Gorman "control[led] any person" (15 U.S. Code § 78t(a)) with respect to any specific statement.  The *only* statement in which Plaintiffs allege Dr. O'Gorman was involved at all is a statement Plaintiffs allege that *he* made.  *See* SAC ¶128 (alleging Dr. O'Gorman stated, on May 10, 2021, that "we're very much on track to file the NDA this quarter…").  Plaintiffs affirmatively allege that the other Defendants did *not* make that statement; indeed, they allege that, although "Defendants Tabuteau, Jacobson, [and] Pizzie," also "attended this call," none of them "corrected O'Gorman's statement, despite their knowledge of its falsity." *Id.*  Because Dr. O'Gorman cannot be said to have "controlled" another "person" in making his own statement, he cannot be liable under Section 20(a) for the lone May 10, 2021 statement in which he was allegedly involved.  *See Southland Sec. Corp. v. INSpire Ins. Sols., Inc.*, 365 F.3d 353, 384 (5th Cir. 2004) (dismissing Section 20(a) claim against alleged speaker because speaker "obviously can have no section 20(a) liability for his own statements" made during conference with "securities analysts"); *Bachow v. Swank Energy Income Advisers, LP*, 2010 WL 70520, at *9 (N.D. Tex. Jan. 6, 2010) (dismissing Section 20(a) claims because defendants "cannot be 'control persons' of themselves").

Finally, Plaintiffs allege that Dr. O'Gorman left Axsome in September 2021.  Plaintiffs allege that misrepresentations or omissions were made after that date.  It is not plausible that Dr. O'Gorman controlled statements made *after* he left the company's employ.  Plaintiffs' Section

9

20(a) claims against Dr. O'Gorman related to all challenged statements post-dating September 2021 should be dismissed for this reason alone.  *See* SAC ¶¶142-56.

## CONCLUSION

For the foregoing reasons, as well as those discussed in the Principal Brief, and incorporated here by reference, Plaintiffs' claims against Mr. Pizzie and Dr. O'Gorman should be dismissed with prejudice.[6]

Dated: March 11, 2024                                 Respectfully submitted,

                                                      **MORGAN, LEWIS & BOCKIUS LLP**

                                                      */s/ Michael L. Kichline*
                                                      Michael L. Kichline (*pro hac vice*)
                                                      1701 Market Street
                                                      Philadelphia, PA 19103
                                                      Tel: (215) 963-5000
                                                      michael.kichline@morganlewis.com

                                                      Emily E. Renshaw
                                                      101 Park Avenue
                                                      New York, NY 10178-0060
                                                      Tel: (212) 309-6000
                                                      emily.renshaw@morganlewis.com

                                                      Matthew C. McDonough (*pro hac vice*)
                                                      Michael A. Hacker
                                                      One Federal Street
                                                      Boston, MA 02110
                                                      Tel: (617) 341-7700
                                                      matthew.mcdonough@morganlewis.com
                                                      michael.hacker@morganlewis.com

                                                      *Counsel for Defendants Axsome Therapeutics, Inc.,*
                                                      *Herriot Tabuteau, Nick Pizzie, Mark Jacobson,*
                                                      *Cedric O'Gorman, and Kevin Laliberte*

---

[6] The Court should dismiss the SAC, Plaintiffs' counsel's third complaint, with prejudice for the reasons discussed in the Principal Brief.  *See* PB p.25 n.43.