UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

In re AXSOME THERAPEUTICS, INC.
SECURITIES LITIGATION

No. 1:22-CV-03925 (LGS)

[PROPOSED] CIVIL CASE
MANAGEMENT PLAN AND
SCHEDULING ORDER

LORNA G. SCHOFIELD, United States District Judge:

This Civil Case Management Plan is submitted by the parties in accordance with Fed. R. Civ. P. 26(f)(3).

1. All parties [consent _____ / do not consent __*X*__] to conducting all further proceedings before a United States Magistrate Judge, including motions and trial. See 28 U.S.C. § 636(c). The parties are free to withhold consent without adverse substantive consequences. *[If all parties consent, the remaining paragraphs need not be completed.]*

2. The parties [have __*X*__ / have not _____] conferred pursuant to Fed. R. Civ. P. 26(f).

3. This case is governed by one of the following sets of rules, and the parties' proposed dates in this order have been adjusted accordingly.

   a. An employment case governed by the Initial Discovery Protocols for Employment cases? https://nysd.uscourts.gov/hon-lorna-g-schofield.  [Yes _____ / No __*X*__]

   b. A case governed by Local Civil Rule 83.10, Plan for Certain § 1983 Cases Against the City of New York? https://nysd.uscourts.gov/rules.  [Yes _____ / No __*X*__]

   c. A patent case subject to the Local Patent Rules and the Court's Individual Rules? https://nysd.uscourts.gov/rules and https://nysd.uscourts.gov/hon-lorna-g-schofield  [Yes _____ / No __*X*__]

   d. A wage and hour case governed by Initial Discovery Protocols for Fair Labor Standards Act? https://nysd.uscourts.gov/hon-lorna-g-schofield. [Yes _____ / No __*X*__]

4. Alternative Dispute Resolution/Settlement

   a. Settlement discussions [have _____ / have not __*X*__] taken place.

      b.        Counsel for the parties have discussed an informal exchange of information in aid of early settlement and have agreed to exchange the following:

                **The parties will discuss alternative dispute resolution and will update the Court accordingly.**

      c.        Counsel for the parties have discussed the use of the following alternate dispute resolution mechanisms for use in this case: (i) a settlement conference before a Magistrate Judge; (ii) participation in the District's Mediation Program; and (iii) retention of a private mediator. Counsel for the parties propose the following alternate dispute resolution mechanism for this case:

      d.        Counsel for the parties recommend that the alternate dispute resolution mechanism designated in paragraph 4(c) be employed at the following point in the case (e.g., within the next 60 days; after the deposition of plaintiff is completed (specify date); after the close of fact discovery):

      e.        **The use of any alternative dispute resolution mechanism does not stay or modify any date in this Order.**

5.      No additional parties may be joined after _____ without leave of Court.

       **The parties agree that joinder of additional parties will require leave of Court.**

6.      Amended pleadings may be filed without leave of Court until after _____.

       **The parties agree that amendment of pleadings will require leave of Court.**

7.      Initial disclosures pursuant to Fed. R. Civ. P. 26(a)(1) shall be completed no later than **14 days (April 30, 2025)** from the date of this Order. *[Within 14 days of the parties' Rule 26(f) conference, absent exceptional circumstances.]*

8.      Fact Discovery

      a.        All fact discovery shall be completed no later than **April 17, 2026 (due to the complexities of this securities class action)**. *[A period not to exceed 120 days, unless the Court finds that the case presents unique complexities or other exceptional circumstances.]*

      b.        Initial requests for production of documents pursuant to Fed. R. Civ. P. 34 shall be served by **May 9, 2025.**

      c.        Responsive documents shall be produced by **November 19, 2025**. Document productions shall proceed on a rolling basis prior to that date. No party may

    withhold production of documents responsive to requests over which there is no unresolved disagreement simply because there are open disagreements relating to other requests. Do the parties anticipate e-discovery? [Yes __X__ / No _____]

  d. Interrogatories pursuant to Fed. R. Civ. P. 33 shall be served by **March 18, 2026**.

  e. Depositions pursuant to Fed. R. Civ. P. 30, 31 shall be completed by **March 5, 2026**.

  f. Requests to admit pursuant to Fed. R. Civ. P. 36 shall be served by **May 8, 2026 (and may be responded to after the close of fact discovery)**.

  g. **Any of the deadlines in paragraphs 8(b) through 8(f) may be extended by the written consent of all parties without application to the Court, provided that all fact discovery is completed by the date set forth in paragraph 8(a).**

9. Expert Discovery [if applicable]

  a. Anticipated types of experts if any:

  **The parties anticipate that expert discovery will include experts on topics related to merits, including experts on the drug approval process by the U.S. Food and Drug Administration, and damages, and have provided proposed deadlines pertaining to those experts below. The parties also anticipate retaining experts in connection with class certification, and address those dates below in response to Paragraph 12.**

  b. If you have identified types of experts in question 9(a), all expert discovery shall be completed no later than **July 1, 2026 (due to the complexities of this securities class action)**. *[Within 45 days from the date in paragraph 8(a), i.e., the completion of all fact discovery, absent exceptional circumstances.]* <u>Omit</u> if you have not identified types of experts.

  c. If you have identified types of experts in question 9(a), by **March 18, 2026** *[no later than one month before the date in paragraph 8(a), i.e., the completion of all fact discovery]* the parties shall meet and confer on a schedule for expert disclosures, including reports, production of underlying documents and depositions, provided that (i) expert report(s) of the party with the burden of proof shall be due before those of the opposing party's expert(s); and (ii) all expert discovery shall be completed by the date set forth in paragraph 9(b).

10. This case [is __X__ / is not _____] to be tried to a jury.

11. Counsel for the parties have conferred and their present best estimate of the length of trial is ***three weeks***.

3

12. Other issues to be addressed at the Initial Pretrial Conference, including those set forth in Fed. R. Civ. P. 26(f)(3), are set forth below:

    **The parties shall endeavor in good faith to promptly agree on stipulations regarding (i) confidentiality and (ii) the production of electronically stored information, and shall file such stipulations or raise related disputes, if any, with the Court by <u>May 30, 2025</u>.**

    **The parties have also discussed the scope of fact discovery based on the Federal Rules of Civil Procedure and the Court's Individual Rules and Procedures for Civil Cases, including the appropriate number of document custodians and deponents for fact discovery. It is premature to know whether the parties agree on these issues and they will raise them to the Court's attention if any disputes arise in the course of discovery.**

    **Lead Plaintiffs anticipate filing a motion for class certification and do not believe a pre-motion conference is necessary given the necessity that they move for class certification in this proposed securities class action. If the Court prefers to receive pre-motion submissions, Lead Plaintiffs shall request a pre-motion conference regarding their planned motion for class certification no later than July 10, 2025 and Defendants' response to Plaintiffs' pre-motion letter for class certification shall be filed by July 24, 2025.**

    **Should the Court allow Lead Plaintiffs to file their proposed motion for class certification, Lead Plaintiffs shall file their motion by July 31, 2025. Defendants shall file their opposition to Lead Plaintiffs' motion for class certification by October 31, 2025. Lead Plaintiffs shall file their reply in further support of their motion for class certification by December 12, 2025. By April 30, 2025, the parties shall submit a joint letter outlining a proposed discovery schedule in relation to the class certification motion, including dates for expert disclosures and time periods for depositions in connection with the motion, as well as the proposed page limitations for the parties' briefing on the motion.**

13. Status Letters and Conferences

    a. By **June 13, 2025** *[60 days after the commencement of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3.

    b. By **May 1, 2026** *[14 days after the close of fact discovery]*, the parties shall submit a joint status letter, as outlined in Individual Rule III.D.3 and, in the event that they have not already been referred for settlement discussions, shall also advise the Court whether or not they request a referral for settlement discussions as provided in Paragraph 4(c) above.

    c. On **July 15, 2026** at **10:00 A.M.** *[usually 14 days after the close of all discovery]*, a pre-motion conference will be held for any anticipated dispositive motions, provided:

4

   i. A party wishing to file a summary judgment or other dispositive motion shall file a pre-motion letter **at least two weeks before the** conference and in the form provided in the Court's Individual Rule III.A.1. Any party wishing to oppose shall file a responsive letter as provided in the same Individual Rule. The motion will be discussed at the conference. The conference will be in person at the United States Courthouse, Southern District of New York, 40 Foley Square, New York, NY, 10007 at Room 1106. The time of the conference is approximate, but the parties shall be ready to proceed at that time.

   ii. **If no pre-motion letter is timely filed, this conference will be canceled and the matter placed on the Court's trial-ready calendar.** The parties will be notified of the assigned trial-ready date and the filing deadlines for pretrial submissions. The parties are warned that any settlement discussions will not stay pretrial deadlines or the trial date.

This Order may not be modified or the dates herein extended, except as provided in paragraph 8(g) or by further Order of this Court for good cause shown. Any application to modify or extend the dates herein, except as provided in paragraph 8(g), shall be made in a written application in accordance with the Court's Individual Rules and shall be made no less than 2 business days prior to the expiration of the date sought to be extended.

Notwithstanding any other rules governing discovery or other deadlines, the parties shall follow the deadlines set forth herein unless expressly ordered otherwise by the Court.

The Clerk of Court is directed to enter the dates under paragraphs 5, 6, 8(a), 9(b)-(c) and 13(a)-(c) into the Court's calendar, and to schedule the conference under paragraph 13(c) as a Pre-Motion Conference.

  SO ORDERED.

Dated: May 2, 2025
   New York, New York

                LORNA G. SCHOFIELD
               **UNITED STATES DISTRICT JUDGE**

Counsel for the Parties:

| **POMERANTZ LLP** | **MORGAN, LEWIS & BOCKIUS LLP** |
|---|---|

*/s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
Brandon Cordovi
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone: (212) 661-1100
Facsimile: (212) 661-8665
jalieberman@pomlaw.com
mgrunfeld@pomlaw.com
bcordovi@pomlaw.com

**THE ROSEN LAW FIRM, P.A.**
Jacob Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: 215-600-2817
Facsimile: (212) 202-3827
jgoldberg@rosenlegal.com

Erica Stone
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
estone@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Thomas Giblin*

**PASKOWITZ LAW FIRM P.C.**
Laurence D. Paskowitz (LP-7324)
97-45 Queens Boulevard

*/s/ Emily E. Renshaw*
Michael L. Kichline (*pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
michael.kichline@morganlewis.com

Emily E. Renshaw
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
emily.renshaw@morganlewis.com

Matthew C. McDonough (*pro hac vice*)
Michael A. Hacker
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
matthew.mcdonough@morganlewis.com
michael.hacker@morganlewis.com

*Counsel for Defendants Axsome Therapeutics, Inc., Herriot Tabuteau, and Mark Jacobson*

Suite 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
lpaskowitz@pasklaw.com

*Additional Counsel for Lead Plaintiff Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust*