**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

**[PROPOSED] STIPULATED CONFIDENTIALITY**
**AGREEMENT AND PROTECTIVE ORDER**

       Pursuant to Federal Rule of Civil Procedure 26(c), Lead Plaintiffs Thomas Giblin, Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust, and Paul Sutherland ("Plaintiffs"), Defendants Axsome Therapeutics, Inc. ("Axsome" or the "Company"), Herriot Tabuteau, M.D, and Mark Jacobson (the "Individual Defendants", and with Axsome, "Defendants") (together with Plaintiffs, the "Parties" and each a "Party"), by and through their undersigned attorneys, hereby stipulate to and move the Court to enter the following protective order to govern the treatment of all documents, writings and things, electronically stored information ("ESI"), testimony, tangible materials, interrogatory answers, responses to requests for admission and any other discovery or disclosed information produced by the Parties in the above-captioned matter. Counsel for the Parties have reviewed the Court's practice standards and have tailored the following [Proposed] Stipulated Protective Order accordingly.

## I.    PURPOSES AND LIMITATIONS

       Disclosure and discovery in this action are likely to involve production of information that constitutes, in whole or in part, sensitive personal information, trade secrets, and proprietary or competitively-sensitive information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted. The Parties further acknowledge, as set forth in Section XII(3) below, that this Stipulated Protective Order does not

entitle them to file confidential information under seal. The Court's Individual Rules and Procedures for Civil Cases, specifically Rule I.D. ("Redactions and Filing Under Seal") set forth the procedures that must be followed and the standards that will be applied if and when Plaintiffs or Defendants seek permission from the Court to file material under seal.

## II.    DEFINITIONS

1.      **"Challenging Party"**: A Party or Non-Party that challenges the designation of information or items under this Stipulated Protective Order.

2.      **"Confidential Discovery Material"**: Any Discovery Material designated as "Confidential" or "Highly Confidential" pursuant to Paragraph IV(1) hereto.

3.      **"Counsel"** (without qualifier): Outside Counsel of Record and In-House Counsel (as well as their support staff).

4.      **"Designating Party"**: Any Producing Party that designates Discovery Material as "Confidential" or "Highly Confidential" in accordance with the terms of this Stipulated Protective Order.

5.      **"Discovery Material"**: Any information contained in documents, testimony taken at depositions or hearings and transcripts thereof, deposition exhibits, interrogatory responses, or responses to requests for admissions, and any other information or material produced, given, or exchanged in this Action, regardless of the medium or manner in which it is or was generated, stored, or maintained.

6.      **"Expert"**: A person with specialized knowledge or experience in a matter pertinent to the litigation retained by a Party or its counsel to serve as an expert witness or as a consultant in this action, and his/her support staff or other associated personnel.

7. **"Highly Confidential Discovery Material":**: Any Discovery Material designated as "Highly Confidential" pursuant to Paragraph IV(2) hereto

8. **"In-House Counsel"**: Attorneys who are employees of a Party to this action. In-House Counsel does not include Outside Counsel of Record or any other outside counsel.

9. **"Non-Party"**: Any natural person, partnership, corporation, association, or other legal entity not named as a Party to this action that is also a Designating Party.

10. **"Outside Counsel of Record"**: Attorneys who are not employees of a Party to this action but are retained to represent or advise a Party to this action and have appeared in this action on behalf of that Party or are affiliated with a law firm which has appeared on behalf of that Party.

11. **"Party"**: Any party to this action, including all of its officers, directors, employees, consultants, retained Experts, and Outside Counsel of Record (and their support staffs).

12. **"Producing Party"**: A Party or Non-Party that produces Discovery Material in this action.

13. **"Professional Vendors"**: Persons or entities that provide litigation support services (*e.g.*, photocopying, videotaping, translating, preparing exhibits or demonstrations, and processing, hosting, organizing, storing, or retrieving data in any form or medium) and their employees and subcontractors.

14. **"Protected Material"**: Any Discovery Material that is designated as "Confidential" or "Highly Confidential."

15. **"Receiving Party"**: A Party that receives Discovery Material from a Producing Party.

## III.     SCOPE OF PROTECTED INFORMATION

The protections conferred by this Stipulated Protective Order apply to Protected Material (as defined above) and: (1) any information copied or extracted from Protected Material; (2) all copies, excerpts, summaries, or compilations of Protected Material; and (3) any testimony, conversations, or presentations by Parties or their Counsel that might reveal Protected Material. However, the protections conferred by this Stipulated Protective Order do not apply to the following information: (a) any information that is in the public domain at the time of disclosure to a Receiving Party or becomes part of the public domain after its disclosure to a Receiving Party as a result of publication not involving a violation of this Stipulated Protective Order; and (b) any information known to the Receiving Party prior to the disclosure or obtained by the Receiving Party after the disclosure from a source who, to the knowledge of the Receiving Party, obtained the information lawfully and under no obligation of confidentiality to the Designating Party. Any use of Protected Material at trial shall be governed by a separate agreement or order. This Protective Order is binding upon the Parties to the Action, including any party who may join or seek to join this litigation, and including their respective corporate parents, subsidiaries, affiliates, successors and assigns, and their respective attorneys, agents, representatives, officers, employees and others as set forth in this Protective Order.

## IV.     DESIGNATING PROTECTED MATERIAL

1.     **Confidential Designations**: Any Producing Party may designate Discovery Material it produces as "Confidential" if that party believes in good faith that such Discovery Material contains or reflects information (regardless of how it is generated, stored or maintained) or tangible things that are prohibited from disclosure by statute or qualify for protection under Federal Rule of Civil Procedure 26(c), including but not limited to, information or tangible things

that constitute trade secrets, proprietary business information, competitively sensitive information, personal or business financial information, information whose disclosure could harm a third party, or other information prohibited from disclosure under applicable federal, state, or foreign data protection laws, including, without limitation, the Gramm-Leach-Bliley Act, 15 U.S.C. § 6801 et seq. (financial information), the Health Insurance Portability and Accountability Act (HIPAA) and the regulations thereunder, 45 CFR Part 160 and Subparts A and E of Part 164 (medical information), and the General Data Protection Regulation (GDPR), 2016/679 of the European Parliament and of the Council of 27 April 2016, and repealing Directive 95/46/EC (EU personal data), as well as documents containing material that the Producing Party reasonably and in good faith believes contains information identifying the former Axsome employees referenced but not named in the Amended Complaint (ECF No. 37) or Second Amended Complaint (ECF No. 76). Any documents or information containing or revealing Confidential Discovery Material shall also be considered "Confidential." Discovery Material shall not be considered "Confidential" or "Highly Confidential" if it is publicly available. For the avoidance of doubt, any Discovery Material designated as "Confidential" or "Highly Confidential" under this Order may be confidentially produced in any other litigation or proceeding, and such production shall have no effect on the of the designation of such Discovery Material in this Action.

2.    **Highly Confidential Designations**: The Producing Parties may designate as Highly Confidential any information the disclosure of which to another Party or Non-Party would create a substantial risk of serious harm that could not be avoided by less restrictive means, such as, by way of illustrative example, current business plans, highly sensitive financial or commercial information, confidential regulatory submissions and communications, trade secrets or other highly confidential research, development, or commercial information, the unrestricted disclosure

of which could be potentially highly prejudicial to the business or personal affairs of the Designating Party. Any documents or information containing or revealing Highly Confidential Discovery Material shall also be considered "Highly Confidential." Discovery Material shall not be considered "Highly Confidential" if it is publicly available. For the avoidance of doubt, any Discovery Material designated as "Highly Confidential" under this Order may be produced confidentially in any other litigation or proceeding, and such production shall have no effect on the of the designation of such Discovery Material in this Action.

3.     **Derivative Information**: All information derived from Protected Material, including but not limited to extracts, summaries, compilations and descriptions of such material, and notes, electronic images or databases containing Protected Material, shall be treated as "Confidential" or "Highly Confidential," as applicable, in accordance with the provisions of this Stipulated Protective Order to the same extent as the Discovery Material or information from which such extract, summary, compilation, description, note, electronic image, or database is made or derived.

4.     **Exercise of Reasonable Efforts in Designating Material for Protection**. Each Producing Party that designates Discovery Material as "Confidential" or "Highly Confidential" pursuant to this Stipulated Protective Order will make reasonable efforts to limit any such designation to specific material that qualifies under the appropriate standards, where reasonably feasible and commercially appropriate. If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the designation.

5.     **Manner and Timing of Designations**. Designation in conformity with this Stipulated Protective Order requires:

(a)    For information in documentary form (e.g., paper or electronic documents, but excluding transcripts of depositions or other pretrial or trial proceedings), that the Producing Party place or affix the legend "Confidential" or "Highly Confidential" to each page that contains Protected Material in a manner which will not interfere with the legibility of the document. In the case of ESI produced in native format, the Producing Party shall include the word 'Confidential" or "Highly Confidential" in the file or directory name or in a metadata field of a database load file. The Producing Party shall also affix the legend "Confidential" or "Highly Confidential" to the media containing the confidential ESI.

(b)    A Party or Non-Party that makes original documents or materials available for inspection need not designate them for protection until after the inspecting Party has indicated which material it would like copied and produced. During the inspection and before the designation, all of the material made available for inspection shall be deemed "Confidential." After the inspecting Party has identified the documents it wants copied and produced, the Producing Party must determine which documents, or portions thereof, qualify for protection under this Stipulated Protective Order. Then, before producing the specified documents, the Producing Party must affix the "Confidential" or "Highly Confidential" legend to each page that contains Protected Material.

(c)    Any Designating Party may redesignate (or withdraw a designation regarding) any Documents or Information that produced during the course of this Action ("Redesignated Material"), provided that such redesignation shall be effective only as of the date of such redesignation.  Any redesignation, or withdrawal of designations shall be accomplished by notifying counsel for each party in writing of such redesignation (or withdrawal).  Upon receipt of any such notice, counsel of record shall:  (a) not make any further disclosure or communication of

such Redesignated Material except as provided for in this Protective Order; (b) take reasonable steps to notify any persons known to have possession of any Redesignated Material of the effect of such redesignation under this Protective Order; and (c) promptly endeavor to retrieve all copies of such Redesignated Material from any persons known to have possession of any such Redesignated Material who are not entitled to receipt under this Protective Order.  The Parties specifically reserve the right to withdraw any designation on any document or information they designated in this litigation.

(d)    Parties or testifying persons or entities may designate all or portions of depositions and other pre-trial testimony "Confidential" or "Highly Confidential" by counsel indicating on the record at the time the testimony is given or by sending written notice of which portions of the transcript of the testimony is designated within thirty (30) days of receipt of the final transcript of the testimony. All depositions shall be treated in their entirety as Highly Confidential for a period of thirty (30) days after receipt of the transcript of the testimony. Any designated Discovery Material that is used in the taking of a deposition shall remain subject to the provisions of this Stipulated Protective Order, along with the transcript pages of the deposition testimony dealing with such Discovery Material. In such cases the court reporter shall be informed of this Stipulated Protective Order. In the event the deposition is videotaped, the original and all copies of the videotape shall be marked by the video technician to indicate that the contents of the videotape are subject to this Stipulated Protective Order, substantially along the lines of: "This videotape contains confidential testimony used in this case and is not to be viewed or the contents thereof to be displayed or revealed except by order of the Court, or pursuant to written stipulation of the parties."

(e)     For information produced in some form other than documentary and for any other tangible items, that the Producing Party place or affix in a prominent place on the exterior of the container or containers in which the information or item is stored the legend "Confidential" or "Highly Confidential." If only a portion or portions of the information or item(s) warrant protection, the Producing Party, to the extent practicable, shall identify the protected portion(s).

(f)     For information set forth in an answer to an interrogatory or response to a request for admission may be so designated by including the word "Confidential" or "Highly Confidential" in the answer or response.

6.     **Inadvertent Failures to Designate**. If timely corrected, an inadvertent failure to designate Discovery Material "Confidential" or "Highly Confidential" does not waive or alter the Designating Party's right to secure protection under this Stipulated Protective Order for such material provided that the Producing Party notifies the Receiving Party, in writing, within a reasonable time after becoming aware that the Discovery Material was not properly designated. Such Discovery Material shall be subject to this Stipulated Protective Order as if it had been initially so designated. Treatment of inadvertently produced "Confidential" or "Highly Confidential" material in a manner inconsistent with this Stipulated Protective Order prior to notice of such inadvertent production is not a breach of this Stipulated Protective Order. If, prior to receiving such notice, the Receiving Party has disclosed the Discovery Material to persons or entities not authorized to receive it hereunder, it shall make a reasonable effort to retrieve the Discovery Material or to otherwise assure that the recipient(s) maintain the confidentiality of the Discovery Material.

## V.    CHALLENGING CONFIDENTIALITY DESIGNATIONS

1.    **Timing of Challenges**. Any Party or Non-Party may challenge a designation of confidentiality at any time. Unless a prompt challenge to a Designating Party's confidentiality designation is necessary to avoid foreseeable, substantial unfairness, significant unnecessary economic burdens, or a significant disruption or delay of the litigation, a Party or Non-Party does not waive its right to challenge a confidentiality designation by not asserting a challenge promptly after the original designation is disclosed.

2.    **Meet and Confer**. The Challenging Party shall initiate the dispute resolution process by providing written notice of each specific document (by Bates number) that it is challenging and describing the basis for the challenge as to each document, except that the Challenging Party need not provide notice of every document containing the same challenged information. The Designating Party shall thereafter, within ten (10) business days, respond to such objection in writing by either: (a) agreeing to remove, revise, or add the designation pursuant to the Objecting Party's request; or (b) stating the reason why the designation (or decision not to designate) was made.  If the Objecting Party and the Designating Party are subsequently unable to agree upon the terms and conditions of disclosure for the Documents or Information in issue, the parties shall attempt to resolve each challenge in good faith and shall begin the process by conferring by telephone or in person. In conferring, the Challenging Party shall explain the basis for its belief that the confidentiality designation was improper and shall give the Designating Party an opportunity to review the designated material, to reconsider the circumstances, and, if no change in designation is offered, to explain the basis for the chosen designation. The Designating Party shall, within three (3) business days of the conferral, state definitively whether it will agree to change the designation. A Challenging Party may proceed to the next stage of the challenge process

only if it has engaged in this meet and confer process first or establishes that the Designating Party is unwilling to participate in the meet and confer process in a timely manner.

       3.    **Judicial Intervention**. If the Parties and/or any Non-Party cannot resolve a challenge without court intervention, the Parties and/or Non-Party shall request a conference with the Court as directed by the Court's Individual Rules and Procedures for Civil Cases III.A.1 and III.C.3.

       4.    **Burden of Persuasion**. The burden of persuasion in any such challenge proceeding is as provided by applicable law. All parties shall continue to afford the material in question the level of protection to which it is entitled under the Producing Party's designation until the Court rules that the Discovery Material should no longer be designated "Confidential" or "Highly Confidential", or the party who designated the documents withdraws such designation in writing.

## VI.  ACCESS TO AND USE OF PROTECTED MATERIAL

       1.    **Disclosure of "Confidential" Discovery Material**. Where a Party has designated Discovery Material as Confidential, other persons subject to this Order may disclose such information only to the following persons:

         (a)    the Parties, their officers, directors, and employees, including in-house counsel, as outside counsel for that party deem necessary for the sole purpose of assisting in this Action;

         (b)    the Parties' insurers (including reinsurers), and Counsel to their insurers;

         (c)    Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such Outside Counsel of Record employs and assigns to this matter;

         (d)    Professional Vendors or service providers (such as copy-service providers

and document-management consultants) that Counsel hire and assign to this matter;

(e)      any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(f)      as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

(g)      any witness who Counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A ("Acknowledgment and Agreement to Be Bound") or the provisions of VI.3. hereof have been followed;

(h)      any person a Party retains to serve as an expert witness or otherwise provide specialized advice to Counsel in connection with this action, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A;

(i)      stenographers engaged to transcribe depositions the Parties conduct in this action;

(j)      this Court, including any appellate court, its support personnel, and court reporters; and

(k)      any other person agreed to by the Parties in writing.

2.      **Disclosure of "Highly Confidential" Discovery Material**. Where a Party has designated Discovery Material as Highly Confidential, other persons subject to this Order may

disclose such information only to the following persons:

(a)   Counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such Outside Counsel of Record employs and assigns to this matter;

(b)   Defendants' insurers (including reinsurers) and Counsel to their insurers, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A;

(c)   Professional Vendors or service providers (such as copy-service providers and document-management consultants) that Counsel hire and assign to this matter;

(d)   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints;

(e)   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A or as to whom the provisions of VI(3) hereof have been followed;

(f)   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to Counsel in connection with this action, provided such person has first executed an undertaking to be bound by this Stipulated Protective Order in the form attached hereto as Exhibit A;

(g)   stenographers engaged to transcribe depositions the Parties conduct in this action;

      (h)     this Court, including any appellate court, its support personnel, and court reporters; and

      (i)     any other person agreed to by the Parties in writing.

     **3.**     **Refusal of a Deponent to Sign Exhibit A.**  If: (a) a Party seeking deposition testimony from a deponent, other than the deposition of a Party or a current employee of a Party, provides notice to all parties no less than sixty (60) days prior to the date of such deposition; and (b) the deponent has not signed Exhibit A within two weeks after notice of the deposition is provided to the Designating Party; then, the Designating Party shall promptly file motion(s) for an appropriate protective order protecting the confidentiality of Confidential Discovery Material designated "Confidential" or "Highly Confidential." At any time during the pendency of such motion(s),  the Party seeking the deposition may present the Designating Party with a list of documents and information such party seeks to present to the deponent, in which case the Designating Party shall within seven (7) of such notice either agree to a limited waiver of the confidentiality protections provided herein or explain with particularity why such a waiver would harm its or a third-party's interests.

     **4.**     Notwithstanding the above, a Party seeking testimony may at any time petition the Court for relief from this Order to show specific documents to a witness who refuses to sign Exhibit

     **5.**     Notwithstanding any other provisions hereof, nothing in the foregoing shall restrict any Party's counsel from rendering advice to its clients with respect to this Action, and in the course thereof, relying upon Confidential Information or Highly Confidential Information, provided that in rendering such advice, outside counsel shall not disclose any Confidential Information or Highly Confidential Information other than as permitted by this Protective Order.

{00663806;10 }

## VII.    PROTECTED MATERIAL SUBPOENAED OR ORDERED PRODUCED IN OTHER LITIGATION

1.      If a Party having possession, custody or control of any Protected Material receives a subpoena, order or other request from a court, administrative or legislative body, or any other person or entity purporting to have authority to require the production of any Protected Material, but excluding requests made in connection with an inquiry by a non-regulatory authority, that Party must, to the extent permissible by applicable law and the rules and requirements of any relevant regulatory authority:

(a) promptly, and, in any event, within five (5) business days of such request, notify in writing the Designating Party;

(b) promptly notify in writing the person who caused the subpoena or order to issue in the other litigation that some or all of the material covered by the subpoena or order is subject to this Stipulated Protective Order. Such notification shall include a copy of this Stipulated Protective Order; and

(c) cooperate with respect to all reasonable procedures sought to be pursued by the Designating Party whose Protected Material may be affected.

2.      If the Designating Party timely seeks a protective order, the Party served with the subpoena or court order shall not produce any information designated in this action as "Confidential" or "Highly Confidential" before a determination by the court from which the subpoena or order issued, unless the Party has obtained the Designating Party's permission or unless a court orders otherwise. The Designating Party shall bear the burden and expense of seeking protection in that court of its confidential material and nothing in these provisions should be construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful directive from another court.

{00663806;10 }

## VIII.    A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE PRODUCED IN THIS LITIGATION

1.     The terms of this Stipulated Protective Order also are applicable to information produced and designated as "Confidential" or "Highly Confidential" by a Non-Party in this action. Such information produced by Non-Parties in connection with this litigation is protected by the remedies and relief provided by this Stipulated Protective Order. Nothing in these provisions should be construed as prohibiting a Non-Party from seeking additional protections.

2.     In the event that a Party is required, by a valid discovery request, to produce a Non-Party's confidential information in its possession, and the Party is subject to an agreement with the Non-Party not to produce the Non-Party's confidential information, then the Party shall: (a) within fourteen (14) days of service of such discovery request, notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party; (b) promptly provide the Non-Party with a copy of the Stipulated Protective order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and (c) make the information requested available for inspection by the Non-Party.

3.     If the Non-Party consents to production of the requested information within fourteen (14) days of receiving the notice and accompanying information or fails to object or seek a protective order from this Court within fourteen (14) days of receiving the notice and accompanying information, the Producing Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Producing Party shall not produce any information in its custody, possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court or

a court orders otherwise. Absent a court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this court of its Protected Material.

4.      For the avoidance of doubt, the provisions of Section IX do not prevent all Parties from promptly providing all documents produced in this action by any Non-Party pursuant to subpoena duces tecum to all other Parties in accordance with their obligations under the Federal Rules. For further clarity, all Parties are required to produce all Non-Party productions that they receive to all other Parties. No provisions in this Stipulated Protective Order prevents the exchange of production from Non-Parties.

## IX.    UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL

If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Protected Material to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately: (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Stipulated Protective Order; and (d) request such person or persons to execute the "Acknowledgment and Agreement to Be Bound" that is attached hereto as Exhibit A.

## X.    INADVERTENT PRODUCTION OF PRIVILEGED MATERIAL OR ATTORNEY WORK-PRODUCT

1.      The parties agree that this Stipulated Protective Order is an Order entered under Rule 502(d) of the Federal Rules of Evidence, in accordance with Rule II.A.2 of the Court's Individual Rules and Procedures for Civil Cases, and thus if information subject to a claim of attorney-client privilege or attorney work product is nevertheless inadvertently produced, such production shall in no way prejudice or otherwise constitute a waiver of, or estoppel as to, any

claim of privilege, work product, or any other applicable privilege for withholding production. The non-waiver of such privileges or protections shall apply to this action (including any appeal of this action), as well as to any other federal or state proceeding. Upon becoming aware of its inadvertent production of protected materials (hereinafter referred to as the "Identified Materials"), the Producing Party must promptly notify the Receiving Party of the Identified Materials and its intention to claw back those Identified Materials as soon as practical after the Producing Party first becomes aware of the Identified Materials.

2.      If the Producing Party notifies the Receiving Party of the production of Identified Materials as provided in Section X(1) hereof, the Identified Materials and all copies of those materials shall be returned to the Producing Party, segregated, destroyed, or deleted within five (5) business days.

3.      The Identified Materials shall be deleted from any systems used to house the documents, including document review databases, e-rooms and any other location that stores the documents.

4.      The contents of the Identified Materials shall not be disclosed to anyone who was not already aware of the contents of them before the notice was made.

5.      If any Receiving Party is in receipt of a document from a Producing Party which the Receiving Party has reason to believe is privileged, the Receiving Party shall in good faith take reasonable steps to promptly notify the Producing Party of the production of that document so that the Producing Party may make a determination of whether it wishes to have the documents treated as described in Paragraph X(2) above.

6.      The stipulated agreement set forth in this Section does not constitute a concession by any party that any documents are subject to protection by the attorney-client privilege, the

attorney work product doctrine or any other potentially applicable privilege, doctrine or immunity. This agreement also is not intended to waive or limit in any way either Party's right to contest any privilege claims that may be asserted with respect to any of the documents produced except to the extent stated in the agreement.

7.　　In the event of a dispute as to the Producing Party's claim of privilege, the Receiving Party shall first meet and confer with the Producing Party in an effort to resolve the disagreement. If the Parties are unable to resolve their disagreement within thirty (30) days, the Receiving Party may present the Privileged Material to the Court under seal for a determination of the claim. Nothing in this Section will modify any obligation a Party otherwise has with respect to production of Privileged Material under the law or applicable ethical rules.

8.　　The party returning the Identified Materials may move the Court for an order compelling production of some or all of the material returned or destroyed, but the basis for such a motion may not be the fact or circumstances of the production in this action, unless the Producing Party fails to promptly notify the Receiving Party of the Identified Materials as provided in Section X(1) hereof after discovery of their production.

## XI.　FINAL DISPOSITION

The provisions of this Stipulated Protective Order shall, absent written permission of the Producing Party or order of the Court, continue to be binding throughout and after the conclusion of the Action. Within sixty (60) days after receiving notice of entry of an order, judgment or decree finally ending the Action, including without limitation any appeals therefrom, or the running of time to take such an appeal, if later, all persons having received Protected Material shall make reasonable efforts to identify and destroy all such Protected Material, including all copies thereof and material derived therefrom, or upon request of the Producing Party, return such materials to

the Producing Party or their counsel. Notwithstanding anything to the contrary in this Stipulated Protective Order, Outside Counsel of Record for the Parties shall be entitled to retain copies of all pleadings, court papers, transcripts, correspondence, exhibits, memoranda, attorney work product and expert or consultant work product, regardless of whether such materials contain, reference or constitute Protected Material, provided that such Outside Counsel of Record shall maintain the confidentiality thereof pursuant to the terms of this Stipulated Protective Order.

## XII.    MISCELLANEOUS

1.    **Right to Further Relief**. Nothing in this Stipulated Protective Order abridges the right of any person to seek its modification by the Court in the future.

2.    **Right to Assert Other Objections**. By stipulating to the entry of this Order no Party or Non-Party waives any right it otherwise would have to object to disclosing or producing any information or item on any ground not addressed in this Stipulated Protective Order. Similarly, no Party or Non-Party waives any right to object on any ground to use in evidence of any of the material covered by this Stipulated Protective Order.

3.    **Filing Protected Material**. Without written permission from the Designating Party or a court order secured after appropriate notice to all interested persons, a Party may not file in the public record in this action any Protected Material. A Party that seeks to file under seal any Protected Material must comply with the Court's Individual Rules and Procedures for Civil Cases, specifically Rule I.D. ("Redactions and Filing Under Seal") and with Local Rule 26.2.

4.    **Survival**. This Order will survive the termination of the litigation and will continue to be binding upon all persons subject to this Order to whom Protected Material is produced or disclosed.

5.      **Continuing Jurisdiction**. This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

6.      **Relevance**. Producing Parties may not redact any portion(s) of any document solely on the grounds that such portion(s) are, in the Producing Party's judgment, not relevant.

7.      **Provisions Required by the Court's Rules.** The parties acknowledge that the Court retains discretion as to whether, in Orders and Opinions, to afford confidential treatment to information that the parties have redacted, sealed or designated as confidential.

   **SO ORDERED.**

Dated: _____

_____
**HON. LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

Dated: May 30, 2025                                    Respectfully submitted,

Counsel for the Parties:

**POMERANTZ LLP**                                     **MORGAN, LEWIS & BOCKIUS LLP**

/s/ Michael Grunfeld                                 /s/ Emily E. Renshaw
Jeremy A. Lieberman                                  Michael L. Kichline (*pro hac vice*)
Michael Grunfeld                                     1701 Market Street
Brandon Cordovi                                      Philadelphia, PA 19103
600 Third Avenue, 20th Floor                         Tel: (215) 963-5000
New York, New York 10016                             michael.kichline@morganlewis.com
Telephone: (212) 661-1100
Facsimile: (212) 661-8665                            Emily E. Renshaw
jalieberman@pomlaw.com                               101 Park Avenue
mgrunfeld@pomlaw.com                                 New York, NY 10178-0060
bcordovi@pomlaw.com                                  Tel: (212) 309-6000
                                                     emily.renshaw@morganlewis.com
**THE ROSEN LAW FIRM, P.A.**
Jacob Goldberg                                       Matthew C. McDonough (*pro hac vice*)
101 Greenwood Avenue, Suite 440                      Michael A. Hacker
Jenkintown, PA 19046                                 One Federal Street
Telephone: 215-600-2817                              Boston, MA 02110
Facsimile: (212) 202-3827                            Tel: (617) 341-7700
jgoldberg@rosenlegal.com                             matthew.mcdonough@morganlewis.com
                                                     michael.hacker@morganlewis.com
Erica Stone
275 Madison Avenue, 40th Floor                       *Counsel for Defendants Axsome Therapeutics,*
New York, New York 10016                             *Inc., Herriot Tabuteau, and Mark Jacobson*
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
estone@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Thomas Giblin*

**PASKOWITZ LAW FIRM P.C.**

Laurence D. Paskowitz (LP-7324)
97-45 Queens Boulevard
Suite 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
lpaskowitz@pasklaw.com

*Additional Counsel for Lead Plaintiff Paul Berger,*
*for himself and as sole trustee of the Paul Berger*
*Revocable Trust*

# EXHIBIT A

to Stipulated Confidentiality Agreement and Protective Order

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Civil Action No.: 1:22-cv-3925-LGS <br><br> Hon. Lorna G. Schofield <br><br> <u>CLASS ACTION</u> <br><br> **ACKNOWLEDGMENT AND AGREEMENT TO BE BOUND BY PROTECTIVE ORDER** |

I,_____, acknowledge that I have read and understand the Protective Order in this action governing the non-disclosure of those portions of Discovery Material that have been designated as Confidential. I agree that I will not disclose such Confidential or Highly Confidential Discovery Material to anyone other than for purposes of this litigation and that at the conclusion of the litigation I will return all discovery information to the Party or attorney from whom I received it. By acknowledging these obligations under the Protective Order, I understand that I am submitting myself to the jurisdiction of the United States District Court for the Southern District of New York for the purpose of any issue or dispute arising hereunder and that my willful violation of any term of the Protective Order could subject me to punishment for contempt of Court.

_____

Name:

Date: