## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No. 1:22-cv-3925-LGS |

## ANSWER OF DEFENDANTS AXSOME THERAPEUTICS, INC., HERRIOT TABUTEAU, AND MARK JACOBSON TO THE SECOND AMENDED CLASS ACTION COMPLAINT

Defendants Axsome Therapeutics, Inc. ("Axsome" or "the Company"), Herriot Tabuteau, and Mark Jacobson (collectively, "Defendants") provide the following Answer, and assert the below Specific Defenses, to Lead Plaintiffs' Second Amended Class Action Complaint (ECF No. 76) (the "Second Amended Complaint").[1]  Except as expressly admitted herein, Defendants deny all allegations in this Second Amended Complaint.

1.      Paragraph 1 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 1.

2.      Defendants admit that Axsome is a New York-based biopharmaceutical company that develops novel therapies for central nervous system issues.  Defendants admit that Axsome made SEC filing(s) from which Paragraph 2 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Paragraph 2 also purports to characterize publicly available information concerning the price of Axsome's common stock, which information speaks for itself.  Footnotes 1 and 2 of Paragraph 2 purport to state legal conclusions to which no response is required.  Defendants deny any remaining allegations in Paragraph 2.

---

[1] Lead Plaintiffs' claims against Nick Pizzie, Kevin Laliberte, and Cedric O'Gorman were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).  Accordingly, Mr. Pizzie, Dr. Laliberte, and Dr. O'Gorman have no obligation to answer the Second Amended Class Action Complaint and this Answer is not submitted on their behalf.

3. Defendants admit that AXS-07 (which is now FDA approved and marketed as Symbravo®) is one of Axsome's products from its CNS portfolio. Defendants admit that part of an NDA includes a section on the drug's chemistry, manufacturing, and controls. Defendants admit that Axsome made SEC filing(s) from which Paragraph 3 appears to characterize and quote from characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Further answering, Paragraph 3 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 3.

4. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "clinical trial personnel" made the statements attributed to them and, on that basis, deny those allegations. Defendants deny any remaining allegations in Paragraph 4.

5. Paragraph 5 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 5.

6. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "clinical trial personnel" made the statements attributed to them and, on that basis, deny those allegations. Defendants deny any remaining allegations in Paragraph 6.

7. Paragraph 7 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 7.

8. Defendants admit that Axsome submitted to the FDA its NDA for AXS-07 in June 2021. Defendants deny any remaining allegations in Paragraph 8.

9. Paragraph 9 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 9.

10. Paragraph 10 purports to characterize publicly available information concerning the price of Axsome's common stock, which information speaks for itself. Paragraph 10 also purports

to state legal conclusions to which no response is required.  Defendants deny any remaining allegations in Paragraph 10.

11.     Paragraph 11 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 11.

12.     Paragraph 12 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 12.

13.     Defendants admit that Axsome is headquartered in this Judicial District and that Defendants conduct business in this Judicial District.  Paragraph 13 also purports to state legal conclusions to which no response is required.  Defendants deny any remaining allegations in Paragraph 13.

14.     Paragraph 14 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 14.

15.     Denied.

16.     Denied.

17.     Denied.

18.     Defendants admit that Axsome is a Delaware corporation.  Defendants admit that Axsome formerly maintained its corporate headquarters at 22 Cortlandt Street, 16th Floor, New York, New York 10007.  Further answering, Defendants state that Axsome presently maintains its corporate headquarters at One World Trade Center, New York, NY 10007.  Defendants admit that Axsome's common stock trades on the Nasdaq under the symbol "AXSM."  Defendants admit that:  as of March 6, 2020, Axsome had 45 full-time employees; as of February 22, 2021, Axsome had 60 full-time employees; and, as of February 22, 2022, Axsome had 108 full-time employees.

Paragraph 18 also purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 18.

19.    Admitted.

20.    Admitted.

21.    Admitted.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

22.    Admitted.  Further answering, Lead Plaintiffs' claims against Mr. Pizzie were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

23.    Admitted that Dr. O'Gorman served as Axsome's Senior Vice President of Clinical Development and Medical Affairs beginning in September 2017.  Further answering, Dr. O'Gorman served in that role through December 27, 2020 and then served as Senior Vice President, Medical Affairs from December 28, 2020 through August 2021.  Further answering, Lead Plaintiffs' claims against Dr. O'Gorman were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

24.    Paragraph 24 purports to state legal conclusions to which no response is required. Further answering, Lead Plaintiffs' claims against Mr. Pizzie, Dr. Laliberte, and Dr. O'Gorman were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).  Defendants deny any remaining allegations in Paragraph 24.

25.    Paragraph 25 does not require a response; the Second Amended Complaint speaks for itself.

26.    Admitted.

27.    Admitted that AXS-05 and AXS-07 are among Axsome's CNS portfolio. Defendants deny any remaining allegations in Paragraph 27.

28.     Admitted that AXS-07 is a novel, oral, rapidly absorbed, and multi-mechanistic medicine for the acute treatment of migraine and that Axsome described AXS-07 as part of its "core CNS portfolio." Admitted that AXS-05 is a treatment of major depressive disorder. Further answering, AXS-07 is no longer an investigational medicine; it was approved by the FDA and is marketed as Symbravo®. Defendants deny any remaining allegations in Paragraph 28.

29.     Admitted that AXS-05 and AXS-07 are the first two products for which Axsome submitted NDAs to the FDA. Defendants deny any remaining allegations in Paragraph 29.

30.     Admitted that Axsome sought FDA approval for AXS-07 and AXS-05 under Section 505(b)(2) of the Federal Food, Drug, and Cosmetic Act. The remainder of Paragraph 30 purports to quote that act and, accordingly, is a legal conclusion to which no response is required.

31.     Paragraph 31 purports to quote from and characterize publicly available analyst reports. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 31.

32.     Defendants admit that Axsome made SEC filing(s) which Paragraph 32 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 32.

33.     Defendants admit that Axsome made SEC filing(s) which Paragraph 33 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Paragraph 33 also purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 33.

34.     Defendants admit that Axsome made SEC filing(s) which Paragraph 34 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 34.

35.     Defendants admit that Axsome made SEC filing(s) which Paragraph 35 and footnote 3 appear to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 35.

36.     Defendants admit that Axsome and the FDA reached an agreement for Axsome's planned MOMENTUM Phase 3 trial for AXS-07 in or about February 2019.  Defendants further admit that Axsome made SEC filing(s) which Paragraph 36 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 36.

37.     Denied.

38.     Defendants admit that Axsome initiated the MOMENTUM study in March 2019 and that, on December 30, 2019, Axsome announced that AXS-07 had met its two regulatory co-primary endpoints in the MOMENTUM study.  Defendants further admit that Axsome made SEC filing(s) which Paragraph 38 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.   Further answering, Paragraph 38 also purports to state legal conclusions to which no response is required.  Defendants deny any remaining allegations in Paragraph 38.

39.     Defendants admit that Axsome made SEC filing(s) which Paragraph 39 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 39.

40.     Defendants admit that Axsome made SEC filing(s) which Paragraph 40 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 40.

41.    Defendants admit that Axsome made SEC filing(s) which Paragraph 41 appears to characterize.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 41.

42.    Defendants admit that Axsome conducted a Phase 3 trial on AXS-07 called INTERCEPT, which Axsome initiated in October 2019.  Defendants further admit that Axsome made SEC filing(s) which Paragraph 42 appears to characterize.  Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 41.

43.    Defendants admit that Axsome made SEC filing(s) which Paragraph 43 appears to characterize.  Those documents speak for themselves and are the best evidence of their contents.  Paragraph 41 also purports to state legal conclusions to which no response is required.  Defendants deny any remaining allegations in Paragraph 41.

44.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 44 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 44.

45.    Defendants admit that Axsome made SEC filing(s) which Paragraph 45 appears to characterize.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 45.

46.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 46 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 46.

47.    Defendants admit that Axsome made SEC filing(s) which Paragraph 47 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of

their contents.  Paragraph 47 also purports to state legal conclusions to which no response is required.  Defendants deny any remaining allegations in Paragraph 47.

48.     Defendants admit that Axsome made SEC filing(s) which Paragraph 48 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 48.

49.     Defendants admit that Axsome made SEC filing(s) which Paragraph 49 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 49.

50.     Defendants admit that Axsome submitted the NDA for AXS-07 in June 2021. Defendants further admit that Axsome made SEC filing(s) which Paragraph 50 appears to characterize.  Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 50.

51.     Defendants admit that Axsome made SEC filing(s) which Paragraph 51 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Footnote 4 also purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 51.

52.     Defendants admit that Axsome made SEC filing(s) which Paragraph 52 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 52.

53.     Defendants admit that Axsome made SEC filing(s) which Paragraph 53 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 53.

54.     Paragraph 54 purports to summarize Axsome's publicly available share prices, which speak for themselves.  Defendants deny any remaining allegations in Paragraph 54.

55.     Paragraph 55 purports to quote from and characterize a publicly available analyst report.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 55.

56.     Denied.

57.     Denied.

58.     Defendants admit that Axsome made SEC filing(s) which Paragraph 58 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Further answering, AXS-07 has since been approved by the FDA and is marketed as Symbravo®.  Defendants deny any remaining allegations in Paragraph 58.

59.     Paragraph 59 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 59.

60.     Paragraph 60 purports to quote from and characterize a publicly available third-party website.  That website speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 60.

61.     Paragraph 61 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 61.

62.     Paragraph 62 purports to quote from and characterize a publicly available conference call transcript.  The document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 62.

63.    Paragraph 63 purports to quote from and characterize a publicly available conference call transcript. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 63.

64.    Paragraph 64 purports to quote from and characterize a publicly available conference call transcript. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 64.

65.    Paragraph 65 purports to quote from and characterize a publicly available conference call transcript. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 65.

66.    Paragraph 66 purports to quote from and characterize a publicly available conference call transcript. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 66.

67.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations. Defendants deny any remaining allegations in Paragraph 67.

68.    Defendants lack sufficient knowledge or information to form a belief as to the truth of these allegations concerning  unidentified "Confidential Witness 1"  and, on that basis, deny them.

69.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations. Defendants deny any remaining allegations in Paragraph 69.

70.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 70.

71.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 71.

72.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 72.

73.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 73.

74.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 74.

75.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him

or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 75.

76.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 76.

77.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 77.

78.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 78.

79.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 79.

80.     Denied.

81.     Paragraph 81 purports to quote from and characterize a publicly available conference call transcript.  That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 81.

82.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 82.

83.     Denied.

84.     Denied.

85.     Paragraph 85 purports to quote from and characterize a publicly available conference call transcript and publicly available SEC filing(s).  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 85.

86.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Paragraph 86 also purports to quote from and characterize a publicly available conference call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 86.

87.     Defendants admit that Axsome made SEC filing(s) which Paragraph 87 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 87.

88.     Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Paragraph 88 and footnote 6 purport to characterize and quote from a publicly available analyst report.  That document speaks for itself

and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 88.

89.      Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations. Defendants deny any remaining allegations in Paragraph 89.

90.      Defendants admit that Axsome made SEC filing(s)which Paragraph 90 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 90.

91.      Paragraph 91 and footnote 7 purport to characterize and quote from a publicly available earnings call transcript and "ICH guidelines." Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 91.

92.      Paragraph 92 and footnote 8 purports to characterize and quote from publicly available earnings call transcript and a publicly available SEC filing. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 92.

93.      Defendants admit that Axsome made SEC filing(s) from which Paragraph 93 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 93.

94.      Defendants admit that Axsome made SEC filing(s) from which Paragraph 94 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 94.

95.     Defendants admit that Axsome made SEC filing(s) from which Paragraph 95 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 95.

96.     Defendants admit that Axsome made SEC filing(s) from which Paragraph 96 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants admit that Dr. Tabuteau and Mr. Pizzie signed the 2019 10-K.  Defendants deny any remaining allegations in Paragraph 96.

97.     Defendants admit that Axsome made SEC filing(s) from which Paragraph 97 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 97.

98.     Defendants admit that Axsome made SEC filing(s) from which Paragraph 98 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 98.

99.     Paragraph 98 purports to summarize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 99.

100.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 100 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 100.

101.    Paragraph 101 purports to summarize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 101.

102.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 102 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 102.

103.    Paragraph 103 purports to characterize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 103.

104.    Paragraph 104 purports to characterize and quote from an earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 104.

105.    Paragraph 105 purports to characterize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 105.

106.    Paragraph 106 purports to characterize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 106.

107.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 107 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 107.

108.    Paragraph 108 purports to characterize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 108.

109.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 109 appears to characterize and quote from.  Those documents speak for themselves and are the best

evidence of their contents.   Further answering, Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations. Defendants deny any remaining allegations in Paragraph 109.

110.    Defendants admit that Axsome made SEC filing(s) which Paragraph 110 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Further answering, Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 110.

111.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 111.

112.    Denied.

113.    Paragraph 113 purports to characterize and quote from a publicly available analyst report.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 113.

114.    Paragraph 114 purports to characterize and quote from a publicly available analyst report.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 114.

115.    Paragraph 115 purports to characterize and quote from a publicly available analyst report. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 115.

116.    Paragraph 116 purports to characterize and quote from a publicly available analyst report. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 116.

117.    Defendants admit that Axsome made SEC filing(s) which Paragraph 117 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 117.

118.    Defendants admit that Axsome made SEC filing(s) which Paragraph 118 and footnote 10 appear to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 118 and footnote 10.

119.    Defendants admit that Axsome made SEC filing(s) which Paragraph 119 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants admit the remaining allegations in Paragraph 119.

120.    Defendants admit that Axsome made SEC filing(s) which Paragraph 120 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 120.

121.    Defendants admit that Axsome made SEC filing(s) which Paragraph 121 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Footnote 11 purports to characterize and quote from an unidentified source and, accordingly, Defendants lack sufficient knowledge or information to form a belief as to the truth

of the allegation and, on that basis, deny those allegations  Defendants deny any remaining allegations in Paragraph 121.

122.    Paragraph 122 purports to quote from a publicly available earnings call transcript. That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 122.

123.    Paragraph 123 purports to characterize and quote from a publicly available analyst report.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 123.

124.    Admitted.

125.    Paragraph 125 purports to characterize publicly available SEC filing(s) and/or earnings call transcripts.  Those documents speak for themselves and are the best evidence of their contents.  Defendants admit that, as of August 2021, "AXS-07 was the Company's only other product to have an NDA submitted."  Defendants deny any remaining allegations in Paragraph 125.

126.    Defendants admit that Axsome made SEC filing(s) which Paragraph 126 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 126.

127.    Defendants admit that Axsome made SEC filing(s) which Paragraph 127 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 127.

128.    Defendants admit that Axsome hosted a conference call on May 10, 2021 and that Dr. Tabuteau, Mr. Jacobson, Mr. Pizzie, and Dr. O'Gorman attended the call.  Paragraph 128 purports to summarize a publicly available earnings call transcript.  That document speaks for

itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 128.

129.    Denied.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

130.    Defendants admit that on May 10, 2021, Axsome filed its Form 10-Q for the first quarter of 2021, and that Dr. Tabuteau signed that 10-Q and the SOX certifications therein.  Further answering, Paragraph 130 purports to characterize and quote from a publicly available SEC filing.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 130.  Further answering, Lead Plaintiffs' claims against Mr. Pizzie were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

131.    Paragraph 131 purports to characterize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 131.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

132.    Defendants admit that Axsome made SEC filing(s) which Paragraph 132 and footnote 12 appear to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 132.

133.    Denied.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

134.    Defendants admit that Axsome hosted a conference call on August 9, 2021 and that Dr. Tabuteau and Mr. Jacobson attended the call.  Paragraph 134 purports to characterize and quote

from a publicly available earnings call transcript. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 134.

135.    Denied. Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

136.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 136 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 136. Further answering, Lead Plaintiffs' claims against Mr. Pizzie were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

137.    Paragraph 137 purports to characterize and quote from a publicly available earnings call transcript. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 137. Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

138.    Paragraph 138 purports to characterize and quote from publicly available SEC filing(s). Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 138.

139.    Denied. Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

140.    Defendants admit that Axsome made SEC filing(s) which Paragraph 140 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 140.

141.    Denied.   Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

142.    Defendants admit that Axsome made SEC filing(s) which Paragraph 142 appears to characterize and quote from.   Paragraph 142 also appears to characterize and quote from a publicly available earnings call transcript.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 142.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

143.    Paragraph 143 purports to characterize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 143.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

144.    Denied.   Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

145.    Defendants admit that on November 8, 2021, Axsome filed a quarterly report on Form 10-Q with the SEC, reporting Axsome's financial and operating results for the quarter ended September 30, 2021, which was signed by and contained a SOX certification of, Dr. Tabuteau and Mr. Pizzie.  Further answering, all claims against Mr. Pizzie have been dismissed.

146.    Defendants admit that Axsome made SEC filing(s) which Paragraph 146 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 146.

147.    Paragraph 147 purports to summarize and quote from a publicly available earnings call transcript.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 147.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

148.    Defendants admit that Axsome made SEC filing(s) which Paragraph 148 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 148.

149.    Denied.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

150.    Defendants admit that on March 1, 2022, Axsome filed with the SEC a press release on Form 8-K, which was signed by Dr. Tabuteau.  filing(s)That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 150.

151.    Denied.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

152.    Defendants admit that on March 1, 2022, Axsome filed with the SEC an annual report on Form 10-K, reporting Axsome's financial and operating results for the quarter and year ended December 31, 2021, which was signed by, and contained a SOX certification of, Dr. Tabuteau and Mr. Pizzie.  Further answering, Lead Plaintiffs' claims against Mr. Pizzie were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

153.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 153 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 153.

154.    Denied.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

155.    Defendants admit that Axsome made SEC filing(s) which Paragraph 155 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 155.

156.    Denied.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

157.    Paragraph 157 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 157.

158.    Paragraph 158 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 158.

159.    Paragraph 159 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 159.

160.    Denied.

161.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 161 appears to characterize and quote from.  Those documents speak for themselves and are the best evidence of their contents.  Defendants deny any remaining allegations in Paragraph 161.

162.    Paragraph 162 purports to characterize publicly available information concerning the price and trading volume of Axsome's common stock, which information speaks for itself. Defendants deny any remaining allegations in Paragraph 162.

163.    Denied.

164.    Paragraph 164 purports to quote from and summarize a publicly available analyst report. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in paragraph 164.

165.    Paragraph 165 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 165.

166.    Paragraph 166 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 166.

167.    Denied.  Further answering, Lead Plaintiffs' claims against Mr. Pizzie were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

168.    Defendants admit that Axsome made SEC filing(s) from which Paragraph 168 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny the remaining allegations in Paragraph 168.

169.    Paragraph 169 purports to characterize a publicly available earnings call transcript. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 169.

170.    Paragraph 170 purports to summarize a publicly available earnings call transcript. That document speaks for itself and is the best evidence of its contents. Defendants deny any remaining allegations in Paragraph 170.

171.    Defendants admit that Axsome made SEC filing(s) which Paragraph 171 appears to characterize and quote from. Those documents speak for themselves and are the best evidence of their contents. Defendants deny any remaining allegations in Paragraph 171.

172.    Paragraph 172 purports to characterize and quote from a publicly available analyst report.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 172.

173.    Defendants admit that the FDA inspected "one of Axsome's facilities" in June 2021.  Paragraph 173 purports to characterize and quote from an FDA inspection report concerning that inspection.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 173.

174.    Paragraph 173 purports to summarize the same FDA inspection report.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 173.  Further answering, all claims against Dr. Laliberte have been dismissed.

175.    Defendants admit that Mr. Jacobson, Dr. O'Gorman, and Dr. Laliberte participated in the June 2021 FDA inspection discussed in the referenced report.  The report speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 175.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte and Dr. O'Gorman were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

176.    Paragraph 176 purports to summarize an FDA inspection report.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 176.  Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

177.    Paragraph 177 purports to summarize an FDA inspection report.  That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining

allegations in Paragraph 177. Further answering, Lead Plaintiffs' claims against Dr. O'Gorman were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

178. Defendants lack sufficient knowledge or information to form a belief as to the truth of the allegations concerning unidentified "Confidential Witness 1" and, on that basis, deny them. Defendants admit that Amanda Jones, Cheryl Askew, and Caroline Streicher participated in the referenced June 2021 FDA inspection. Defendants deny any remaining allegations in Paragraph 178.

179. Paragraph 179 purports to summarize an FDA inspection report. That document speaks for itself and is the best evidence of its contents. Defendants admit that, as of the date of the Complaint (i.e., May 13, 2022), Amanda Jones reported to Dr. Tabuteau. Defendants deny any remaining allegations in Paragraph 179.

180. Denied.

181. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witnesses 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations. Defendants deny any remaining allegations in Paragraph 181.

182. Denied. Further answering, Lead Plaintiffs' claims against Dr. Laliberte were dismissed by the Court in its March 31, 2025 Opinion and Order (ECF No. 90).

183. Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witnesses 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations. Defendants deny any remaining allegations in Paragraph 183.

184.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 184.

185.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witnesses 3" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 185.

186.    Paragraph 186 purports to characterize a publicly available earnings call transcript. That document speaks for itself and is the best evidence of its contents.  Defendants deny any remaining allegations in Paragraph 186.

187.    Defendants lack sufficient knowledge or information to form a belief as to whether the alleged unidentified "Confidential Witness 1" made the statements allegedly attributed to him or her and, on that basis, deny those allegations.  Defendants deny any remaining allegations in Paragraph 187.

188.    Paragraph 188 purports to state legal conclusions to which no response is required. Defendants deny any remaining allegations in Paragraph 188.

189.    Paragraph 189 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 189.

190.    Paragraph 190 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 190.

191.    Paragraph 191 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 191.

192.    Paragraph 192 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 192.

193.    Paragraph 193 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 193.

194.    Paragraph 194 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 194.

195.    Paragraph 195 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 195.

196.    Paragraph 196 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 196.

197.    Paragraph 197 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 197.

198.    Paragraph 198 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 198.

199.    Paragraph 199 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 199.

200.    Defendants repeat each and every response above as if fully set forth herein.

201.    Paragraph 201 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 201.

202.    Paragraph 202 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 202.

203.    Paragraph 203 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 203.

204.    Paragraph 204 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 204.

205.    Paragraph 205 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 205.

206.    Paragraph 206 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 206.

207.    Paragraph 207 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 207.

208.    Paragraph 208 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 208.

209.    Paragraph 209 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 209.

210.    Defendants repeat each and every response above as if fully set forth here.

211.    Paragraph 211 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 211.

212.    Paragraph 212 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 212.

213.    Paragraph 213 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 213.

214.    Paragraph 214 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 214.

215.    Paragraph 215 purports to state legal conclusions to which no response is required. To the extent a response is required, Defendants deny the allegations in Paragraph 215.

## JURY TRIAL DEMANDED

Defendants demand a trial by jury on all facts so triable.

## AFFIRMATIVE AND OTHER DEFENSES

Except as otherwise expressly stated in Paragraphs 1 through 215, Defendants deny each and every allegation of wrongdoing contained in Paragraphs 1 through 215 of the Second Amended Complaint, including, without limitation, tables of contents, headings, subheadings, footnotes, and appendices contained in the Second Amended Complaint, and specifically deny liability to Lead Plaintiffs and the putative class, or that Lead Plaintiffs or the putative class have suffered any legally cognizable damages for which Defendants are responsible.

Defendants offer the following affirmative and other defenses in response to the allegations set forth in the Second Amended Complaint. Defendants expressly reserve the right to supplement, amend, or withdraw any or all of the following defenses, as warranted by discovery or other investigation or as justice may require. The statement of any defense does not assume the burden of proof on any issues as to which applicable law places the burden on Plaintiff. To the extent that any of the defenses asserted herein or to be asserted in the future is mutually exclusive of another defense asserted herein or to be asserted in the future, such defenses are asserted in the alternative to one another.

## SPECIFIC DEFENSES

1.     The Second Amended Complaint fails to state a claim upon which relief can be granted.

2.     The Second Amended Complaint fails adequately to plead any of the alleged underlying conduct which Lead Plaintiffs claim gives rise to liability under the securities laws.

3.     The Second Amended Complaint fails to plead fraud with particularity as required by Federal Rules of Civil Procedure 9(b) and the Private Securities Litigation Reform Act of 1995,

15 U.S.C. § 78u-4(b)(1), and otherwise fails properly to identify the alleged false or misleading statements of which Lead Plaintiffs complain.

4. Defendants are not liable because they did not make a false or misleading statement of material fact or omission of material fact, and complied with all applicable disclosure requirements.

5. Defendants are not liable because certain alleged misstatements by them, or any one of them, were forward-looking statements and protected by the safe harbor provisions of the federal securities laws and/or the "bespeaks caution" doctrine.

6. Defendants are not liable because they did not act knowingly or recklessly as to any alleged material misrepresentation or omission and did not act with actual knowledge as to the falsity of any alleged misrepresentation or omission.

7. Defendants are not liable because they, at all times, and with respect to all matters contained herein, acted in good faith, exercised reasonable care, and did not know, and, in the exercise of reasonable care, could not have known of the purported untruths, misrepresentations, and/or omissions alleged in the Second Amended Complaint.

8. This action may not be properly maintained as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure.

9. Defendants are not liable because Lead Plaintiffs' claims are barred, in whole or in part, by applicable statutes of limitations and/or repose.

10. Defendants are not liable because Lead Plaintiffs' claims are barred, in whole or in part, by the doctrines of estoppel, laches, and/or waiver.

11. To the extent Lead Plaintiffs' claims, and/or the issues and alleged underlying misconduct raised by Lead Plaintiffs' claims have been previously litigated, Lead Plaintiffs' claims

are barred, in whole or in part, from any recovery under the doctrines of res judicata and/or collateral estoppel.

12. Defendants are not liable because any wrongdoing alleged in the Second Amended Complaint lacks a sufficient connection to the purchase or sale of Axsome securities.

13. Defendants are not liable because some or all of the matters now claimed by the Second Amended Complaint to be the subject of misrepresentations or omissions publicly were disclosed or were in the public domain and, as such, were available to Lead Plaintiffs, were known or should have been known to Lead Plaintiffs, and/or, to the extent Lead Plaintiffs are able to demonstrate that the market for Axsome securities was efficient, were at all times reflected in the market price of Axsome securities.

14. Defendants are not liable because the challenged statements or omissions were immaterial puffery, vague and indefinite statements of optimism, matters of opinion or soft opinion, and/or otherwise not material to Lead Plaintiffs' investment decisions.

15. Defendants are not liable because Lead Plaintiffs' claims are barred, in whole or in part, because the purported misrepresentations and omissions alleged in the Second Amended Complaint did not have any impact on the market price of Axsome securities.

16. Defendants are not liable because Lead Plaintiffs have not pleaded the required connection between the challenged statements and the alleged loss, and any losses suffered by Lead Plaintiffs were not causally related to the misstatements and omissions alleged by Lead Plaintiffs.

17. Lead Plaintiffs' claims are barred because Lead Plaintiffs did not reasonably rely on any of the statements or omissions alleged in the Second Amended Complaint in deciding to purchase Axsome securities.

18.     Lead Plaintiffs cannot recover against the Defendants, in whole or in part, because the "fraud on the market" theory of reliance is unavailable, and Lead Plaintiffs are otherwise unable to establish that Lead Plaintiffs relied upon the purported misstatements and omissions alleged in the Second Amended Complaint.

19.     Lead Plaintiffs cannot recover against Defendants because Lead Plaintiffs are unable to establish that the purported misrepresentations and omissions alleged in the Second Amended Complaint were the cause of Lead Plaintiffs' decisions to purchase or sell Axsome securities.

20.     Lead Plaintiffs cannot recover against Defendants because Defendants were under no duty to disclose any of the facts or conduct alleged in the Second Amended Complaint.

21.     Some or all of Lead Plaintiffs' claims are barred because Lead Plaintiffs cannot establish a sufficient connection between the alleged statements and any alleged underlying wrongdoing sufficient to create a duty to disclose.

22.     Defendants are not liable because to the extent that Lead Plaintiffs has been damaged, if at all, their failure to mitigate its damages bars recovery.

23.     Defendants are not liable because Lead Plaintiffs' losses, if any, should be reduced, diminished, and/or eliminated under the proportionate liability provisions of the federal securities laws to reflect only Defendants' percentage of responsibility, if any.

24.     To the extent Lead Plaintiffs suffered damages, if at all, such damages must be offset by Lead Plaintiffs' gains.

25.     Lead Plaintiffs cannot recover against Defendants, in whole or in part, because Defendants are entitled to proper offsets for any settlements Lead Plaintiffs enter into, or any

amounts Lead Plaintiffs otherwise receive from any source, in connection with Lead Plaintiffs' alleged losses.

26.     Defendants are not liable because they acted at all times in good faith and did not directly or indirectly induce the alleged wrongful act or acts, nor were they culpable participants in any alleged wrongdoing.

27.     Defendants are not liable because Lead Plaintiffs do not have standing.

28.     Lead Plaintiffs' claims are barred, in whole or in part, because Lead Plaintiffs have incurred no legally cognizable injury or damages.

29.     Defendants deny that Lead Plaintiffs are entitled to recovery of attorneys' fees, costs, or expenses.

30.     Lead Plaintiffs' claims are barred, in whole or in part, because none of Defendants' purported misrepresentations were "so incomplete as to mislead."

*[signature block on following page]*

Dated: June 30, 2025

Respectfully submitted,

**MORGAN, LEWIS & BOCKIUS LLP**

By: */s/ Michael L. Kichline*

Michael L. Kichline (*pro hac vice*)
1701 Market Street
Philadelphia, PA 19103
Tel:  (215) 963-5000
michael.kichline@morganlewis.com

Emily E. Renshaw
101 Park Avenue
New York, NY 10178-0060
Tel:  (212) 309-6000
emily.renshaw@morganlewis.com

Matthew C. McDonough (*pro hac vice*)
Michael A. Hacker
One Federal Street
Boston, MA 02110
Tel:  (617) 341-7700
matthew.mcdonough@morganlewis.com
michael.hacker@morganlewis.com

*Counsel for Defendants Axsome Therapeutics,*
*Inc., Herriot Tabuteau, and Mark Jacobson*