

**Michael Grunfeld**
Partner

**VIA ECF**                                                                                              August 18, 2025

The Honorable Lorna G. Schofield
United States District Court
Southern District of New York
500 Pearl Street
New York, NY 10007

**Re:** *In re Axsome Therapeutics, Inc., Securities Litigation*, **No. 1:22-cv-03925 (LGS)**

Dear Judge Schofield,

      Counsel for Lead Plaintiffs Thomas Giblin, Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust, and Paul Sutherland ("Plaintiffs") respectfully submit this pre-motion letter regarding class certification pursuant to the Court's scheduling Orders (ECF Nos. 96, 101). Plaintiffs seek to certify a class of persons or entities who purchased or otherwise acquired Axsome Therapeutics, Inc. ("Axsome") common stock between May 10, 2021, and April 22, 2022, inclusive (the "Class Period") and were damaged thereby. Plaintiffs' class certification motion will be granted because securities class actions are well-suited for class treatment and there are no issues that make this case differ.

      **A.**      **Rule 23(a) of the Federal Rules of Civil Procedure is Satisfied**

      **Numerosity** - Rule 23(a)(1) requires that "the class is so numerous that joinder of all members is impractical." Numerosity is presumed when a class consists of 40 members or more. *In re NYSE Specialists Sec. Litig.*, 260 F.R.D. 55, 69-70 (S.D.N.Y. 2009). Moreover, "numerosity in securities actions may be premised on" a large number of shares having been "outstanding and traded during the relevant period." *In re NIO, Inc. Sec. Litig.*, 2023 WL 5048615, at *5 (E.D.N.Y. Aug. 8, 2023). Plaintiffs will demonstrate that there are likely hundreds, if not thousands, of members in the proposed Class. Additionally, "securities purchases identified by subject matter, timing, and location – are clearly objective," and therefore "sufficiently ascertainable." *In re Aphria, Inc. Sec. Litig.*, 342 F.R.D. 199, 205 (S.D.N.Y. 2022).

      **Commonality** - Rule 23(a)(2) requires "questions of law or fact common to the class." "Commonality is a low bar . . . in securities-fraud actions." *San Antonio Fire & Police Pen. F. v. Dentsply Sirona*, 2025 WL 1903959, at *2 (S.D.N.Y. July 10, 2025). Plaintiffs will show there are issues common to the Class, including whether: (1) Defendants made material misstatements; (2) Defendants acted with scienter; (3) Axsome's stock price was artificially inflated during the Class Period; and (4) investors were damaged.

**Typicality** - Rule 23(a)(3) requires that "the claims or defenses of the representative parties are typical of" those of the class. "The Typicality Requirement is satisfied when each class member's claim arises from the same course of events and each class member makes similar legal arguments to prove the defendant's liability." *McIntire v. China MediaExpress Holdings, Inc.*, 38 F. Supp. 3d 415, 424 (S.D.N.Y. 2014). Plaintiffs' claims are typical because they are based on the same or substantially similar facts and legal arguments to establish liability.

**Adequacy** - Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Adequacy assesses "whether (1) plaintiff's interests are antagonistic to the interest of other" class members; and "(2) plaintiff's attorneys are qualified, experienced and able to conduct the litigation." *Dentsply*, 2025 WL 1903959, at *2. Plaintiffs' interests are not antagonistic to the Class and Lead Counsel are experienced securities class action practitioners.

### B. Rule 23(b) of the Federal Rules of Civil Procedure is Satisfied

**Predominance** – To certify the class under Fed. R. Civ. P. 23(b)(3), Plaintiffs must show that common questions of law or fact "predominate over any questions affecting only individual members." As the Supreme Court established, "[p]redominance is a test readily met in certain cases alleging" securities fraud. *Amchem Prods. v. Windsor*, 521 U.S. 591, 625 (1997). Plaintiffs are not required "to prove that each element of [their] claim is susceptible to class-wide proof." *In re Waste Mgmt. Sec. Litig.*, 775 F. Supp. 3d 742, 753 (S.D.N.Y. 2025). Whether predominance is satisfied in "a securities fraud action often turns on the element of reliance." *Erica P. John Fund, Inc. v. Halliburton Co.*, 563 U.S. 804, 810 (2011). Here, class-wide reliance may be presumed pursuant to the fraud-on-the-market presumption under *Basic Inc. v. Levinson*, 485 U.S. 224 (1988).

Under the fraud-on-the-market presumption, Plaintiffs must show that Axsome's stock traded in an efficient market. Where, as here, a company's stock traded on a national exchange, it is "well suited for application of the" fraud-on-the-market theory and "a finding of market efficiency." *In re DVI, Inc. Sec. Litig.*, 639 F.3d 623, 634 (3d Cir. 2011). In addition, courts routinely apply the factors from *Cammer v. Bloom*, 711 F. Supp. 1264 (D.N.J. 1989) to evaluate market efficiency. The *Cammer* factors support certification because during the Class Period: (1) Axsome's stock had an average weekly trading volume of approximately 4.2 million shares, that averages to a weekly turnover of approximately 11.0% of the outstanding shares – well above the 2% threshold set by *Cammer*; (2) at least 15 well-known investment firms covered Axsome; (3) Axsome had over 90 market makers, exceeding the 11 in *Cammer*; (4) Axsome met the requirements for Form S-3 eligibility; and (5) a statistical analysis demonstrates a cause-and-effect relationship between Axsome-specific news and the price reaction of Axsome stock. Additionally, the Court may consider the factors outlined in *Krogman v. Sterritt*, 202 F.R.D. 467, 478 (N.D. Tex. 2001). Plaintiffs will show that each of the *Krogman* factors are met because during the Class Period: (1) the aggregate market value of Axsome's stock averaged approximately $1.5 billion; (2) its float averaged over $1.0 billion; and (3) the average bid-ask spread for Axsome's stock was under 0.2%. As such, Plaintiffs' expert has determined that the market for Axsome stock was efficient during the Class Period and Plaintiffs plan to offer their expert's opinion on this topic.

Plaintiffs also submit, based on consultation with their expert, that Defendants will fail to demonstrate a lack of price impact given the clear reaction of Axsome's stock price to news about the AXS-07 NDA. *See, e.g.*, ECF No. 90 (MTD Opinion) at 23-24. The arguments for market efficiency and Defendants' inability to show a lack of price impact are ***even stronger*** than in *Waste Management* because bond markets—at issue there—"are generally considered less liquid than stock markets" at issue here. *Waste Mgmt.*, 775 F. Supp. 3d at 755, 763-64.

Plaintiffs may also invoke the *Affiliated Ute Citizens of Utah v. U.S.*, 406 U.S. 128 (1972) presumption of reliance where fraud claims are based on omissions. *Bishins v. CleanSpark*, 2023 WL 112558, at *11 (S.D.N.Y. Jan. 5, 2023). This independently sufficient basis for establishing reliance applies because Plaintiffs' claims arise from Defendants' failure to disclose material information regarding CMC issues impacting the NDA for AXS-07.

**Superiority** - Rule 23(b)(3), requiring that class treatment be "superior to other available methods" of adjudication, will be readily met because a "class action efficiently and effectively provides recourse to [Axsome's] many stockholders, while avoiding inconsistent rulings and proliferating litigation." *Dentsply*, 2025 WL 1903959, at *5. Securities class actions also generally raise no unusual manageability issues—making the "failure to certify" on that basis "disfavored"—and this case does not present any. *See In re Petrobras Secs.*, 862 F.3d 250, 268 (2d Cir. 2017).

Plaintiffs respectfully submit that class certification will be granted for the reasons explained above. Lead Plaintiffs, who are typical of other proposed Class members and adequate to represent the Class, should thus be appointed as Class Representatives, and Pomerantz LLP and The Rosen Law Firm, P.A. should be appointed as Class Counsel.

We thank the Court for its attention to this matter.

    Respectfully submitted,

    /s/ *Michael Grunfeld*
    Michael Grunfeld

    POMERANTZ LLP

    *Co-Lead Counsel for Lead Plaintiffs*

    Erica L. Stone
    THE ROSEN LAW FIRM, P.A.

    *Co-Lead Counsel for Lead Plaintiffs*