# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

## STIPULATION OF SETTLEMENT

This Stipulation of Settlement (the "**Stipulation**") is made and entered into by and between Lead Plaintiffs Thomas Giblin ("**Giblin**"), Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust ("**Berger**"), and Paul Sutherland ("**Sutherland**" and with Giblin and Berger, "**Lead Plaintiffs**"), on behalf of themselves and all other members of the Settlement Class (defined below), and Axsome Therapeutics, Inc. ("**Axsome**"), Herriot Tabuteau ("**Tabuteau**"), and Mark Jacobson ("**Jacobson**" and with Axsome and Tabuteau, the "**Defendants**"), and embodies the terms and conditions of the settlement of the above-captioned action (the "**Action**") on a class-wide basis. This Stipulation is intended by Lead Plaintiffs and Defendants (collectively, the "**Parties**") to fully, finally, and forever resolve, discharge, and settle Lead Plaintiffs' Claims as against the Released Defendant Parties and Defendants' Claims as against the Released Plaintiff Parties (each of these capitalized terms is defined below), upon and subject to the terms and conditions hereof and subject to the United States District Court for the Southern District of New York's ("**Court**") approval.

## RECITALS

**WHEREAS:**

A.     All words or terms used herein that are capitalized shall have the meanings ascribed to those words or terms where defined herein and in ¶ 1 hereof entitled "Definitions."

B.      On May 13, 2022, plaintiff Evy Gru ("**Gru**") filed the initial complaint in this Action, which was then styled as *Evy Gru v. Axsome Therapeutics, Inc., et al.*, No. 1:22-cv-03925-LGS. (ECF No. 1). The initial complaint asserted: (i) claims under Section 10(b) of the Securities Exchange Act of 1934 (the "**Exchange Act**") and Rule 10b-5 promulgated thereunder against Defendants, Nick Pizzie ("**Pizzie**"), Cedric O'Gorman ("**O'Gorman**"), and Kevin Laliberte ("**Laliberte**"); and (ii) claims under Section 20(a) of the Exchange Act against Tabuteau, Jacobson, Pizzie, O'Gorman, and Laliberte.

C.      On July 12, 2022, Gru and Santoshanand Thakkar ("**Thakkar**") filed separate motions to be appointed lead plaintiff and approve their selections of lead counsel. (ECF Nos. 8-14).

D.      On July 26, 2022, by stipulation, Gru and Thakkar were appointed Co-Lead Plaintiffs in this Action and Pomerantz and Rosen Law was appointed co-lead counsel. (ECF No. 15).

E.      On August 11, 2022, the Court granted Gru's and Thakkar's proposed stipulation appointing them as co-lead plaintiffs and Pomerantz and Rosen Law as co-lead counsel in the Action. (ECF No. 28).

F.      On October 7, 2022, Gru and Thakkar filed the Amended Class Action Complaint ("**Amended Complaint**"). (ECF No. 37).

G.      On December 16, 2022, Defendants, Pizzie, Laliberte, and O'Gorman filed a motion to dismiss the Amended Complaint. (ECF Nos. 41-43).

H.      On January 11, 2023, Thakkar requested leave to withdraw as a lead plaintiff (ECF No. 44).  On January 12, 2023, the Court ordered Defendants, Pizzie, Laliberte, and O'Gorman to state if they opposed Thakkar's request to withdraw. (ECF No. 45).

I.	On January 13, 2025, Gru filed an opposition to the motion to dismiss the Amended Complaint. (ECF Nos. 46-47).

J.	On January 17, 2023, Defendants, Pizzie, Laliberte, and O'Gorman informed the Court that they consented to Thakkar's withdrawal (ECF No. 48) and the Court granted Thakkar's request to withdraw the following day (ECF No. 49).

K.	On January 31, 2023, Defendants filed their reply in support of the Motion to Dismiss the Amended Class Action Complaint (ECF No. 52). Gru filed a surreply with leave of Court on February 7, 2023 (ECF No. 54).

L.	On September 25, 2023, the Court granted Defendants' Motion to Dismiss and allowed Gru to seek leave to file a proposed second amended complaint. (ECF No. 56).

M.	On October 13, 2023, Gru, Sutherland, and Daniel Engel filed a letter attaching a proposed second amended complaint (ECF No. 57). Defendants filed a letter in response on October 20, 2023 (ECF No. 58).

N.	On October 26, 2023, Berger filed a letter seeking the Court to reopen the lead plaintiff appointment process (ECF No. 60).

O.	On October 30, 2023, the Court denied Gru's and Sutherland's letter to file a second amended complaint until the resolution of Berger's letter (ECF No. 61). The Court also directed Gru and Sutherland to submit a letter in response to Berger by November 1, 2023 (ECF No. 62). Gru and Sutherland timely filed such letter (ECF No. 63).

P.	On November 3, 2023, the Court directed that any interested parties to "submit a letter proposing procedures and a form of order to reopen the lead plaintiff appointment process." (ECF No. 64). On November 9, 2023, Giblin, Berger, and Sutherland filed a letter attaching a proposed order and a proposed notice pursuant to the Private Securities Litigation Reform Act of

3

1995 ("**PSLRA**") to Axsome shareholders (ECF No. 65). On November 15, 2023, the Court ordered that the PSLRA notice be issued and permitted applications for the appointment of lead plaintiff (ECF No. 66)

Q.      On December 7, 2023, Lead Plaintiffs moved to be appointed as Lead Plaintiffs and for approval of Pomerantz and Rosen Law as co-lead counsel (ECF Nos. 67-70). On January 22, 2024, the Court granted the motion and directed Lead Plaintiffs to file a revised letter seeking leave to file a second amended complaint (ECF No. 72).

R.      On January 26, 2024, Lead Plaintiffs filed a letter seeking leave to file a second amended complaint (ECF No. 73). Defendants, Pizzie, Laliberte, and O'Gorman opposed Lead Plaintiffs' request (ECF No. 74).

S.      On February 6, 2024, the Court granted Lead Plaintiffs leave to file a second amended complaint (ECF No. 75).

T.      On February 7, 2024, Lead Plaintiffs filed the Second Amended Class Action Complaint ("**Second Amended Complaint**") (ECF No. 76).

U.      On March 11, 2024, Defendants Axsome, Jacobson, Laliberte, and Tabuteau moved to Dismiss the Second Amended Complaint with respect to the claims asserted against them (ECF Nos. 79-81). Defendants Pizzie and O'Gorman filed a separate Motion to Dismiss the Second Amended Complaint with respect to the claims asserted against them (ECF Nos. 82-83). On April 11, 2024, Lead Plaintiffs filed an opposition brief to each of the motions to dismiss (ECF Nos. 84-86). Defendants, Pizzie, Laliberte, and O'Gorman filed their reply briefs on May 1, 2024 (ECF Nos. 87-88).

V.    On March 31, 2025, the Court entered an order denying the motions to dismiss as to Defendants, but granting the motion to dismiss as to Laliberte, O'Gorman, and Pizzie (ECF No. 90).

W.    Pursuant to the Court's April 2, 2025 Order (ECF No. 91), the Parties filed a [Proposed] Civil Case Management Plan and Scheduling Order on April 16, 2025 (ECF No. 92) in advance of the April 22, 2025 Pretrial Conference.

X.    Pursuant to the Court's April 23, 2025 Order (ECF No. 94), the Parties filed a letter regarding a proposed schedule for class certification (ECF No. 95). On May 2, 2025, the Court entered a schedule for Lead Plaintiffs' anticipated motion for class certification (ECF No. 96). Also on May 2, 2025, the Court entered the Civil Case Management Plan and Scheduling Order (ECF No. 97).

Y.    On May 9, 2025, the Parties served their First Set of Requests for Production upon each other.

Z.    On May 21, 2025, on the Parties' request given a scheduled mediation session, the Court extended certain deadlines, relating to class certification (ECF No. 99).

AA.    On June 2, 2025, the Court entered the Parties' Stipulated Confidentiality Agreement and Protective Order (ECF No. 105). On June 9, 2025, the Court entered the Parties' Stipulated Protocol for Discovery of Electronically Stored Information (ECF No. 108).

BB.    Lead Plaintiffs served their responses and objections to Defendants' requests for production on June 9, 2025, and Defendants served their responses and objections to Lead Plaintiffs' requests for production on June 11, 2025.

CC.    On June 11, 2025, Lead Plaintiffs served their First Interrogatory to Defendants, and Defendants served their objections and answer on July 11, 2025.

5

DD.    On June 26, 2025, Lead Plaintiffs served a third-party subpoena on the U.S. Food and Drug Administration.

EE.    On June 30, 2025, Defendants filed their answer to the Second Amended Complaint (ECF No. 110).

FF.    On June 30, 2025 and July 30, 2025, the Parties filed joint status letters pursuant to the Court's May 2, 2025 Order (ECF Nos. 109, 112).

GG.    On July 2, 2025, Axsome served its First Set of Interrogatories on Lead Plaintiffs, and Lead Plaintiffs responded on August 1, 2025.

HH.    On July 31, 2025, the Parties participated in a full-day in-person mediation session with Jed Melnick of JAMS (the "**Mediator**"). Prior to the mediation, the Parties exchanged mediation statements on July 21, 2025.

II.    On August 7, 2025, the Parties filed a joint status letter regarding mediation notifying the Court that the mediation was unsuccessful, but that the Parties continued to discuss possible resolution through the Mediator (ECF No. 113).

JJ.    On August 11, 2025, the Mediator issued a mediator's proposal for the resolution of the Action. On August 15, 2025, the Parties accepted the Mediator's proposal and notified the Court, by email, of the settlement in principle.

KK.    On August 18, 2025, Lead Plaintiffs filed their pre-motion conference letter in support of their motion for class certification (ECF No. 114).

LL.    On August 20, 2025, the Court issued an Order staying the Action pending the documentation of the Settlement and directing the Parties to jointly file the Stipulation and motion for preliminary approval by September 19, 2025.

MM.    Following additional negotiations, on August 28, 2025, the Parties, through their counsel, executed a confidential term sheet setting forth the material terms associated with the resolution of the Action, subject to the execution of a "customary long form" stipulation and agreement of settlement and related papers.

NN.    Thereafter, the Parties negotiated the terms of this Stipulation and the exhibits hereto.

OO.    This Stipulation (together with the exhibits hereto) reflects the final and binding agreement between the Parties, subject to Court approval.

PP.    Lead Plaintiffs believe that the claims and allegations in the Action have merit and that the information developed to date supports the claims and allegations asserted. However, Lead Plaintiffs and Plaintiffs' Counsel have taken into account the uncertain outcome and the risk of any litigation, especially in complex actions such as the Action, as well as the difficulties and delays inherent in such litigation.  Plaintiffs' Counsel are mindful of the inherent problems of proof and the defenses to the claims alleged in the Action. Based upon their investigation, prosecution, and mediation of the case, Lead Plaintiffs and Plaintiffs' Counsel have concluded that the terms and conditions of this Stipulation are fair, reasonable and adequate to Lead Plaintiffs and the other members of the Settlement Class, and in their best interests.

QQ.    Throughout this litigation, Defendants have denied and continue to deny any wrongdoing or that they have committed any act or omission giving rise to any liability or violation of law, including the U.S. securities laws, and are entering into this Stipulation solely to avoid and eliminate the burden, expense, uncertainty, and risk of further litigation, as well as the business disruption associated therewith.  Each Defendant has expressly denied and continues to deny any and all allegations of wrongdoing or liability arising out of any of the conduct,

7

statements, acts, or omissions alleged, or that could have been alleged, in the Action, including, but not limited to, all contentions concerning Defendants' business, conduct, and public statements, as well as contentions that any such conduct or events constitute wrongdoing or give rise to legal liability. Defendants also have denied and continue to deny, *inter alia*, any allegation that Lead Plaintiffs or any Settlement Class Member have suffered damages or were otherwise harmed in any way by any Defendant or by the conduct alleged in the Action. Defendants further have asserted and continue to assert that, at all times, they acted in good faith and in a manner they reasonably believed to be in accordance with applicable rules, regulations, and laws.

**NOW THEREFORE**, without any concession by Lead Plaintiffs that the Action lacks merit, and without any admission or concession by Defendants of any liability or wrongdoing or lack of merit of their defenses, it is hereby **STIPULATED AND AGREED**, by and among the Parties to this Stipulation, through their respective attorneys, subject to approval by the Court pursuant to Rule 23(e) of the Federal Rules of Civil Procedure and the PSLRA, that, in consideration of the benefits flowing to the Parties hereto, all Released Plaintiffs' Claims and all Released Defendants' Claims, as against all Released Parties, shall be fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice, and without costs, upon and subject to the following terms and conditions:

## DEFINITIONS

1.      As used in this Stipulation, the following terms shall have the meanings set forth below.  In the event of any inconsistency between any definition set forth below and any definition in any other document related to the Settlement, the definition set forth below shall control.

(a)      "**Authorized Claimant**" means a Settlement Class Member who submits a valid Proof of Claim and Release Form to the Claims Administrator that is accepted for payment.

8

(b)        "**CAFA Notice**" means the notice of the Settlement that Defendants shall serve pursuant to section 1715 of Title 28 of the United States Code.

(c)        "**Claim Form**" means the Proof of Claim and Release Form for submitting a claim, which, subject to approval of the Court, shall be substantially in the form attached hereto as Exhibit A-2, and which a claimant must complete and submit should that claimant seek to share in a distribution of the Net Settlement Fund.

(d)        "**Claims Administrator**" means Strategic Claims Services.

(e)        "**Class Period**" means the period between May 10, 2021, and April 22, 2022, both dates inclusive.

(f)        "**Defendants' Counsel**" means Morgan, Lewis & Bockius LLP.

(g)        "**Effective Date**" means the date upon which the Settlement shall have become effective, as set forth in ¶ 39 below.

(h)        "**Escrow Account**" means the separate escrow account maintained at Huntington National Bank, in which the Settlement Amount shall be deposited and held for the benefit of the Settlement Class pursuant to this Stipulation and subject to the jurisdiction of the Court.

(i)        "**Escrow Agent**" means Huntington National Bank.

(j)        "**Fee and Expense Application**" means Lead Counsel's application, on behalf of Plaintiffs' Counsel, for an award of attorneys' fees and payment of Litigation Expenses incurred in prosecuting the case, including any costs and expenses of Lead Plaintiffs pursuant to 15 U.S.C. § 78u-4(a)(4) of the PSLRA.

(k)        "**Final**," with respect to this Settlement, means that (i) the Court has entered an order finally approving the Settlement in all material respects, including but not limited

9

to certifying the Settlement Class defined herein for settlement purposes only, approving the scope of the releases set forth herein, and entering the Judgment; and (ii) the time to appeal has expired or the Judgment has been affirmed in all respects in any appeal or review and is no longer subject to further appeal or review. However, the Settlement and the degree to which it is Final are expressly not conditioned upon the Court's approval of an award of attorneys' fees or expenses to Plaintiffs' Counsel, a compensatory award to Lead Plaintiffs, or any appeals solely related thereto, and any appeal or proceeding solely concerning the Plan of Allocation, an award of attorneys' fees or expenses to Plaintiffs' Counsel, or a compensatory award to Lead Plaintiffs, shall not in any way delay or affect whether the Judgment is Final or otherwise preclude the Judgment from becoming Final.

(l)    "**Immediate Family(ies)**" means, as set forth in 17 C.F.R. § 229.404, children, stepchildren, parents, stepparents, Spouses, siblings, mothers-in-law, fathers-in-law, sons-in-law, daughters-in-law, brothers-in-law, and sisters-in-law.  "**Spouse**" as used in this definition means a husband, a wife, or a partner in a state-recognized domestic partnership, civil union, or marriage.

(m)    "**Individual Defendants**" means Herriot Tabuteau and Mark Jacobson.

(n)    "**Judgment**" means the Final order and judgment to be entered by the Court approving the Settlement and dismissing the Second Amended Complaint with prejudice, substantially in the form attached hereto as Exhibit B.

(o)    "**Lead Counsel**" means Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen Law").

(p)    "**Litigation Expenses**" means the costs and expenses incurred by Plaintiffs' Counsel in connection with commencing, prosecuting, and settling the Action (which

may include the costs and expenses of Lead Plaintiffs directly related to their representation of the Settlement Class pursuant to the PSLRA), for which Lead Counsel intends to apply to the Court for payment from the Settlement Fund.

(q)     "**Net Settlement Fund**" means the Settlement Fund less: (i) Court-awarded attorneys' fees and Litigation Expenses; (ii) Notice and Administration Expenses; (iii) Taxes; and (iv) any other fees and expenses approved by the Court.

(r)     "**Notice**" means collectively, the Notice of Pendency and Proposed Settlement of Class Action ("**Long Notice**"), the Summary Notice of Pendency and Proposed Class Action Settlement ("**Summary Notice**"), and the Postcard Notice, which are to be made available to Settlement Class Members on the Claims Administrator's website and/or mailed or emailed to Settlement Class Members substantially in the forms attached hereto as Exhibits A-1, A-3, and A-4.

(s)     "**Notice and Administration Expenses**" means all costs, fees, and expenses incurred in connection with providing notice to the Settlement Class and the administration of the Settlement, including but not limited to: (i) providing notice of the proposed Settlement by mail, publication, and other means to Settlement Class Members; (ii) receiving and reviewing claims; (iii) applying the Plan of Allocation; (iv) communicating with Persons regarding the proposed Settlement and claims administration process; (v) distributing the proceeds of the Settlement; and (vi) fees related to the Escrow Account and investment of the Settlement Fund.

(t)     "**Person(s)**" means any individual, natural person, corporation (including all divisions and subsidiaries), general or limited partnership, association, joint stock company, joint venture, limited liability company, professional corporation, estate, legal representative,

11

trust, unincorporated association, government or any political subdivision or agency thereof, and any other business or legal entity.

(u)     "**Plaintiffs' Counsel**" means Lead Counsel, Paskowitz Law Firm P.C., and The Schall Law Firm.

(v)     "**Plan of Allocation**" means any plan for the distribution of the Net Settlement Fund, which, subject to the approval of the Court, shall be substantially in the form described in the Long Notice.  No Plan of Allocation is part of this Stipulation and the Released Defendant Parties shall have no responsibility or liability with respect thereto. Any order or proceeding relating to the Plan of Allocation shall not operate to terminate or cancel this Stipulation or affect the finality of the Judgment.

(w)     "**Preliminary Approval Order**" means an order by the Court, substantially in the form attached hereto as Exhibit A, certifying the Settlement Class for settlement purposes only, preliminarily approving the Settlement, and authorizing Notice thereof to the Settlement Class and related matters.

(x)     "**Released Claims**" means Released Defendants' Claims and Released Plaintiffs' Claims.

(y)     "**Released Defendant Parties**" means: Defendants, Pizzie, Laliberte, and O'Gorman; each of their respective former, present or future parents, subsidiaries, divisions, controlling Persons, associates, related entities and affiliates and each and all of their respective present and former employees, members, partners, principals, officers, directors, controlling shareholders, agents, attorneys, advisors (including financial or investment advisors), accountants, auditors, consultants, liability insurance carriers, underwriters, investment bankers, commercial bankers, general or limited partners or partnerships, limited liability companies,

12

members, joint ventures, indemnitors, and insurers and reinsurers of each of them, in their capacities as such; and each of their predecessors, successors, assigns, estates, Immediate Families, heirs, executors, trusts, trustees, administrators, agents, legal representatives, and assignees of each of them, in their capacities as such; as well as any trust of which any Released Defendant Party is the settlor or which is for the benefit of any of their Immediate Family members.

(z)    "**Released Defendants' Claims**" means any claims and causes of action of every nature and description, whether known claims or Unknown Claims, whether arising under federal, state, common, or foreign law, that arise out of or relate in any way to the institution, prosecution, or settlement of the claims against Defendants, except for claims relating to the enforcement of the Settlement and any claims against any Person who submits a request for exclusion that is accepted by the Court.

(aa)    "**Released Parties**" means the Released Defendant Parties and the Released Plaintiff Parties.

(bb)    "**Released Plaintiffs' Claims**" means any and all claims and causes of action of every nature and description, whether known claims or Unknown Claims, contingent or absolute, mature or not mature, liquidated or unliquidated, accrued or not accrued, concealed or hidden, regardless of legal or equitable theory and whether arising under federal, state, common, foreign, or other law, that (i) Lead Plaintiffs or any other Settlement Class Member asserted in the Action, could have asserted in the Action, or could have asserted in any forum, that arise out of or are based upon, in whole or in part, the allegations, transactions, facts, matters, occurrences, representations, or omissions alleged in the Amended Complaint or Second Amended Complaint and (ii) the purchase or acquisition of Axsome common stock during the class periods alleged in

13

the Amended Complaint or Second Amended Complaint. Released Plaintiffs' Claims shall not include: (a) claims to enforce the Settlement; (b) any claims by persons or entities who or which submit a request for exclusion that is accepted by the Court; and (c) any derivative claims asserted on behalf of Axsome including, but not limited to, the Action *In re Axsome Therapeutics, Inc. Derivative Litigation*, Case No. 1:22-cv-06183 (S.D.N.Y.).

(cc)    "**Released Plaintiff Parties**" means each and every Settlement Class Member, Lead Plaintiffs, Plaintiffs' Counsel, the Claims Administrator, and each of their respective past or present trustees, officers, directors, partners, employees, affiliates, contractors, principals, agents, attorneys, predecessors, successors, assigns, insurers, parents, subsidiaries, general or limited partners or partnerships, and limited liability companies; and the Immediate Families, representatives, and heirs of any Released Plaintiff Party who is an individual, as well as any trust of which any Released Plaintiff Party is the settlor or which is for the benefit of any of their Immediate Family members.  Released Plaintiff Parties does not include any Person who timely and validly seeks exclusion from the Settlement Class.

(dd)    "**Settlement**" means the resolution of the Action in accordance with the terms and provisions of this Stipulation.

(ee)    "**Settlement Amount**" means seven million seven hundred and fifty thousand U.S. dollars ($7,750,000) in cash.

(ff)    "**Settlement Class**" means all Persons who purchased or otherwise acquired Axsome common stock between May 10, 2021 and April 22, 2022, inclusive, excluding: (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' Immediate Families and their legal representatives, heirs, successors or assigns; (iv) any entity in which the Individual Defendants,

14

the officers and directors of Axsome and its affiliates and subsidiaries, or members of the Individual Defendants' and officers' and directors' Immediate Families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%; and (v) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court;

(gg) "**Settlement Class Member**" means a Person who is a member of the Settlement Class.

(hh) "**Settlement Fund**" means the Settlement Amount and any interest or income earned thereon.

(ii) "**Settlement Hearing**" means the hearing to be held by the Court to determine, *inter alia*, whether the proposed Settlement is fair, reasonable, and adequate and should be approved.

(jj) "**Taxes**" means all federal, state, or local taxes of any kind on any income earned by the Settlement Fund and the expenses and costs incurred in connection with the taxation of the Settlement Fund (including, without limitation, interest, penalties and the reasonable expenses of tax attorneys and accountants).

(kk) "**Unknown Claims**" means any and all Released Plaintiffs' Claims that Lead Plaintiffs or any other Settlement Class Member does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Defendant Parties, and any and all Released Defendants' Claims that any Defendant does not know or suspect to exist in his, her, or its favor at the time of the release of the Released Plaintiff Parties, which if known by him, her, or it might have affected his, her, or its decision(s) with respect to the Settlement, including the decision to object to the terms of the Settlement or to exclude himself, herself, or itself from the

15

Settlement Class. With respect to any and all Released Claims, the Parties stipulate and agree that, upon the Effective Date, Lead Plaintiffs and Defendants shall expressly, and each Settlement Class Member shall be deemed to have, and by operation of the Judgment shall have, to the fullest extent permitted by law, expressly waived and relinquished any and all provisions, rights, and benefits conferred by any law of any state or territory of the United States or foreign law, or principle of common law, which is similar, comparable, or equivalent to Cal. Civ. Code § 1542, which provides:

> **A general release does not extend to claims that the creditor or releasing party does not know or suspect to exist in his or her favor at the time of executing the release and that, if known by him or her, would have materially affected his or her settlement with the debtor or released party.**

Lead Plaintiffs, other Settlement Class Members, or Defendants may hereafter discover facts, legal theories, or authorities in addition to or different from those which any of them now knows or believes to be true with respect to the Action, the Released Claims, but Lead Plaintiffs and Defendants shall expressly, fully, finally, and forever settle and release, and each Settlement Class Member shall be deemed to have fully, finally, and forever settled and released, and upon the Effective Date and by operation of the Judgment shall have settled and released, fully, finally, and forever, any and all Released Claims, as applicable, without regard to the subsequent discovery or existence of such different or additional facts, legal theories, or authorities.  Lead Plaintiffs and Defendants acknowledge, and other Settlement Class Members by operation of law shall be deemed to have acknowledged, that the inclusion of "Unknown Claims" in the definition of Released Claims was separately bargained for and was a material element of the Settlement.

**SCOPE AND EFFECT OF SETTLEMENT**

2.      The obligations incurred pursuant to this Stipulation are: (i) subject to approval by the Court and the Judgment reflecting such approval becoming Final; and (ii) in full and final disposition of the Action with respect to the Released Parties and any and all Released Claims.

3.      For purposes of this Settlement only, the Parties agree to: (i) certification of the Action as a class action, pursuant to Federal Rules of Civil Procedure 23(a) and 23(b)(3), on behalf of the Settlement Class as defined in ¶ 1(ff); (ii) the appointment of Lead Plaintiffs as class representatives for the Settlement Class; and (iii) the appointment of Lead Counsel as class counsel for the Settlement Class pursuant to Federal Rule of Civil Procedure 23(g).

4.      By operation of the Judgment without further action by anyone, as of the Effective Date, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released.

5.      By operation of the Judgment without further action by anyone, as of the Effective Date, Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall have fully,

17

finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties. Claims to enforce the terms of the Stipulation are not released.

## THE SETTLEMENT CONSIDERATION

6.      In full settlement of the claims asserted in the Action against Defendants and in consideration of the releases specified in ¶¶ 4-5 above and the other promises and covenants and set forth in this Stipulation, all of which the Parties agree are good and valuable consideration, Defendants agree to pay, or cause to be paid, the Settlement Amount of seven million and seven hundred fifty thousand U.S. dollars ($7,750,000) into the Escrow Account no later than fifteen (15) business days after the later of: (a) the date of entry by the Court of the Preliminary Approval Order; or (b) Defendants' receipt from Plaintiffs of valid wiring instructions, a telephone point of contact for verification of those instructions, and a completed IRS Form W-9, necessary to transfer the Settlement Amount into the Escrow Account.

7.      Lead Plaintiffs and each of the Settlement Class Members shall look solely to the Settlement Fund as satisfaction of all Released Plaintiffs' Claims.  Payment of the Settlement Amount into the Escrow Account as provided for in ¶ 6 shall be the Released Defendant Parties' only payment obligation in connection with the Settlement, with the sole exception of Defendants' obligation pursuant to ¶ 21 to pay costs associated with the CAFA Notice.  None of Defendants, Defendants' Counsel, or Defendants' insurers shall have any responsibility for, interest in, or liability whatsoever with respect to: (i) any act, omission, or determination by Plaintiffs' Counsel

or the Claims Administrator, or any of their respective designees or agents, in connection with the administration of the Settlement or otherwise; (ii) the management, investment, or distribution of the Settlement Fund; (iii) the Plan of Allocation; (iv) the determination, administration, calculation, or payment of any claims asserted against the Settlement Fund; (v) any loss suffered by, or fluctuation in value of, the Settlement Fund; or (vi) the payment or withholding of any Taxes, expenses, and/or costs incurred in connection with the taxation of the Settlement Fund, distributions, or other payments from the Escrow Account, or the filing of any federal, state, or local tax returns.

### USE AND TAX TREATMENT OF SETTLEMENT FUND

8.      The Settlement Fund shall be used: (i) to pay any Taxes; (ii) to pay Notice and Administration Expenses; (iii) to pay any attorneys' fees and expenses of Plaintiffs' Counsel awarded by the Court; (iv) to pay any other fees and expenses awarded by the Court; and (v) to pay the claims of Authorized Claimants.

9.      The Net Settlement Fund shall be distributed to Authorized Claimants as provided in ¶¶ 23–36 hereof. The Net Settlement Fund shall remain in the Escrow Account prior to the Effective Date.  All funds held in the Escrow Account, and all earnings thereon, shall be deemed to be in the custody of the Court and shall remain subject to the jurisdiction of the Court until such time as the funds shall have been disbursed or returned, pursuant to the terms of this Stipulation, and/or further order of the Court.  The Escrow Agent shall invest funds in the Escrow Account in instruments backed by the full faith and credit of the United States Government (or a mutual fund invested solely in such instruments), or deposit some or all of the funds in non-interest-bearing transaction account(s) that are fully insured by the Federal Deposit Insurance Corporation ("**FDIC**") in amounts that are up to the limit of FDIC insurance. Neither Defendants nor

19

Defendants' Counsel shall have any responsibility for, interest in, or liability whatsoever with respect to investment decisions executed by, or any other actions of, the Escrow Agent. All risks related to the investment of the Settlement Fund shall be borne solely by the Settlement Fund.

10.     After the Settlement Amount has been paid into the Escrow Account, the Parties agree to treat the Settlement Fund as a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. All provisions of this Stipulation shall be interpreted in a manner that is consistent with the Settlement Fund being a "qualified settlement fund" within the meaning of Treasury Regulation § 1.468B-1. In addition, Plaintiffs' Counsel shall timely make, or cause to be made, such elections as necessary or advisable to carry out the provisions of this paragraph 10, including the "relation-back election" (as defined in Treasury Regulation § 1.468B-1) back to the earliest permitted date. Such election shall be made in compliance with the procedures and requirements contained in such regulations. It shall be the responsibility of Plaintiffs' Counsel to timely and properly prepare and deliver, or cause to be prepared and delivered, the necessary documentation for signature by all necessary parties, and thereafter take all such actions as may be necessary or appropriate to cause the appropriate filing(s) to timely occur. Consistent with the foregoing:

(a)     For the purposes of Section 468B of the Internal Revenue Code of 1986, as amended, and Treasury Regulation § 1.468B promulgated thereunder, the "administrator" shall be Plaintiffs' Counsel or their successors, which shall timely and properly file, or cause to be filed, all federal, state, or local tax returns and information returns (together, "**Tax Returns**") necessary or advisable with respect to the earnings on the funds deposited in the Escrow Account (including without limitation the returns described in Treasury Regulation § 1.468B-2(k)). Such Tax Returns (as well as the election described above) shall be consistent with this subparagraph

20

and in all events shall reflect that all Taxes (including any estimated taxes, earnings, or penalties) on the income earned on the funds deposited in the Escrow Account shall be paid out of such funds as provided in subparagraph (c) of this paragraph 10.

(b)    All Taxes shall be paid out of the Settlement Fund. In all events, Defendants and Defendants' Counsel shall have no liability or responsibility whatsoever for the Taxes or the filing of any Tax Return or other document with the Internal Revenue Service or any other state or local taxing authority or any expenses associated therewith. Neither Defendants nor Defendants' Counsel shall have any liability or responsibility for the Taxes of the Escrow Account with respect to the Settlement Amount or the filing of any Tax Returns or other documents with the Internal Revenue Service or any other taxing authority. In the event any Taxes are owed by any of Defendants on any earnings on the funds on deposit in the Escrow Account, such amounts shall also be paid out of the Settlement Fund.

(c)    Taxes with respect to the Settlement Fund and the Escrow Account shall be treated as, and considered to be, a Notice and Administration Expense and shall be timely paid, or caused to be paid, by Plaintiffs' Counsel out of the Settlement Fund without prior order from the Court or approval by Defendants.  Plaintiffs' Counsel shall be obligated (notwithstanding anything herein to the contrary) to withhold from distribution to Authorized Claimants any funds necessary to pay such amounts (as well as any amounts that may be required to be withheld under Treasury Regulation § 1.468B-2(l)(2)). The Parties agree to cooperate with each other, and their tax attorneys and accountants to the extent reasonably necessary, to carry out the provisions of this paragraph 10.

21

11. This is not a claims-made settlement. As of the Effective Date, Defendants, and/or any other Person funding the Settlement on a Defendant's behalf, shall not have any right to the return of the Settlement Fund or any portion thereof except as provided in this Stipulation.

**ATTORNEYS' FEES AND LITIGATION EXPENSES**

12. Lead Counsel will submit to the Court a Fee and Expense Application.

13. The amount of attorneys' fees and Litigation Expenses awarded by the Court is within the sole discretion of the Court. Any attorneys' fees and Litigation Expenses awarded by the Court shall be payable from the Settlement Fund immediately after entry of the Order awarding such attorneys' fees and Litigation Expenses and entry of the Judgment, notwithstanding the existence of any timely filed objections thereto or to the Settlement, or potential for appeal therefrom, or collateral attack on the Fee and Expense Application, the Settlement, or any part thereof, or as otherwise ordered by the Court. Lead Counsel shall allocate any Court-awarded attorneys' fees and Litigation Expenses among Plaintiffs' Counsel.

14. Any payment of attorneys' fees and Litigation Expenses pursuant to ¶¶ 12–13 above shall be subject to Plaintiffs' Counsel's obligation to make full refunds or repayments to the Settlement Fund of any paid amounts, plus accrued earnings at the same rate as is earned by the Settlement Fund, if any, if the Settlement is terminated pursuant to the terms of this Stipulation or fails to become effective for any reason, or if, as a result of any appeal or further proceedings on remand or successful collateral attack, the award of attorneys' fees and/or expenses is reduced or reversed by Final non-appealable court order. Plaintiffs' Counsel shall make the appropriate refund or repayment in full no later than ten (10) business days after receiving notice of the termination of the Settlement pursuant to this Stipulation, notice from a court of appropriate jurisdiction of the

22

disapproval of the Settlement by Final non-appealable court order, or notice of any reduction or reversal of the award of attorneys' fees and/or expenses by Final non-appealable court order.

15.    With the sole exception of Defendants' obligation to pay, or cause the payment of, the Settlement Amount into the Escrow Account as provided for in ¶ 6, the Released Defendant Parties shall have no obligation to pay Plaintiffs' Counsel anything in connection with the Action.

16.    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any allocation of any attorneys' fees or expenses in the Action, or to any other Person who may assert some claim thereto, or any fee or expense awards the Court may issue in the Action.

17.    The Released Defendant Parties shall have no responsibility for, and no liability whatsoever with respect to, any attorneys' fees, costs, or expenses incurred by or on behalf of Settlement Class Members, whether or not paid from the Escrow Account.  The Settlement Fund will be the sole source of payment from the Released Defendant Parties for any award of attorneys' fees and expenses incurred by Lead Plaintiffs, Plaintiffs' Counsel, or any Settlement Class Member or their counsel in connection with this Action.

18.    The Settlement is separate from, and is not conditioned upon, any award of attorneys' fees or expenses. The procedure for and the allowance or disallowance by the Court of any Fee and Expense Application are not part of the Settlement set forth in this Stipulation, and any order or proceeding relating to any Fee and Expense Application, including an award of attorneys' fees or expenses in an amount less than the amount requested by Lead Counsel, or any appeal from any order relating thereto or reversal or modification thereof, shall not operate to terminate or cancel the Stipulation, or affect or delay the finality of the Judgment approving the Stipulation and the Settlement set forth herein.  In the event of any delay in resolving the Fee and

23

Expense Application, Lead Plaintiffs agree to request that the Court rule on the motion for approval of the Settlement while the Fee and Expense Application remains pending. Lead Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement in accordance with ¶ 40 or otherwise based on the Court's or any appellate court's ruling with respect to fees and expenses in the Action.

**NOTICE AND ADMINISTRATION EXPENSES**

19.    Except as otherwise provided herein, the Net Settlement Fund shall be held in the Escrow Account until the Effective Date.

20.    Before the Effective Date, without further approval from Defendants or further order of the Court, Plaintiffs' Counsel may pay actual and reasonable Notice and Administration Expenses from the Settlement Fund up to $250,000. Taxes and fees related to the Escrow Account and investment of the Settlement Fund may be paid as incurred, without further approval of Defendants or further order of the Court.

21.    Defendants shall be responsible for providing any required notice under CAFA at their own expense, no later than ten (10) calendar days following the filing of this Stipulation with the Court. Within fourteen (14) calendar days of entry of the Preliminary Approval Order, Defendants will serve Lead Counsel and file with the Court an affidavit or declaration regarding compliance with the CAFA notice requirements.

22.    For the purposes of identifying and providing notice to the Settlement Class, within seven (7) calendar days of entry of the Preliminary Approval Order, Axsome will, at its own expense, provide or cause to be provided to Lead Counsel a list (consisting of names, mailing addresses, and email addresses, if available) of the holders of Axsome common stock during the Class Period in electronic format, such as Excel. The Parties acknowledge that any such

24

information provided to Lead Counsel shall be treated as confidential and will be used by Lead Counsel solely to provide Notice and/or implement the Settlement.

## DISTRIBUTION TO AUTHORIZED CLAIMANTS

23. Except as otherwise provided herein, the Settlement Fund shall be held in the Escrow Account until the Effective Date.

24. The Claims Administrator, subject to such supervision and direction of Plaintiffs' Counsel and/or the Court as may be necessary or as circumstances may require, shall administer the Settlement in accordance with the terms of this Stipulation, the Court-approved Plan of Allocation, and subject to the jurisdiction of the Court. None of the Released Defendant Parties shall have responsibility for, interest in, or liability whatsoever with respect to the administration of the Settlement or the actions or decisions of the Claims Administrator, and shall have no liability whatsoever to any Person, including, but not limited to, Lead Plaintiffs, any Settlement Class Member, and Plaintiffs' Counsel in connection with such administration.

25. The Claims Administrator shall receive claims and determine, *inter alia*, whether the claim is valid, in whole or part, and each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's recognized loss, as defined in the Plan of Allocation included in the Notice, or in such other plan of allocation as the Court may approve.

26. Defendants shall have no role in the development of, and will take no position with respect to, the Plan of Allocation. Any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement. The Plan of Allocation is not a necessary term of the Settlement or this Stipulation, and it is not a condition of the Settlement or this Stipulation that any particular plan of allocation be approved by the Court. Lead Plaintiffs and Plaintiffs' Counsel may not cancel or terminate the Stipulation or the Settlement in accordance

with ¶ 40 or otherwise based on the Court's or any appellate court's ruling with respect to the Plan of Allocation or any plan of allocation in the Action. Defendants and Defendants' Counsel shall have no responsibility or liability for reviewing or challenging of claims, the allocation of the Net Settlement Fund, or the distribution of the Net Settlement Fund.

27.      Upon the Effective Date and thereafter, and in accordance with the terms of the Stipulation, the Plan of Allocation, or such further approval and further order(s) of the Court as may be necessary or as circumstances may require, the Net Settlement Fund shall be distributed to Authorized Claimants.

28.      If there is any balance remaining in the Net Settlement Fund (whether by reason of tax refunds, uncashed checks, or otherwise) after at least six (6) months from the date of initial distribution of the Net Settlement Fund, the Claims Administrator shall, if feasible and economical after payment of Notice and Administration Expenses, Taxes, and attorneys' fees and Litigation Expenses, if any, redistribute such balance among Authorized Claimants who have cashed their checks in an equitable and economic fashion. Once it is no longer feasible or economical to make further distributions, any balance that still remains in the Net Settlement Fund after re-distribution(s) and after payment of outstanding Notice and Administration Expenses, Taxes, and attorneys' fees and expenses, if any, shall be contributed to a private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs.

## ADMINISTRATION OF THE SETTLEMENT

29.      Any Settlement Class Member who fails to timely submit a valid Claim Form (substantially in the form of Exhibit A-2) will not be entitled to receive any distribution from the Net Settlement Fund, except as otherwise ordered by the Court or allowed by Lead Counsel in their discretion, but will otherwise be bound by all of the terms of this Stipulation and the

26

Settlement, including the terms of the Judgment to be entered in the Action and all releases provided for herein, and will be barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

30.    Lead Counsel shall be responsible for supervising the administration of the Settlement and disbursement of the Net Settlement Fund by the Claims Administrator. Lead Counsel shall have the right, but not the obligation, to advise the Claims Administrator to waive what Lead Counsel deem to be *de minimis* or formal or technical defects in any Claim Form submitted. The Released Defendant Parties shall have no liability, obligation, or responsibility for the administration of the Settlement, the allocation of the Net Settlement Fund, or the reviewing or challenging of claims. Lead Counsel shall be solely responsible for designating the Claims Administrator, subject to approval by the Court.

31.    For purposes of determining the extent, if any, to which a Settlement Class Member shall be entitled to be treated as an Authorized Claimant, the following conditions shall apply:

(a)    Each claimant shall be required to submit a Claim Forms, substantially in the form attached hereto as Exhibit A-2, supported by such documents as are designated therein, including proof of the claimant's loss, or such other documents or proof as the Claims Administrator or Lead Counsel, in their discretion, may deem acceptable. Claimants shall bear the burden of establishing their right to a recovery;

(b)    All Claim Forms must be submitted by the date set by the Court in the Preliminary Approval Order and specified in the Notice, unless such deadline is extended by Lead Counsel in their discretion or by Order of the Court. Any Settlement Class Member who fails to submit a Claim Form by such date shall be barred from receiving any distribution from the Net

27

Settlement Fund or payment pursuant to this Stipulation (unless, by Order of the Court or the discretion of Lead Counsel, late-filed Claim Forms are accepted), but shall in all other respects be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment and all releases provided for herein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties. A Claim Form shall be deemed to be submitted when mailed, if received with a postmark on the envelope and if mailed by first-class or overnight U.S. Mail and addressed in accordance with the instructions thereon. In all other cases, the Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator;

(c)     Each Claim Form shall be submitted to and reviewed by the Claims Administrator, under the supervision of Lead Counsel, which shall determine in accordance with this Stipulation the extent, if any, to which each claim shall be allowed;

(d)     Claim Forms that do not meet the submission requirements may be rejected. Prior to rejecting a Claim Form in whole or in part, the Claims Administrator shall communicate with the claimant in writing to give the claimant the chance to remedy any curable deficiencies in the Claim Form submitted. The Claims Administrator, under supervision of Lead Counsel, shall notify, in a timely fashion and in writing, all claimants whose claims the Claims Administrator proposes to reject in whole or in part for curable deficiencies, setting forth the reasons therefor, and shall indicate in such notice that the claimant whose claim is to be rejected has the right to a review by the Court if the claimant so desires and complies with the requirements of subparagraph (e) below; and

(e)    If any claimant whose timely claim has been rejected in whole or in part for curable deficiency desires to contest such rejection, the claimant must, within ten (10) calendar days after the date of mailing of the notice required in subparagraph (d) above, or a lesser period of time if the claim was untimely, serve upon the Claims Administrator a notice and statement of reasons indicating the claimant's grounds for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If a dispute concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

32.    Each claimant who submits a Claim Form shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's claim, including, but not limited to, all releases provided for herein and in the Judgment, and the claim will be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to the claimant's status as a Settlement Class Member and the validity and amount of the claimant's claim. In connection with processing the Claim Forms, no discovery shall be allowed on the merits of the Action or the Settlement.

33.    Payment pursuant to the Stipulation and Court-approved Plan of Allocation shall be deemed final and conclusive against any and all claimants. All Settlement Class Members whose claims are not approved shall be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of this Stipulation and the Settlement, including the terms of the Judgment to be entered in the Action and the releases provided for herein and therein, and will be permanently barred and enjoined, to the fullest extent permitted by law, from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties.

34.     All proceedings with respect to the administration, processing, and determination of claims described by this Stipulation and the determination of all controversies relating thereto, including disputed questions of law and fact with respect to the validity of claims, shall be subject to the jurisdiction of the Court, but shall not in any event delay or affect the finality of the Judgment.

35.     No Person shall have any claim of any kind against the Released Defendant Parties or Defendants' Counsel with respect to the matters set forth in this section (*i.e.*, ¶¶ 29–36) or any of its subsections, or otherwise related in any way to the administration of the Settlement, including without limitation the processing of claims and distributions.

36.     No Person shall have any claim against Lead Plaintiffs, Plaintiffs' Counsel, or the Claims Administrator, or other agent designated by Plaintiffs' Counsel, based on the distributions made substantially in accordance with this Stipulation and the Settlement contained herein, the Plan of Allocation, or further order(s) of the Court.

## **TERMS OF THE PRELIMINARY APPROVAL ORDER**

37.     Concurrently with the application for preliminary approval by the Court of the Settlement contemplated by this Stipulation and promptly upon execution of this Stipulation, Lead Counsel shall apply to the Court for entry of the Preliminary Approval Order, which shall be substantially in the form annexed hereto as Exhibit A.  The Preliminary Approval Order will, *inter alia*, preliminarily approve the Settlement, preliminarily certify the Settlement Class only for purposes of the Settlement, set the date for the Settlement Hearing, approve the form of Notice, and prescribe the method for giving notice of the Settlement to the Settlement Class.

## TERMS OF THE JUDGMENT

38.     If the Settlement contemplated by this Stipulation is approved by the Court, Lead Counsel and Defendants' Counsel shall jointly request that the Court enter a Judgment substantially in the form annexed hereto as Exhibit B.

## EFFECTIVE DATE OF SETTLEMENT

39.     The Effective Date of this Settlement shall be the first business day on which all of the following shall have occurred or been waived:

(a)     entry of the Preliminary Approval Order, which shall be in all material respects substantially in the form set forth in Exhibit A annexed hereto;

(b)     payment of the Settlement Amount into the Escrow Account;

(c)     approval by the Court of the Settlement, following notice to the Settlement Class, as prescribed by Rule 23 of the Federal Rules of Civil Procedure; and

(d)     a Judgment, which shall be in all material respects substantially in the form set forth in Exhibit B annexed hereto, has been entered by the Court and has become Final.

## WAIVER OR TERMINATION

40.     Defendants and Lead Plaintiffs, respectively, shall have the right to terminate the Settlement and this Stipulation by providing written notice of their election to do so ("**Termination Notice**"), through counsel, to all other Parties hereto within thirty (30) calendar days of: (i) the Court's Final refusal to enter the Preliminary Approval Order in any material respect; (ii) the Court's Final refusal to approve this Stipulation or any material part thereof; (iii) the Court's Final refusal to enter the Judgment in any material respect; (iv) the date upon which the Judgment is modified or reversed in any material respect by a Final order of the Court, the United States Court of Appeals for the Second Circuit, or the Supreme Court of the United

31

States; or (v) a Final order declining to dismiss the Action with prejudice. Without limitation, any reduction in the scope of the definitions of the Settlement Class or Released Plaintiffs' Claims will be deemed material. For the avoidance of doubt, Lead Plaintiffs shall not have the right to terminate the Settlement due to any decision, ruling, or order respecting the Fee and Expense Application, the Plan of Allocation, or any other plan of allocation.

41.    In addition to the foregoing, Axsome, in its sole discretion, shall also have the right to terminate the Settlement in the event the Termination Threshold (defined below) has been reached. Simultaneously herewith, Defendants' Counsel and Plaintiffs' Counsel are executing a confidential Supplemental Agreement Regarding Requests for Exclusion ("**Supplemental Agreement**"). The Supplemental Agreement sets forth certain conditions under which Axsome shall have the sole option to terminate the Settlement and render this Stipulation null and void in the event that requests for exclusion from the Settlement Class exceed certain agreed-upon criteria (the "**Termination Threshold**"). The Parties agree to maintain the confidentiality of the Supplemental Agreement, which shall not be filed with the Court unless a dispute arises as to its terms, or as otherwise ordered by the Court, nor shall the Supplemental Agreement otherwise be disclosed unless ordered by the Court. If submission of the Supplemental Agreement is required for resolution of a dispute or is otherwise ordered by the Court, the Parties will undertake to have the Termination Threshold submitted to the Court *in camera* or under seal. In the event of a termination of this Settlement pursuant to the Supplemental Agreement, this Stipulation shall become null and void and of no further force and effect, with the exception of the provisions of ¶¶ 46–48 which shall continue to apply.

42.    The Preliminary Approval Order, attached hereto as Exhibit A, shall provide that requests for exclusion shall be received no later than twenty-eight (28) calendar days prior to the

Settlement Hearing. Upon receiving any request for exclusion pursuant to the Notice, Plaintiffs' Counsel shall promptly, and in any event no later than five (5) calendar days after receiving a request for exclusion or twenty-one (21) calendar days prior to the Settlement Hearing, whichever is earlier, notify Defendants' Counsel by email of such request for exclusion and provide copies of such request for exclusion and any documentation accompanying it.

43.    In addition to all of the rights and remedies that Lead Plaintiffs have under the terms of this Stipulation, Lead Plaintiffs shall also have the right to terminate the Settlement in the event that the Settlement Amount has not been paid in the time period provided for in ¶ 6 above, by providing written notice of the election to terminate to all other Parties and, thereafter, there is a failure to pay the Settlement Amount within fourteen (14) calendar days of such written notice.

44.    In the event of the entry of a final order of a court of competent jurisdiction determining the transfer of money or any portion thereof to the Settlement Fund by or on behalf of any Defendant to be a preference, voidable transfer, fraudulent transfer, or similar transaction and any portion thereof is required to be returned, and such amount is not promptly deposited into the Settlement Fund by others, then, at the election of Lead Plaintiffs, the Parties shall jointly move the Court to vacate and set aside the releases given and the Judgment entered in favor of that Defendant and that Defendant and Lead Plaintiffs and the members of the Settlement Class shall be restored to their litigation positions as of August 15, 2025. All releases and the Judgment as to other Defendants shall remain unaffected. Axsome warrants, that, at the time of paying, or causing to be paid, the Settlement Amount, Axsome will not be insolvent, nor will payment render it insolvent, within the meaning of and/or for the purposes of the United States Bankruptcy Code, including Sections 101 and 547 thereof.

45.     If an option to withdraw from and terminate this Stipulation and Settlement arises under any of ¶¶ 40–44 above: (i) neither Defendants nor Lead Plaintiffs (as the case may be) will be required for any reason or under any circumstance to exercise that option; and (ii) any exercise of that option shall be made in good faith, but in the sole discretion of Defendants or Lead Plaintiffs, as applicable.

46.     With the exception of the provisions of this ¶¶ 46–48 which shall continue to apply, in the event the Settlement is terminated as set forth herein or cannot become effective for any reason, then the Settlement shall be without prejudice, and none of its terms shall be effective or enforceable except as specifically provided herein; the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 15, 2025, and the Parties shall proceed in all respects as if this Stipulation and all related orders had not been entered. In such event, this Stipulation, and any aspect of the discussions or negotiations leading to this Stipulation shall not be admissible in this Action or any other action and shall not be used against or to the prejudice of Defendants or against or to the prejudice of Lead Plaintiffs, in any court filing, deposition, at trial, or otherwise.

47.     In the event the Settlement is terminated, as provided herein, or fails to become effective, any portion of the Settlement Amount previously paid into the Escrow Account, together with any earnings thereon, less any Taxes paid or due, less reasonable Notice and Administration Expenses actually incurred and paid or payable from the Settlement Amount, subject to limitations set forth in this Stipulation, shall be returned pursuant to Defendants' instructions within ten (10) business days after written notification of such event in accordance with instructions provided by Defendants' Counsel to Plaintiffs' Counsel.  Plaintiffs' Counsel or their designees shall apply for any tax refund owed on the amounts in the Escrow Account and pay the proceeds, after any

34

deduction of any fees or expenses incurred in connection with such application(s), of such refund to those who funded the Settlement or as otherwise directed by Defendants.

**NO ADMISSION**

48.    Except as set forth in ¶ 49 below, this Stipulation, whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms hereof, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of any of the Released Defendant Parties or any Person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against or to the prejudice of Lead Plaintiffs, or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiffs, or Settlement Class Members;

35

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any Settlement Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

49.    Notwithstanding ¶ 48 above, the Parties, and their respective counsel, may file this Stipulation and/or the Judgment in any action that may be brought against them in order to support a defense or counterclaim based on principles of *res judicata*, collateral estoppel, release, statute of limitations, statute of repose, good-faith settlement, judgment bar or reduction, or any theory of claim preclusion or issue preclusion or similar defense or counterclaim, or to effectuate any liability protection granted them under any applicable insurance policy. The Parties may file this Stipulation and/or the Judgment in any action that may be brought to enforce the terms of this

Stipulation and/or the Judgment. All Parties submit to the jurisdiction of the Court for purposes of implementing and enforcing the Settlement.

## MISCELLANEOUS PROVISIONS

50.    All of the exhibits to the Stipulation (except any plan of allocation to the extent incorporated in those exhibits), and the Supplemental Agreement are material and integral parts hereof and are fully incorporated herein by this reference.

51.    The Parties intend this Stipulation and the Settlement to be the full, final, and complete resolution of all claims asserted or that could have been asserted by the Parties with respect to the Released Plaintiffs' Claims and Released Defendants' Claims. Accordingly, the Parties agree not to assert in any court that the Action was brought, prosecuted, or defended in bad faith or without a reasonable basis. The Parties and their respective counsel agree not to contest that each has complied fully with Rule 11 of the Federal Rules of Civil Procedure in connection with the maintenance, prosecution, defense, and settlement of the Action and shall not make any application for sanctions, pursuant to Rule 11 or other court rule or statute, with respect to any claim or defense in this Action. The Parties agree that the amount paid and the other terms of the Settlement were negotiated at arm's-length and in good faith by the Parties and their respective counsel, including through a mediation process, and reflect a settlement that was reached voluntarily based upon adequate information and after consultation with experienced legal counsel, who were fully competent to assess the strengths and weaknesses of their respective clients' claims or defenses.

52.    This Stipulation, along with its exhibits and the Supplemental Agreement may not be modified or amended, nor may any of its provisions be waived, except by a writing signed on behalf of both Lead Plaintiffs and Defendants (or their successors-in-interest) by counsel for the

37

Parties hereto, or their successors, that are materially and adversely affected by the modification, amendment, or waiver.

53.    The headings herein are used for the purpose of convenience only and are not meant to have legal effect.

54.    The administration and consummation of the Settlement as embodied in this Stipulation shall be under the authority of the Court, and the Court shall retain jurisdiction for the purpose of entering orders providing for awards of attorneys' fees and Litigation Expenses and implementing and enforcing the terms of this Stipulation.

55.    The waiver by one Party of any breach of this Stipulation by any other Party shall not be deemed a waiver by any other Party, or a waiver by any Party, of any other prior or subsequent breach of this Stipulation.

56.    This Stipulation, its exhibits, and the Supplemental Agreement constitute the entire agreement among the Parties concerning the Settlement as against the Defendants, and no representation, warranty, or inducement has been made by any Party concerning this Stipulation and its exhibits other than those contained and memorialized in such documents.

57.    Nothing in the Stipulation, or the negotiations relating thereto, is intended to or shall be deemed to constitute a waiver of any applicable privilege or immunity, including, without limitation, attorney-client privilege, joint defense privilege, or work product protection.

58.    Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of this Stipulation.

59.    All designations and agreements made, or orders entered during the course of the Action relating to the confidentiality of documents or information shall survive this Stipulation.

60.    This Stipulation may be executed in one or more counterparts. All executed

counterparts and each of them shall be deemed to be one and the same instrument. Signatures sent by facsimile or via e-mail in pdf format shall be deemed originals.

61.     This Stipulation shall be binding when signed, but the Settlement shall be effective upon the Effective Date.

62.     This Stipulation shall be binding upon, and inure to the benefit of, the successors and assigns of the Parties.

63.     The construction, interpretation, operation, effect, and validity of this Stipulation, the Supplemental Agreement, and all documents necessary to effectuate the Settlement, shall be governed by the laws of the State of New York without regard to conflicts of laws, except to the extent that federal law requires that federal law govern.

64.     This Stipulation shall not be construed more strictly against one Party than another merely by virtue of the fact that it, or any part of it, may have been prepared by counsel for one of the Parties, it being recognized that it is the result of arm's-length negotiations among the Parties, and all Parties have contributed substantially and materially to the preparation of this Stipulation.

65.     All counsel and any other Person executing this Stipulation and any of the exhibits hereto, or any related Settlement document, warrant and represent that they have the full authority to do so, and that they have the authority to take appropriate action required or permitted to be taken pursuant to the Stipulation to effectuate its terms.

66.     The Parties and their respective counsel agree to cooperate fully with one another in promptly applying for preliminary approval by the Court of the Settlement and for the scheduling of a hearing for consideration of Final approval of the Settlement and Lead Counsel's Fee and Expense Application, and to agree promptly upon and execute all such other documentation as reasonably may be required to obtain Final approval by the Court of the

Settlement.

67.     If any disputes arise out of the finalization of the Settlement documentation or the Settlement itself prior to joint submission to the Court of the application for preliminary approval of the Settlement as set forth in ¶ 37 above, those disputes (after good faith attempts at resolution between the Parties) will be resolved by the Mediator, first by way of expedited telephonic mediation and if unsuccessful, then by way of final, binding, non-appealable resolution.

68.     Whether or not the Stipulation is approved by the Court and whether or not the Stipulation is consummated, the Parties and their counsel shall use their best efforts to keep all negotiations, discussions, acts performed, drafts, and proceedings in connection with negotiating the Settlement confidential, unless disclosure is compelled by the Court or required under applicable laws, rules, or regulations. Notwithstanding the foregoing, the Parties agree that this Stipulation may be filed publicly via ECF as part of any motion for preliminary approval of the Settlement.

69.     The Parties further understand and agree that Defendants deny all of the Settlement Class and Lead Plaintiffs' claims and material allegations asserted in this proceeding; and that the Parties shall, in good faith, communicate the terms of the Settlement in a manner that is consistent with the fact that no adjudication of fault was made by any court or jury. No public communication about the negotiation of the Settlement shall claim success or construe the Settlement as an admission of liability. The Parties may not make, by direct or indirect publication, any statements intended to be derogatory of the other Party and/or the claims and defenses they contemplated in the Action. For the avoidance of doubt, nothing herein shall prevent: (i) any Defendant, Pizzie, Laliberte, or O'Gorman from stating that the claims asserted in the Action were entirely without merit and that none of their conduct, statements, acts, or omissions constitute a violation of any

40

rules, regulations, or laws; or (ii) Lead Plaintiffs or Plaintiffs' Counsel from stating that the Settlement is favorable for the Settlement Class.

70.    Except as otherwise provided herein and by the Court to Plaintiffs' Counsel from the Settlement Fund, each Party shall bear its own costs, expenses, and legal fees.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 19, 2025.

**POMERANTZ LLP**

_____
Jeremy A. Lieberman
Michael Grunfeld
Brandon M. Cordovi
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
        mgrunfeld@pomlaw.com
        bcordovi@pomlaw.com

_Co-Lead Counsel for Lead Plaintiffs for the Proposed Settlement Class_

**THE ROSEN LAW FIRM, P.A.**

_____
Jacob Goldberg
Erica L. Stone
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jgoldberg@rosenlegal.com
estone@rosenlegal.com

_Co-Lead Counsel for Lead Plaintiffs for the Proposed Settlement Class_

**THE SCHALL LAW FIRM**

**MORGAN, LEWIS & BOCKIUS LLP**

_____
Michael L. Kichline (_pro hac vice_)
2222 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
michael.kichline@morganlewis.com

Emily E. Renshaw
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
emily.renshaw@morganlewis.com

Matthew C. McDonough (_pro hac vice_) (_signatory_)
Michael A. Hacker
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
matthew.mcdonough@morganlewis.com
michael.hacker@morganlewis.com

_Counsel for Defendants_

41

rules, regulations, or laws; or (ii) Lead Plaintiffs or Plaintiffs' Counsel from stating that the Settlement is favorable for the Settlement Class.

70.    Except as otherwise provided herein and by the Court to Plaintiffs' Counsel from the Settlement Fund, each Party shall bear its own costs, expenses, and legal fees.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 19, 2025.

**POMERANTZ LLP**

Jeremy A. Lieberman
Michael Grunfeld
Brandon M. Cordovi
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
        mgrunfeld@pomlaw.com
        bcordovi@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs for the Proposed Settlement Class*

**THE ROSEN LAW FIRM, P.A.**

Jacob Goldberg
Erica L. Stone
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jgoldberg@rosenlegal.com
estone@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs for the Proposed Settlement Class*

**THE SCHALL LAW FIRM**

**MORGAN, LEWIS & BOCKIUS LLP**

Michael L. Kichline (*pro hac vice*)
2222 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
michael.kichline@morganlewis.com

Emily E. Renshaw
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
emily.renshaw@morganlewis.com

Matthew C. McDonough (*pro hac vice*)
Michael A. Hacker
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
matthew.mcdonough@morganlewis.com
michael.hacker@morganlewis.com

*Counsel for Defendants*

rules, regulations, or laws; or (ii) Lead Plaintiffs or Plaintiffs' Counsel from stating that the Settlement is favorable for the Settlement Class.

70.   Except as otherwise provided herein and by the Court to Plaintiffs' Counsel from the Settlement Fund, each Party shall bear its own costs, expenses, and legal fees.

**IN WITNESS WHEREOF**, the Parties have caused this Stipulation to be executed, by their duly authorized attorneys, as of September 19, 2025.

**POMERANTZ LLP**

_____
Jeremy A. Lieberman
Michael Grunfeld
Brandon M. Cordovi
600 Third Avenue, 20th Floor
New York, New York 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
            mgrunfeld@pomlaw.com
            bcordovi@pomlaw.com

*Co-Lead Counsel for Lead Plaintiffs for the Proposed Settlement Class*

**THE ROSEN LAW FIRM, P.A.**

_____
Jacob Goldberg
Erica L. Stone
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
jgoldberg@rosenlegal.com
estone@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs for the Proposed Settlement Class*

**THE SCHALL LAW FIRM**

**MORGAN, LEWIS & BOCKIUS LLP**

_____
Michael L. Kichline (*pro hac vice*)
2222 Market Street
Philadelphia, PA 19103
Tel: (215) 963-5000
michael.kichline@morganlewis.com

Emily E. Renshaw
101 Park Avenue
New York, NY 10178-0060
Tel: (212) 309-6000
emily.renshaw@morganlewis.com

Matthew C. McDonough (*pro hac vice*)
Michael A. Hacker
One Federal Street
Boston, MA 02110
Tel: (617) 341-7700
matthew.mcdonough@morganlewis.com
michael.hacker@morganlewis.com

*Counsel for Defendants*

41

Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff*
*Thomas Giblin*

**PASKOWITZ LAW FIRM P.C**
Laurence D. Paskowitz (LP-7324)
97-45 Queens Boulevard
Suite 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
lpaskowitz@pasklaw.com

*Additional Counsel for Lead Plaintiff Paul*
*Berger, for himself and as sole trustee of the*
*Paul Berger Revocable Trust*

42

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE AXSOME THERAPEUTICS, INC.
SECURITIES LITIGATION

Case No.: 1:22-cv-3925-LGS

---

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF**
**CLASS ACTION SETTLEMENT**

**WHEREAS:**

A.     On September 19, 2025, Lead Plaintiffs Thomas Giblin ("Giblin"), Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust ("Berger"), and Paul Sutherland ("Sutherland" and with Giblin and Berger, "Lead Plaintiffs" or "Plaintiffs") on behalf of themselves and all other members of the Settlement Class (defined below), and Axsome Therapeutics, Inc. ("Axsome" or the "Company"), Herriot Tabuteau, and Mark Jacobson (collectively, "Defendants" and together with the Lead Plaintiffs, the "Parties"), entered into a Stipulation of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Class Action Complaint (the "Second Amended Complaint") (ECF No. 76), filed on February 7, 2024, on the merits and with prejudice (the "Settlement");

B.     The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C.     The Parties to the Stipulation have consented to the entry of this order; and

D.      All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this _____ day of _____, 2025, that:**

1.      The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2.      Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or that purchased or otherwise acquired Axsome common stock during the period from May 10, 2021 to April 22, 2022, both dates inclusive. Excluded from the Settlement Class are: (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' Immediate Families and their legal representatives, heirs, successors or assigns; (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of Individual Defendants' and officers' and directors' Immediate Families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%; and (v) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by this Court.

3.      Solely for the purposes of the proposed Settlement of this Action, the Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a)

2

and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

(a)     the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

(b)     there are questions of law and fact common to the Settlement Class Members;

(c)     the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

(d)     Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

(e)     the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

(f)     a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.     Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Berger, Giblin, and Sutherland are preliminarily certified as Class Representatives for the Settlement Class. The law firms of Pomerantz LLP and The Rosen Law Firm, P.A. are preliminarily appointed Class Counsel for the Settlement Class.

5.     A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, in Courtroom 1106, on _____, 202___, at __:____ _.m. [a date at least 100 days from the entry of this Order] for the following purposes:

3

(a)    to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

(b)    to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

(c)    to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firms of Pomerantz LLP and The Rosen Law Firm, P.A. should be finally appointed as Class Counsel for the Settlement Class;

(d)    to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

(e)    to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

(f)    to rule upon such other matters as the Court may deem appropriate.

6.    The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein

4

without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website for the Settlement.

7.      The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Long Notice"), the Proof of Claim and Release Form ("Claim Form"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice substantially in the forms annexed hereto as Exhibits 1, 2, 3, and 4, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Long Notice, Summary Notice, and Claim Form substantially in the manner and form set forth in this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8.      The Court approves the retention of and appoints Strategic Claims Services as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

9.      No later than fifteen (15) business days after the later of: (a) the date of entry of this Order preliminarily approving the Settlement; or (b) the Defendants' receipt from Plaintiffs of valid wiring instructions, a telephone point of contact for verification of those instructions, and

a completed IRS Form W-9, necessary to transfer the Settlement Payment into the Escrow Account, Defendants will deposit, or cause to be deposited, seven million seven hundred fifty thousand U.S. dollars ($7,750,000) into the Escrow Account.

10.    At any time after entry of this Order, Lead Counsel may, without further approval from the Court or Defendants, disburse up to two hundred and fifty thousand dollars ($250,000) from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs prior to the Effective Date.  After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional reasonable and necessary Notice and Administration Costs without further Order of the Court.

11.    Within seven (7) calendar days after entry of this Order, Axsome will, at its own expense, provide or cause to be provided to Lead Counsel a list (consisting of names, mailing addresses, and email addresses, if available) of the holders of Axsome common stock during the Class Period in electronic format, such as Excel. The Parties acknowledge that any this information provided to Lead Counsel shall be treated as confidential and will be used by Lead Counsel solely to provide Notice and/or implement the Settlement.

12.    Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Long Notice, and the Claim Form to be posted on the Claims Administrator's website within fourteen (14) calendar days after entry of this Order.

13.    Within ten (10) business days of entry of this Order, Lead Counsel, through the Claims Administrator, shall either: (a) email links to the location of the electronic Long Notice and Claim Form to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses with reasonable effort, substantially in the form as Exhibits A-1 and A-2 to the Stipulation; or (b) if no email address can be obtained, cause the Postcard Notice,

6

substantially in the form as Exhibit A-4 to the Stipulation, to be mailed by first-class mail, postage prepaid, to Settlement Class Members whom the Claims Administrator can identify with reasonable effort.

14. Lead Counsel, through the Claims Administrator, shall use reasonable efforts to give notice to nominees such as custodians, brokerage firms, and other Persons and entities that purchased or otherwise acquired Axsome common stock during the Class Period for the benefit of another person of entity. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (a) provide to the Claims Administrator the name, email address, and last known address of each Person or organization for whom or which it purchased or otherwise acquired Axsome common stock during the Class Period; (b) request from the Claims Administrator a link to the electronic Long Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within ten (10) calendar days of receipt of the link from the Claims Administrator; or (c) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and within ten (10) calendar days of receipt, mail the Postcard Notice directly to the beneficial owners of Axsome common stock. Nominees that choose to follow alternative procedures (b) or (c) shall, upon such emailing or mailing, send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. If the Claims Administrator receives a valid email address for a beneficial owner, it will promptly send a link to the Long Notice and Claim Form electronically, and, if not, it will promptly mail a Postcard Notice to the beneficial owner. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.02 per name, address and email address provided to the Claims Administrator; up to $0.02 per Postcard Notice actually mailed, plus postage at the pre-sort rate

used by the Claims Administrator; or up to $0.02 per link to the electronic Long Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice. Postcard Notices may only be printed by the Claims Administrator.

15.     Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court proof of the mailing and emailing of the link to the electronic Long Notice and Claim Form and/or Postcard, as required by this Order.

16.     Lead Counsel shall cause the Summary Notice to be published once in *GlobeNewswire* within fourteen (14) calendar days of entry of this Order. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

17.     In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a)     A properly completed and executed Claim Form must be submitted to the Claims Administrator: (i) electronically through the Claims Administrator's website, www.strategicclaims.net/Axsome/ by 11:59 p.m. EST on _____ __, 202__; or (ii) at the Post Office Box indicated in the Notice, postmarked no later than _____ __, 202__ (seven (7) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when: (i) the

8

Claimant receives a confirmation notice from Strategic Claims Services for electronic submissions; or (ii) legibly postmarked (if properly addressed and mailed by first class mail), provided such Claim Form is actually received before the Settlement Hearing. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b)    The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(c)    Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient shall be afforded a

9

reasonable time (at least ten (10) calendar days from the date the Claims Administrator provides notice of the deficiency) to cure such deficiency if it shall appear that such deficiency may be cured.  If any Claimant whose claim has been rejected in whole or in part (either due to an uncurable deficiency, a failure to cure a deficiency, or any other stated basis) wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the rejection or partial rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

(d)    As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

18.    All Settlement Class Members who do not submit valid and timely Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and Judgment, if entered, unless they validly exclude themselves from the Settlement Class.

19.    Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

20.    Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as

10

hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Long Notice for such exclusions, such that it is received no later than _____, 202__ (twenty-eight (28) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"). To be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.)," and (B) states the number of shares of publicly-traded Axsome common stock the Settlement Class Member (i) owned as of the opening of trading on May 10, 2021, (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction, and (iii) held as of the close of trading on April 22, 2022.  To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of publicly-traded Axsome common stock during the Class Period; and (ii) demonstrating the Settlement Class Member's status as a beneficial owner of the Axsome common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21.     The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to Lead Counsel as soon as possible and no later than the Exclusion Deadline or upon the receipt

11

thereof (if later than the Exclusion Deadline). Lead Counsel shall provide Defendants' Counsel with copies of any requests for exclusion from the Settlement Class, and any written revocations of requests for exclusion, on a rolling basis as expeditiously as possible, by email. The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

22.    Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) business days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

23.    All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

24.    The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel at least twenty-eight (28) calendar days prior to the Settlement Hearing date:

| **Lead Counsel** | **Lead Counsel** | **Counsel For** |
|---|---|---|
| Jeremy A. Lieberman, Esq. | Jacob A. Goldberg, Esq. | **Defendants** |
| Michael Grunfeld, Esq. | Erica L. Stone, Esq. | Michael L. Kichline, |
| POMERANTZ LLP | THE ROSEN LAW FIRM, P.A. | Esq. |
| 600 Third Avenue, Floor 20 | 275 Madsion Avenue, 40th Floor | MORGAN, LEWIS & |
| New York, NY 10016 | New York, NY 10016 | BOCKIUS LLP |
| | | 2222 Market Street |
| | | Philadelphia, PA 19103 |

and that Person has (at least twenty-eight (28) calendar days prior to the Settlement Hearing date) filed said objections, papers, and briefs, showing due proof of service upon counsel identified above, with the Clerk of the Court, United States District Court for the Southern District of New

York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. To be valid, any such objections must include: (1) the objector's name, address, telephone number, and e-mail address of the objector and signature of the objector; (2) a list of all purchases and sales of Axsome common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the objector or to the objector's counsel; (4) the name, address, and telephone number of all counsel, if any, who represent the objector, including the objector's former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the objector and/or the objector's counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

25.    Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in the Action.

26.    Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

27.    Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Lead

13

Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

28.    All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

29.    No Person who is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

30.    All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

31.    Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiffs.

32.    If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties

14

shall be deemed to have reverted to their respective litigation positions in the Action as of August 15, 2025.

33.    Neither this Order, the term sheet entered into by and between the Parties on August 28, 2025, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any Person or entity whatsoever, or of any infirmity in any of Defendants' defenses; (b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against or to the prejudice of Lead Plaintiffs, or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiffs, or Settlement Class Members; (c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any Settlement Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, Settlement Class Members, or their respective counsel, in any

15

other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and (e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

34.    The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.


DATED this _____ day of _____, 2025


_____
HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

16

# EXHIBIT A-1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

## NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you purchased or acquired Axsome Therapeutics, Inc. ("Axsome") common stock during the period from May 10, 2021 to April 22, 2022, inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").[1]

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on _____, 202__ at _____ :__ __.m. to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide for the payment of $7,750,000 (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, expenses, compensatory awards to Lead Plaintiffs, Notice and Administration Expenses, and Taxes on interest, to persons and entities who purchased Axsome common stock during the Class Period, and who submit an eligible Proof of Claim and Release Form ("Claim Form").

- The Settlement represents an estimated average recovery of $0.46 per share for the approximately 16.9 million shares of publicly-traded Axsome common stock damaged during the Class Period. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Axsome common stock, the purchase and sales prices, and the total number and amount of claims filed.

- Attorneys for Lead Plaintiffs and the Settlement Class, Pomerantz LLP and The Rosen Law Firm, P.A. ("Lead Counsel"), intend to ask the Court to award them and additional counsel Paskowitz Law Firm P.C. and The Schall Law Firm (together "Plaintiffs' Counsel") fees of up to 30% of the Settlement Amount, plus interest, payment of up to $250,000 in litigation expenses, and up to $30,000, in total in compensatory awards to Lead Plaintiffs, pursuant to the Private Securities Action Reform Act of 1995 ("PSLRA"), plus interest. Since the Action's inception, Plaintiffs' Counsel have expended considerable time and effort in this case on a contingent-fee basis and have advanced the expenses of the litigation with the expectation that if they were successful in obtaining a recovery for the class, they would be paid from such recovery. Collectively, the requested attorneys' fees, litigation expenses and compensatory

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated September 19, 2025 (the "Stipulation"), available at www.strategicclaims.net/Axsome/.

awards to Lead Plaintiffs are estimated to average approximately $0.15 per share. If approved by the Court, these amounts will be paid from the Settlement Fund (defined below).

- The estimated average net recoveries, after the deductions set forth in the preceding paragraph, are approximately $0.30 per share. These estimates are based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on, among other things, when your shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much; and the aggregate value of the Recognized Losses represented by valid and acceptable Claim Forms.

- The Settlement resolves the Action and the claims that Axsome and the Individual Defendants (collectively, "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*, Axsome's drug candidate AXS-07 and its New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") for AXS-07. Defendants have entered into the Stipulation with Lead Plaintiffs (collectively, the "Parties"). Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted by Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- The Parties disagree on how much money, if any, could have been won if Lead Plaintiffs prevailed on any of their claims.

- For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the costs and delay associated with completing discovery, the risk that the Court may refuse to certify a class and/or grant anticipated motions for summary judgment filed by Defendants, in whole or in part, the risks involved in proving the allegations, the uncertainty of a greater recovery after a trial and appeals, and the difficulties and delays inherent in such litigation. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

- If you are a Settlement Class Member, your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.

EXHIBIT A-1

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Claim Forms must be postmarked or submitted online **on or before _____, 202_** |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims that were or could have been asserted in this case. Requests for exclusion must be received **on or before _____, 202_** |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by the Court and counsel **on or before _____, 202_** |
| **PARTICIPATE IN THE HEARING** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. Requests to speak must be received by the Court and counsel **on or before _____, 202_** |
| **DO NOTHING** | Get no payment. Give up your rights. |

## INQUIRIES

**Please do not contact the Court, Defendants, Defendants' Counsel, or the Office of the Clerk of Court regarding this Notice.** All inquiries concerning this Notice, the Claim Form, or any other questions by Settlement Class Members should be directed to:

| *Axsome Therapeutics, Inc. Securities Litigation* Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Tel.: (866) 274-4004 Fax: (610) 565-7985 info@strategicclaims.net | Jeremy A. Lieberman, Esq. Michael Grunfeld, Esq. POMERANTZ LLP 600 Third Ave, Floor 20 New York, NY 10016 Tel.: (212) 661-1100 Fax: (917) 463-1044 jalieberman@pomlaw.com mgrunfeld@pomlaw.com | Jacob Goldberg Esq. Erica L. Stone, Esq. THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 40th Floor New York, NY 10016 Tel.: (215) 600-2817 Fax: (212) 202-3827 jgoldberg@rosenlegal.com estone@rosenlegal.com |
|---|---|---|

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1.    Why did I receive notice of the Settlement? |
|---|

You or someone in your family may have purchased or otherwise acquired Axsome common stock during the period from May 10, 2021 to April 22, 2022, both dates inclusive.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.** The Parties do not have access to your individual investment information. If you wish to be eligible

for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 10 below.

| 2. | What is this case about? |
|---|---|

This Settlement resolves the case known as *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Action involves allegations that Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act"). The operative Second Amended Class Action Complaint (the "Complaint") alleges that Defendants made materially false and misleading statements regarding Axsome's drug candidate AXS-07, its NDA to the FDA, and manufacturing issues related to AXS-07. The Complaint alleges that Axsome's common stock price was artificially inflated and when the true facts were revealed, the artificial inflation was removed from the price of Axsome's common stock, causing the price to drop and damaging Settlement Class Members.

On March 31, 2025, the Court denied Defendants' motion to dismiss the Complaint. Specifically, the Court found that Lead Plaintiffs sufficiently alleged that Defendants statements contained certain misrepresentations and/or omissions of material fact about Axsome's drug candidate AXS-07, its NDA to the FDA, and/or manufacturing issues related to AXS-07. The Court did not finally decide the case in favor of Lead Plaintiffs or Defendants and there has been no trial. Instead, both sides agreed to a settlement.

Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action and maintain that Axsome's disclosures were true and correct in all material respects. The Settlement shall not be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of Defendants or any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to the Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other related claims or potential claims, whether known or unknown.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a settlement? |
|---|---|

Lead Plaintiffs and Defendants do not agree about the merits of Lead Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail at trial on any of their claims. The issues on which Lead Plaintiffs and the Defendants disagree include: (1) whether Defendants made any allegedly materially false or misleading statements; (2) whether Defendants acted knowingly or grossly recklessly in making any alleged misrepresentation or omission; (3) whether alleged disclosures corrected the alleged misrepresentations or omissions; (4) the causes of the loss in the value of Axsome common stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Lead Plaintiffs or Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the case. Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they would have been able to prove that any challenged statement was false or misleading, that Defendants acted with the necessary level of scienter, that any disclosure corrected the alleged misrepresentations or omissions, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Moreover, in addition to litigation of this type usually being expensive, it appears that, even if Lead Plaintiffs' allegations were found to be true, the total amount of damages to which class members might have been entitled could have been substantially reduced. For the avoidance of doubt, Defendants believe that Lead Plaintiffs' allegations and claims are without merit, maintain that Axsome's disclosures were true and correct in all material respects, and maintain that they have agreed to resolve this case to avoid the burden, expense, uncertainty, and risk of further litigation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | How do I know if I am part of the Settlement Class? |
|----|---|

The Settlement Class is comprised of all persons and entities who or that purchased or otherwise acquired Axsome common stock from May 10, 2021 to April 22, 2022, both dates inclusive, subject to the exclusions in Question 6 below.

Check your investment records or contact your stockbroker to see if you have any eligible securities transactions. The Parties do not independently have access to your trading information.

| 6. | Are there exceptions to being included in the Settlement Class? |
|----|---|

Yes. Excluded from the Settlement Class are: (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of the Individual Defendants' and officers' and directors' immediate families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%; and (v) Persons who submit valid and timely a request for exclusion as described below in the response to Question 13.

| 7. | What if I am still not sure if I am included? |
|----|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (866) 274-4004 or at info@strategicclaims.net or by visiting the website www.strategicclaims.net/Axsome/, or you can fill out and return the Claim Form described in Question 10 to see if you qualify.

EXHIBIT A-1

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| **8.    What does the Settlement provide?** |
| --- |

The proposed Settlement provides for Defendants to pay, or cause the payment of, $7,750,000 into a settlement fund, which may accrue interest (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable Litigation Expenses to Plaintiffs' Counsel, with interest, and compensatory awards to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay Taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing the Postcard Notice, the costs of publishing notice, and the costs of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation to be approved by the Court ("Authorized Claimants").

| **9.    How much will my payment be?** |
| --- |

Your share of the Net Settlement Fund will depend on several factors, including: (i) when you purchased or otherwise acquired Axsome common stock during the Class Period, and the price at the time of purchase or acquisition; (ii) whether you sold Axsome common stock and, if so, when and for how much; (iii) the Recognized Losses (defined in the proposed Plan of Allocation) of timely and valid claims submitted by other Settlement Class Members; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees and expenses, and compensatory awards to Lead Plaintiffs.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Losses calculated pursuant to the allocation formulas set forth in the Plan of Allocation approved by the Court. The allocation formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members with valid claims. The allocation formulas are not intended to estimate the amount that a Settlement Class Member might have been able to recover after a trial; they also are not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement.

It is unlikely that you will get a payment for all of your Recognized Losses. After all Settlement Class Members have sent in their Claim Forms, the payment you get will be a share of the Net Settlement Fund equal to your Recognized Losses divided by the total Recognized Losses of all Authorized Claimants, multiplied by the amount of the Net Settlement Fund.

## PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors or company-specific factors unrelated to the alleged fraud.  The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Axsome common stock purchased or otherwise acquired during the Class Period.[2] The calculation of Recognized Loss will depend upon several factors, including when shares of Axsome common stock were purchased or otherwise acquired during the Class Period, in what amounts, whether those shares were sold, and, if sold, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered after a trial, nor the amount that will be paid to Authorized Claimants pursuant to the Settlement.  Rather, the Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund in a manner that is both equitable and economically feasible.

The Plan of Allocation was developed with the assistance of a consulting damages expert and is based on the assumption that the price of Axsome common stock was artificially inflated throughout the Class Period.  The estimated amount of alleged artificial inflation during the Class Period is set forth in Table 1 below.  The calculation of the alleged artificial inflation in the price of Axsome common stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and on stock price declines, net of market- and industry-wide factors, that occurred in reaction to the public announcements that allegedly corrected those misrepresentations.

The U.S. federal securities laws allow investors to recover for losses only to the extent that such losses were caused by disclosures correcting the defendants' prior false or misleading statements or omissions. Accordingly, in order to be eligible for a recovery under the Plan of Allocation, shares of Axsome common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which the price declined due to the disclosure of information correcting an allegedly misleading statement or omission.  Lead Plaintiffs and Lead Counsel have determined that such a price decline occurred on April 25, 2022.  Thus, if a share of Axsome common stock was sold before April 25, 2022, the Recognized Loss for that share will be $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 | | |
| Alleged Artificial Inflation in Axsome Common Stock | | |
| From | To | Per-Share Price Inflation |
| --- | --- | --- |
| Monday, May 10, 2021 | Friday, April 22, 2022 | $9.61 |
| Monday, April 25, 2022 | Thereafter | $0.00 |

The "90-day look back" provision of PSLRA is incorporated into the calculation of the Recognized Loss for Axsome common stock.  The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Axsome common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period.  The Recognized Loss on Axsome common stock purchased during the Class Period and sold during the 90-Day Lookback

---

[2] During the Class Period, Axsome traded on the Nasdaq Global Market under the ticker symbol "AXSM."

Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions.  If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero.  Any transactions in Axsome common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of Axsome Common Stock

For each share of Axsome common stock purchased or otherwise acquired during the Class Period (i.e., May 10, 2021 through April 22, 2022, inclusive), the Recognized Loss per share shall be calculated as follows:

i. For each share of Axsome common stock purchased during the Class Period that was subsequently sold prior to April 25, 2022, the Recognized Loss is $0.

ii. For each share of Axsome common stock purchased during the Class Period that was subsequently sold during the period April 25, 2022 through July 22, 2022, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:
   a. $9.61; or
   b. the purchase price *minus* the "90-Day Lookback Value" on the date of sale as set forth in Table 2 below.

iii. For each share of Axsome common stock purchased during the Class Period and still held as of the close of trading on July 22, 2022, the Recognized Loss is *the lesser of*:
   a. $9.61; or
   b. the purchase price *minus* the average closing price for Axsome common stock during the 90-Day Lookback Period, which was $32.07.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** | **Sale / Disposition Date** | **90-Day Lookback Value** |
| 4/25/2022 | $30.50 | 5/24/2022 | $30.81 | 6/24/2022 | $27.75 |
| 4/26/2022 | $30.25 | 5/25/2022 | $30.56 | 6/27/2022 | $27.96 |
| 4/27/2022 | $30.33 | 5/26/2022 | $30.30 | 6/28/2022 | $28.18 |
| 4/28/2022 | $30.75 | 5/27/2022 | $30.14 | 6/29/2022 | $28.37 |
| 4/29/2022 | $30.95 | 5/31/2022 | $29.95 | 6/30/2022 | $28.58 |
| 5/2/2022 | $31.46 | 6/1/2022 | $29.73 | 7/1/2022 | $28.83 |
| 5/3/2022 | $32.09 | 6/2/2022 | $29.55 | 7/5/2022 | $29.08 |
| 5/4/2022 | $32.89 | 6/3/2022 | $29.41 | 7/6/2022 | $29.35 |
| 5/5/2022 | $33.32 | 6/6/2022 | $29.30 | 7/7/2022 | $29.66 |
| 5/6/2022 | $32.97 | 6/7/2022 | $29.27 | 7/8/2022 | $29.97 |

| 5/9/2022 | $32.41 | 6/8/2022 | $29.22 | 7/11/2022 | $30.22 |
|---|---|---|---|---|---|
| 5/10/2022 | $32.15 | 6/9/2022 | $29.12 | 7/12/2022 | $30.44 |
| 5/11/2022 | $31.66 | 6/10/2022 | $28.98 | 7/13/2022 | $30.70 |
| 5/12/2022 | $31.21 | 6/13/2022 | $28.79 | 7/14/2022 | $30.94 |
| 5/13/2022 | $30.99 | 6/14/2022 | $28.62 | 7/15/2022 | $31.16 |
| 5/16/2022 | $30.98 | 6/15/2022 | $28.47 | 7/18/2022 | $31.33 |
| 5/17/2022 | $31.13 | 6/16/2022 | $28.29 | 7/19/2022 | $31.55 |
| 5/18/2022 | $31.13 | 6/17/2022 | $28.14 | 7/20/2022 | $31.76 |
| 5/19/2022 | $31.15 | 6/21/2022 | $28.01 | 7/21/2022 | $31.94 |
| 5/20/2022 | $31.18 | 6/22/2022 | $27.90 | 7/22/2022 | $32.07 |
| 5/23/2022 | $31.03 | 6/23/2022 | $27.83 | N/A | N/A |

## INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

Any payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Axsome common stock shall be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

Acquisition by gift, inheritance, or operation of law: If a Settlement Class Member acquired Axsome common stock during the Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Axsome shares were originally purchased prior to the commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Axsome common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Axsome common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Axsome common stock held as of the close of trading on May 7, 2021 (the last trading day before the Class Period begins) and then against the purchase of Axsome common stock during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Axsome common stock, the earliest subsequent Class Period purchases shall be matched against such short position and shall not be entitled to a recovery until that short position is fully covered.

9

With respect to Axsome common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price. Any Recognized Loss arising from purchases of Axsome common stock acquired during the Class Period through the exercise of a publicly traded option on Axsome common stock shall be computed as provided for other purchases of Axsome common stock in the Plan of Allocation.[3]

Notwithstanding any of the foregoing, shares of Axsome common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities (including, without limitation, options, warrants, convertible notes, or restricted stock units) are not eligible for recovery under the Settlement. Likewise, the receipt of Axsome common stock during the Class Period in exchange for securities of any corporation or entity other than Axsome, or through a merger, acquisition, or sale of any corporation or entity, shall not be deemed a purchase or sale of Axsome common stock for purposes of the Settlement, and such shares shall be ineligible for recovery.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraphs. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then the Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Claim Form, with appropriate supporting documentation, will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Claim Form.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Claim Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement. No person shall have any

---

[3] The "exercise of an option" as used in this sentence includes: (1) purchases of Axsome common stock as the result of the exercise of a call option, and (2) purchases of Axsome common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement.  If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator, as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance shall be contributed to a private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs.

## HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM

**10.     How can I get a payment?**

To qualify for a payment, you must submit a Claim Form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Claim Form is enclosed with this Notice and may also be downloaded at or submitted online using the website claim portal. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Claim Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Axsome/ **by 11:59 p.m. EST on _____ __, 202__**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than _____ __, 202__**, to:

*Axsome Therapeutics, Inc. Securities Litigation*
Strategic Claims Services
P.O. Box 230
600 N, Jackson St., Ste. 205

11

EXHIBIT A-1

Media, PA 19063

| 11. | When would I get my payment? |
|---|---|

The Court will hold a Settlement Hearing on ____, 202___ at _____ _.m. to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

If you are a Settlement Class Member, **unless you exclude yourself from the Settlement Class by the _____, 202__ deadline**, you will remain a Settlement Class Member and will be bound by the release of claims against Defendants and other Released Defendant Parties if the Settlement is approved. It also means you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment. The Judgment will dismiss with prejudice the claims against the Released Defendant Parties and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released. You will accept a share of the Net Settlement Fund as sole compensation for any losses you allegedly suffered as a result of your purchase or acquisition of Axsome common stock during the Class Period. Additional specific terms of the release are included in the Stipulation available at www.strategicclaims.net/Axsome/.

### EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class. Defendants can terminate the Settlement if a certain amount of exclusion requests are received.

| 13. | How do I get out of the proposed Settlement? |
|---|---|

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Defendant Parties on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information

(if any) and states that you "request to be excluded from the Settlement Class in *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.)"; and (B) states the number of shares of publicly-traded Axsome common stock you (i) owned as of the opening of trading on May 10, 2021, (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction, and (iii) held as of the close of trading on April 22, 2022.

To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of publicly-traded Axsome common stock during the Class Period; and (ii) demonstrating your status as a beneficial owner of the Axsome common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request so that it is **received no later than _____, 202__ at**:

*Axsome Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N, Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by email.** If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any orders or the Judgment in this case.

| 14. | If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Defendant Parties or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **_____, 202__.**

| 15. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

**THE LAWYERS REPRESENTING YOU**

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court has appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Lead Counsel to the Settlement Class to represent you and the other Settlement Class Members. Lead Counsel has also worked with The Schall Law Firm and Paskowitz Law Firm P.C., additional counsel for certain of the Lead Plaintiffs, on behalf of the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action. Contact information for Lead Counsel is provided above.

| 17. | How will the lawyers be paid? |
|-----|-------------------------------|

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or for their expenses in advance of this Settlement. Court-appointed Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund ($2,325,000), plus interest.[4] The choice of Lead Counsel to share any of the attorneys' fees awarded by the Court will not influence the amount of attorneys' fees awarded to Lead Counsel by the Court. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $250,000, plus interest, and compensatory awards to Lead Plaintiffs of no more than $30,000, in total, for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT AND RELATED MATTERS

| 18. | How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation? |
|-----|--------------------------------------------------------------------------------------------------------------------------------|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and Litigation Expenses in "*In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.)." You must include: (1) your name, address, telephone number, email address, and your signature; (2) a list of all purchases and sales of Axsome common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to you or your counsel; (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their

---

[4] The attorney fee application will be made collectively on behalf of Plaintiffs' Counsel. Attorneys' fees awarded by the Court will be divided pursuant to fee sharing agreements among Pomerantz LLP, The Rosen Law Firm, P.A., The Schall Law Firm, and Paskowitz Law Firm P.C. in accordance with each of their respective work and level of contribution to the Action. The Schall Law Firm is located at 2049 Century Park East, Suite 2460, Los Angeles, California 90067 and Paskowitz Law Firm P.C. is located at 97-45 Queens Boulevard, Suite 1202, Rego Park, New York 11374.

written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to each of the addresses listed below, to be received no later than ___ 202__:

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Hearing.

All written objections and supporting papers must be submitted to the Court either by mailing them to, or filing them with, the Clerk of the Court such that they are received by the Court or filed no **later than ____, 202__** at the following address: Clerk of the Court, United States District Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007.

You must also mail or deliver copies of any objections, papers and briefs to **each** of the counsel below such that they are **received no later than ____, 202__:**

| **Lead Counsel** | **Lead Counsel** | **Counsel For Defendants** |
|---|---|---|
| Jeremy A. Lieberman, Esq. | Jacob A. Goldberg, Esq. | Michael L. Kichline, Esq. |
| Michael Grunfeld, Esq. | Erica L. Stone, Esq. | MORGAN, LEWIS & BOCKIUS |
| POMERANTZ LLP | THE ROSEN LAW FIRM, P.A. | LLP |
| 600 Third Avenue, Floor 20 | 275 Madsion Avenue, 40th Floor | 2222 Market Street |
| New York, NY 10016 | New York, NY 10016 | Philadelphia, PA 19103 |

| **19.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is telling the Court you do not like something about the Settlement or some part of it. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

## THE COURT'S SETTLEMENT HEARING

The Court will hold a hearing to decide whether to approve the proposed Settlement, the Fee and Expense Application, and the Plan of Allocation. You may participate, and you may ask to speak, but you do not have to.

| **20.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing, either in person or remotely at the Court's discretion, on ____, 202___ at _____ ___.m. at the United States District Court, 40 Foley Square, Courtroom 1106, New York, NY, 10007.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided

for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Plaintiffs' Counsel for attorneys' fees and expenses and compensatory awards to Lead Plaintiffs for their service to the Settlement Class.

You should be aware that the Court may change the date and time of the Settlement Hearing, or decide to hold it remotely, without another notice being mailed to Settlement Class Members. If you want to attend the hearing, you should check with Lead Counsel or on the Settlement website, www.strategicclaims.net/Axsome/ beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submit your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined in the Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | How do I get more information about the case? |
|---|---|

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the proposed Settlement, please see the Stipulation. More information about the matters involved in the Action, including, among other documents, copies of the Stipulation and Claim Form, is available at www.strategicclaims.net/Axsome/. For even more detailed information concerning the matters involved in this Action, see the pleadings filed in the case, the papers filed in support of the Settlement and the Fee and Expense Application, and the orders entered by the Court, which are available for review during business hours at the Office of

EXHIBIT A-1

the Clerk of the Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files system at https://www.pacer.gov.

**SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES**

If, during the Class Period, you purchased and/or sold Axsome common stock for the beneficial interest of a person or entity other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name and last known address and email address (to the extent that email addresses are available) of each person or entity for whom or which you purchased and/or sold Axsome common stock during such time period; (b) request from the Claims Administrator the link to the electronic Long Notice and Claim Form and, WITHIN TEN (10) CALENDAR DAYS of receipt of the link, email it to all such beneficial owners; or (c) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such emailing or mailing, you send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

You may request reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to: $0.02 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for Postcard Notices mailed by nominees; $0.02 per link to the electronic Long Notice and Claim Form sent by email; or $0.02 per mailing record and email address provided to the Claims Administrator. Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page _____ above.

DATED: _____, 2025               BY ORDER OF THE UNITED STATES
                                          DISTRICT COURT FOR THE SOUTHERN
                                          DISTRICT OF NEW YORK

17

# EXHIBIT A-2

EXHIBIT A-2

## PROOF OF CLAIM AND RELEASE FORM

**Deadline for Submission:**  _____

If you purchased or otherwise acquired Axsome Therapeutics, Inc. ("Axsome") common stock during the period from May 10, 2021 to April 22, 2022, inclusive (the "Class Period"), and were allegedly damaged thereby, you are a "Settlement Class Member" and you may be entitled to share in the Settlement proceeds.[1] (Excluded from the Settlement Class are (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of the Individual Defendants' and officers' and directors' immediate families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%; and (v) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.)

If you are a Settlement Class Member, you must complete and submit this Proof of Claim and Release Form ("Claim Form") in order to be eligible for any Settlement benefits. You can complete and submit the electronic version of this Claim Form by 11:59 p.m. EST on _____, 202__ at www.strategicclaims.net/Axsome/.

If you do not complete and submit an electronic version of this Claim Form, you must complete and sign this Claim Form and mail it by first class mail, postmarked no later than _____, 202__ to Strategic Claims Services, the Claims Administrator, at the following address:

Axsome Therapeutics, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063

Your failure to submit your claim by _____, 202_ will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your claim to the Court or to any of the Parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not share in the Settlement, but you nevertheless will be bound by the Judgment of the Court unless you exclude yourself.

Submission of a Claim Form does not assure that you will share in the proceeds of the Settlement.

---

[1] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Stipulation of Settlement ("Stipulation"). The Stipulation may be obtained at www.strategicclaims.net/Axsome/ or by contacting the Claims Administrator by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985.

EXHIBIT A-2

## CLAIMANT'S STATEMENT

1. I (we) purchased or otherwise acquired Axsome common stock during the Class Period. (Do not submit this Claim Form if you did not purchase or otherwise acquire Axsome common stock during the Class Period.)

2. By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above, the Stipulation, or in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member, e.g., as an executor, administrator, trustee, or other representative, you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4. I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Axsome common stock during the time period requested below, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5. I (we) have enclosed copies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchases (or other acquisitions) and sales of Axsome common stock listed below in support of my (our) claim. (If any such documents are not in your possession, please obtain a copy or equivalent documents from your stockbroker or tax advisor because these documents are necessary to prove and process your claim. **YOUR FAILURE TO SUBMIT COPIES OF OFFICIAL DOCUMENTS EVIDENCING YOUR PURCHASES (OR OTHER ACQUISITIONS) AND/OR SALES OF AXSOME COMMON STOCK WILL CAUSE THE CLAIMS ADMINISTRATOR TO REJECT YOUR CLAIM**.)

6. I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably

calculate your Recognized Loss (as that term is defined in the Notice). In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and final release, relinquishment and discharge by me (us) and my (our) successors and assigns in any capacity (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her, or them, and by its, his, her, or their successors and assigns in any capacity) of each of the "Releasees" of all "Released Plaintiffs' Claims" as those terms are defined in the Stipulation.  I (we) further agree and acknowledge that I (we) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them and anyone claiming through or on its, his, her, or their behalf), will be permanently and forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute, in any capacity, any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum asserting the Released Plaintiffs' Claims against any of the Released Defendant Parties.

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and anyone claiming through or on its, his, her, or their behalf) to permanently refrain from instituting, commencing or prosecuting in any capacity any Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.  "Released Defendant Parties" has the meaning set forth in the Stipulation.

10. "Released Plaintiffs' Claims" has the meaning set forth in the Stipulation.

11. "Unknown Claims" has the meaning set forth in the Stipulation.

12. I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims, but expressly fully, finally, and forever settle and release, any and all Released Plaintiffs' Claims, known or Unknown Claims, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden, which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

3

13. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims was separately bargained for and is a material element of the Settlement of which this release is a part.

14. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. (This is different than the online claim portal on the Settlement website.) If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection. All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 2 of the Claimant's Statement), along with the electronic spreadsheet format. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

15. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/Axsome/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted. If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

4

EXHIBIT A-2

## I.    CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Account Number | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

## II.    SCHEDULE OF TRANSACTIONS IN AXSOME THERAPEUTICS, INC. ("AXSOME") COMMON STOCK

**Beginning Holdings:**

A. State the total number of shares of Axsome common stock held at the opening of trading on May 10, 2021 (*must be documented*). If none, write "zero" or "0."

**Purchases/Acquisitions:**

B. Separately list each and every purchase or acquisition of Axsome common stock from May 10, 2021 through July 22, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |

5

EXHIBIT A-2

|  |  |  |  |
|---|---|---|---|
|  |  |  |  |

**Sales:**

C. Separately list each and every sale of Axsome common stock between from May 10, 2021 through July 22, 2022, both dates inclusive, and provide the following information (must be documented):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price Per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D. State the total number of shares of Axsome common stock held at the close of trading on July 22, 2022 (must be documented). If none, write "zero" or "0."

## III.    SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | **or** | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV.    CERTIFICATION

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I

6

am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases/acquisitions or sales of Axsome common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

## V.    DECLARATION UNDER PENALTY OF PERJURY, SIGNATURE, & DATE

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

7

EXHIBIT A-2

**THIS CLAIM FORM MUST BE SUBMITTED ELECTRONICALLY WWW.STRATGICCLAIMS.NET/AXSOME/ BY 11:59 P.M. EST ON _____, 202__, OR MAILED TO THE CLAIMS ADMINISTRATOR AT THE BELOW ADDRESS, POSTMARKED NO LATER THAN _____, 202__**

Axsome Therapeutics, Inc. Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
info@strategicclaims.net

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by _____, 202__ and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Claim Form  by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at 866-274-4004 or by email at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form.  Please notify the Claims Administrator of any change of address.

### REMINDER CHECKLIST

o   Please be sure to sign this Claim Form on page __.  If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Claim Form or any supporting documents.

o   If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

8

# EXHIBIT A-3

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

## SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT

**To: All persons and entities who purchased or otherwise acquired Axsome Therapeutics, Inc. ("Axsome") common stock during the period from May 10, 2021 through April 22, 2022, both dates inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, Axsome and certain individual defendants have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $7,750,000 (the "Settlement").

A hearing will be held before the Honorable Lorna G. Schofield either in person or remotely, at the Court's discretion, on _____, 202___, at ____ ___.m. in Courtroom 1106 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation of Settlement, dated September 19, 2025; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing,

or hold it remotely, without providing another written notice.  Information about the hearing will be posted at www.strategicclaims.net/Axsome/. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

**IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT.**  If you have not yet received a full Long Notice and Claim Form, you may obtain copies of these documents by visiting www.strategicclaims.net/Axsome/ or by contacting the Claims Administrator at:

*Axsome Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063
(Toll-Free) (866) 274-4004
(Fax) (610) 565-7985
info@strategicclaims.net

Inquiries, other than requests for information about the status of a claim, may also be made to Co-Lead Counsel:

| **POMERANTZ LLP** | **THE ROSEN LAW FIRM, P.A.** |
|---|---|
| Jeremy A. Lieberman, Esq. | Jacob Goldberg, Esq. |
| Michael Grunfeld, Esq. | Erica L. Stone, Esq. |
| 600 Third Avenue, 20th Floor | 275 Madison Ave, 40th Floor |
| New York, NY 10016 | New York, NY 10016 |
| www.pomlaw.com | www.rosenlegal.com |
| (212) 661-1100 | (212) 686-1060 |

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form *postmarked or submitted online no later than _____ __, 2025.*  If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but

you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Long Notice so that it is ***received no later than _____ __, 2025.***  If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be filed with the Court, either by mail or in person, and be mailed to counsel for the Parties in accordance with the instructions in the Long Notice, such that they are ***received no later than _____ __, 2025***.

**PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.**


DATED: _____, 2025          BY ORDER OF THE COURT
                                          UNITED STATES DISTRICT COURT
                                          SOUTHERN DISTRICT OF NEW YORK

3

# EXHIBIT A-4

**Court-Ordered Legal Notice
Forwarding Service Requested**

*A federal court authorized this
notice. This is not a solicitation
from a lawyer.*

*This Notice may affect your legal
rights. You may be entitled to a
payment from this securities
class action settlement.*

Axsome Therapeutics, Inc. Securities
Litigation
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

PRESORTED
FIRST-CLASS
MAIL U.S.
POSTAGE PAID

THIS CARD PROVIDES ONLY LIMITED INFORMATION ABOUT THE SETTLEMENT.
PLEASE VISIT WWW.STRATEGICCLAIMS.NET/AXSOME OR CALL 1-866-274-4004 FOR MORE INFORMATION.

The U.S. District Court for the Southern District of New York ("Court") has preliminarily approved a Settlement of claims against Axsome Therapeutics, Inc. ("Axsome"), and certain of its officers (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made material misrepresentations and/or omissions to the public about Axsome's drug candidate AXS-07 and its New Drug Application to the U.S. Food and Drug Administration for AXS-07, causing damage to settlement class members. Defendants deny any wrongdoing.

You received this notice because you or someone in your family or household may have purchased or acquired Axsome common stock between May 10, 2021, and April 22, 2022, inclusive ("Class Period"). The Settlement provides that, in exchange for dismissal and release of claims known or unknown against Defendants, Defendants will pay or cause to be paid into a settlement fund $7,750,000.00 ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, and a compensatory award to Lead Plaintiffs, will be divided among settlement class members who timely submit valid Proof of Claim and Release Forms ("Claim Form"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Claim Form by visiting the website: www.strategicclaims.net/Axsome/. You may also request copies of the Long Notice and Claim Form from the Claims Administrator by: (1) mail: Axsome Therapeutics, Inc. Securities Litigation, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) toll-free phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Claim Form to the Claims Administrator. CLAIM FORMS ARE DUE BY _____, 2025 TO: AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION, C/O A. STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063, OR SUBMITTED ONLINE AT www.strategicclaims.net/Axsome/. If you DO NOT want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by _____, 2025 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by _____, 2025. The Long Notice explains how to exclude yourself or to object.

The Court will hold a hearing (the "Settlement Hearing") in this case on _____ 202__ at _____ at 40 Foley Square, Courtroom 1106, New York, NY 10007, to consider whether to approve the Settlement, the Plan of Allocation, a request by Lead Counsel for attorneys' fees up to 30%, plus actual expenses up to $250,000, and awards to Lead Plaintiffs not to exceed $30,000. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. For more information, call 1-866-274-4004, or visit the website, www.strategicclaims.net/Axsome/.

# EXHIBIT B

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

IN RE AXSOME THERAPEUTICS, INC.
SECURITIES LITIGATION

Case No.: 1:22-cv-3925-LGS

---

## [PROPOSED] FINAL ORDER AND JUDGMENT

WHEREAS, an action is pending before this Court entitled *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS ("Action");

WHEREAS, Lead Plaintiffs Thomas Giblin ("Giblin"), Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust ("Berger"), and Paul Sutherland ("Sutherland" and with Giblin and Berger, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below), and Axsome Therapeutics, Inc. ("Axsome" or the "Company"), Herriot Tabuteau, and Mark Jacobson (collectively, "Defendants" and together with the Plaintiffs, the "Parties") entered into a Stipulation of Settlement, dated September 19, 2025 (the "Stipulation");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered _____, 2025 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity

either to exclude themselves from the Settlement Class or to object to the proposed Settlement; and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on _____ __, 202__ (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants; and (c) how to rule on Lead Counsel's Fee and Expense Application

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS ORDERED, ADJUDGED AND DECREED that:

1.      **Incorporation of Settlement Documents**. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise set forth herein.

2.      **Jurisdiction**.  This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties, including all Settlement Class Members.

3.      **Class Certification for Purposes of Settlement**.  The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who or that purchased or otherwise acquired Axsome common stock during the period from May 10, 2021 to April 22, 2022, both dates inclusive, and

2

were damaged thereby. Excluded from the Settlement Class are: (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' Immediate Families and their legal representatives, heirs, successors or assigns; (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of the Individual Defendants' and officers' and directors' Immediate Families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%; [and (v) those persons or entities who properly excluded themselves by filing a valid and timely request for exclusion, as listed on the Annexed Exhibit A].

4.      Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiffs as Class Representatives for the Settlement Class and finally appoints Pomerantz LLP and The Rosen Law Firm, P.A. as Class Counsel for the Settlement Class. Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.      **Notice**.  The Court finds that the dissemination of the Long Notice, Summary Notice, Postcard Notice, and Proof of Claim: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of attorneys' fees and Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the

3

Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate, and sufficient notice to all Persons entitled to receive notice of the proposed Settlement; and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6.      **Objections**.  [There have been no objections to the Settlement.]

7.      **Final Settlement Approval and Dismissal of Claims**.  Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, this Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Class Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's-length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment, and (iv) any agreement required to be identified under Rule 23(e)(3), and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement; the releases provided for in the Stipulation; and the dismissal with prejudice of the claims asserted against Defendants)

4

and shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8.    The Action and all claims contained therein are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9.    **Rule 11 Findings**.  The Court finds that, during the course of the Action, the Parties and their respective counsel at complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure.

10.    **Releases**.  The releases set forth in Paragraphs 4 and 5 of the Stipulation, together with the definitions contained within the Stipulation relating thereto, are expressly incorporated herein in all respects.  Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, Class Representatives and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund.

11.    Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date of the Settlement, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their

5

capacities as such, shall have fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

12.    Notwithstanding Paragraphs 10 to 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

13.    **Binding Effect**.  The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Class Representatives, and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

14.    **No Admissions**.  This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement, and any Plan of Allocation), whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding, or agreement relating to the Stipulation, the Settlement, and any matter arising in connection with settlement discussions or negotiations, proceedings, or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Settlement, the Stipulation, or this Judgment, and in particular:

(a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Class Representatives or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any

6

litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault, or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

(b)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against or to the prejudice of Class Representatives, or any other Settlement Class Member as evidence of any infirmity in the claims of Class Representatives, or Settlement Class Members;

(c)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Class Representatives, any Settlement Class Member, or their respective counsel, as evidence of a presumption, concession, or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Class Representatives, Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of this Stipulation;

(d)    do not constitute, and shall not be construed against any of the Released Defendant Parties, Class Representatives, or any Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and

(e)    do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Class Representatives or any Settlement Class

7

Member that any of their claims are without merit or infirm or that damages recoverable in the Action would not have exceeded the Settlement Amount.

15.     The administration of the Settlement, and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund, shall remain under the authority of this Court.

16.     **Modification of the Stipulation**.  Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement.  Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17.     **Approval of the Plan of Allocation.** The Court hereby finds and concludes that the Plan of Allocation for the calculation of the claims of claimants and distribution of the Net Settlement Fund, which was set forth in the Long Notice disseminated to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among eligible Settlement Class Members.  The Court hereby approves the Plan of Allocation.

18.     The Court's approval of the Plan of Allocation is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of the other aspects of this Judgment with respect to the Settlement.

19.     **Attorneys' Fees and Expenses.** Notice of Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement

8

Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause), and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(7), as amended by the PSLRA; constituted the best notice practicable under the circumstances; and constituted due, adequate, and sufficient notice to all Persons entitled thereto.

20.     [There were no objections to the application for attorneys' fees or expenses.]

21.     Class Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $_____, plus interest at the same rate earned by the Settlement Fund, and $_____ in payment of Litigation Expenses, plus accrued interest, which sums the Court finds to be fair and reasonable. The award of attorneys' fees and Litigation Expenses may be paid to Plaintiffs' Counsel from the Settlement Fund immediately upon entry of this Judgment, subject to the terms, conditions, and obligations of the Stipulation, which terms, conditions, and obligations are incorporated herein.

22.     The Court's approval of the Fee and Expense Application is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of this Judgment with respect to the Settlement.

23.     **Class Representatives Awards.** Giblin is hereby awarded $_____ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

**24.** Berger is hereby awarded $_____ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

**25.** Sutherland is hereby awarded $_____ from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to §21D(a)(4) of the PSLRA, 15 U.S.C. §78u-4(a)(4).

**26.** **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, this Court hereby retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance, or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest, and payment of Litigation Expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment; and (vi) other matters related or ancillary to the foregoing.

**27.** **Termination of Settlement**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with Paragraph 47 of the Stipulation.

10

28.    **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

IT IS SO ORDERED.

DATED: _____

_____
THE HONORABLE LORNA G. SCHOFIELD
UNITED STATES DISTRICT JUDGE

11

**[EXHIBIT A]**