**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

**[PROPOSED] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT**

**WHEREAS:**

A. On September 19, 2025, Lead Plaintiffs Thomas Giblin ("Giblin"), Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust ("Berger"), and Paul Sutherland ("Sutherland" and with Giblin and Berger, "Lead Plaintiffs" or "Plaintiffs") on behalf of themselves and all other members of the Settlement Class (defined below), and Axsome Therapeutics, Inc. ("Axsome" or the "Company"), Herriot Tabuteau, and Mark Jacobson (collectively, "Defendants" and together with the Lead Plaintiffs, the "Parties"), entered into a Stipulation of Settlement (the "Stipulation") in the above-titled litigation (the "Action"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure and which, together with the exhibits thereto, sets forth the terms and conditions of the proposed settlement of the Action and the claims alleged in the Second Amended Class Action Complaint (the "Second Amended Complaint") (ECF No. 76), filed on February 7, 2024, on the merits and with prejudice (the "Settlement");

B. The Court has reviewed and considered the Stipulation and the accompanying exhibits;

C. The Parties to the Stipulation have consented to the entry of this order; and

D.  All capitalized terms used in this order that are not otherwise defined herein have the meanings defined in the Stipulation.

**NOW, THEREFORE, IT IS HEREBY ORDERED, this 27th day of October, 2025, that:**

1. The Court has reviewed the Stipulation and preliminarily finds, pursuant to Federal Rule of Civil Procedure 23(e)(1), that the Court will likely be able to approve the proposed Settlement as fair, reasonable, and adequate under Federal Rule of Civil Procedure 23(e)(2), subject to further consideration at the Settlement Hearing described below.

2. Pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Court preliminarily certifies, for purposes of the Settlement only, the Settlement Class of: all persons and entities who or that purchased or otherwise acquired Axsome common stock during the period from May 10, 2021 to April 22, 2022, both dates inclusive. Excluded from the Settlement Class are: (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' Immediate Families and their legal representatives, heirs, successors or assigns; (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of Individual Defendants' and officers' and directors' Immediate Families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%; and (v) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by this Court.

3. Solely for the purposes of the proposed Settlement of this Action, the Court finds and preliminarily concludes that the prerequisites of class action certification under Rules 23(a)

2

and 23(b)(3) of the Federal Rules of Civil Procedure have been satisfied for the Settlement Class defined herein and for the purposes of the Settlement only, in that:

    (a)    the members of the Settlement Class are so numerous that joinder of all Settlement Class Members is impracticable;

    (b)    there are questions of law and fact common to the Settlement Class Members;

    (c)    the claims of Lead Plaintiffs are typical of the Settlement Class's claims;

    (d)    Lead Plaintiffs and Lead Counsel have fairly and adequately represented and protected the interests of the Settlement Class;

    (e)    the questions of law and fact common to Settlement Class Members predominate over any individual questions; and

    (f)    a class action is superior to other available methods for the fair and efficient adjudication of the controversy.

4.    Pursuant to Rule 23 of the Federal Rules of Civil Procedure, and for purposes of the Settlement only, Berger, Giblin, and Sutherland are preliminarily certified as Class Representatives for the Settlement Class. The law firms of Pomerantz LLP and The Rosen Law Firm, P.A. are preliminarily appointed Class Counsel for the Settlement Class.

5.    A hearing (the "Settlement Hearing") pursuant to Rule 23(e) of the Federal Rules of Civil Procedure is hereby scheduled to be held before the Court, either in person or remotely at the Court's discretion, at the Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007, in Courtroom 1106, on ~~February 4, 2026~~ February 10, 2026 at 2:30 P.M., at __:____ _.m. for the following purposes:

3

    (a) to determine whether the proposed Settlement is fair, reasonable and adequate, and should be approved by the Court;

    (b) to determine whether the proposed Final Order and Judgment ("Judgment") as provided under the Stipulation should be entered, and to determine whether the release by the Settlement Class of the Released Plaintiffs' Claims, as set forth in the Stipulation, should be provided to the Released Defendant Parties;

    (c) to determine, for purposes of the Settlement only, whether the Settlement Class should be finally certified; whether Lead Plaintiffs should be finally certified as Class Representatives for the Settlement Class; and whether the law firms of Pomerantz LLP and The Rosen Law Firm, P.A. should be finally appointed as Class Counsel for the Settlement Class;

    (d) to determine whether the proposed Plan of Allocation for the proceeds of the Settlement is fair and reasonable and should be approved by the Court;

    (e) to consider Lead Counsel's application for an award of attorneys' fees and Litigation Expenses (which may include an application for an award to Lead Plaintiffs for reimbursement of their reasonable costs and expenses directly related to their representation of the Settlement Class, pursuant to the Private Securities Litigation Reform Act of 1995 ("PSLRA")); and

    (f) to rule upon such other matters as the Court may deem appropriate.

  6. The Court reserves the right to approve the Settlement with or without modification and with or without further notice to the Settlement Class. The Court further reserves the right to enter the Judgment approving the Settlement regardless of whether it has approved the Plan of Allocation or awarded attorneys' fees and/or expenses. The Court may also adjourn the Settlement Hearing, decide to hold the hearing remotely, or modify any of the dates herein

without further individual notice to members of the Settlement Class. Any such changes shall be posted on the website for the Settlement.

7. The Court approves the form, substance, and requirements of the Notice of Pendency and Proposed Settlement of Class Action (the "Long Notice"), the Proof of Claim and Release Form ("Claim Form"), the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice"), and the Postcard Notice substantially in the forms ~~annexed hereto as Exhibits 1, 2, 3, and 4~~ docketed as Dkt. 121-3, Exhibit A-2 to Dkt. 117-1, Dkt. 121-5, and Exhibit A-4 to Dkt. 117-1, respectively, and finds that the mailing and distribution of the Postcard Notice and publishing of the Long Notice, Summary Notice, and Claim Form substantially in the manner and form set forth in this Order: (a) constitute the best notice to Settlement Class Members practicable under the circumstances; (b) are reasonably calculated, under the circumstances, to describe the terms and effect of the Settlement and to apprise Settlement Class Members of their right to object to the proposed Settlement or to exclude themselves from the Settlement Class; (c) are reasonable and constitute due, adequate, and sufficient notice to all Persons entitled to receive such notice; and (d) satisfy all applicable requirements of the Federal Rules of Civil Procedure (including Rules 23(c)–(e)), the Due Process Clause of the United States Constitution, Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, and the Rules of this Court.

8. The Court approves the retention of and appoints Strategic Claims Services as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims.

9. No later than fifteen (15) business days after the later of: (a) the date of entry of this Order preliminarily approving the Settlement; or (b) the Defendants' receipt from Plaintiffs of valid wiring instructions, a telephone point of contact for verification of those instructions, and

a completed IRS Form W-9, necessary to transfer the Settlement Payment into the Escrow Account, Defendants will deposit, or cause to be deposited, seven million seven hundred fifty thousand U.S. dollars ($7,750,000) into the Escrow Account.

10. At any time after entry of this Order, Lead Counsel may, without further approval from the Court or Defendants, disburse up to two hundred and fifty thousand dollars ($250,000) from the Settlement Fund to pay reasonable and necessary Notice and Administration Costs prior to the Effective Date. After the Effective Date, additional amounts may be transferred from the Settlement Fund for Lead Counsel to pay any additional reasonable and necessary Notice and Administration Costs without further Order of the Court.

11. Within seven (7) calendar days after entry of this Order, Axsome will, at its own expense, provide or cause to be provided to Lead Counsel a list (consisting of names, mailing addresses, and email addresses, if available) of the holders of Axsome common stock during the Class Period in electronic format, such as Excel. The Parties acknowledge that any this information provided to Lead Counsel shall be treated as confidential and will be used by Lead Counsel solely to provide Notice and/or implement the Settlement.

12. Lead Counsel, through the Claims Administrator, shall cause the Stipulation and its exhibits, this Order, a copy of the Long Notice, and the Claim Form to be posted on the Claims Administrator's website within fourteen (14) calendar days after entry of this Order.

13. Within ten (10) business days of entry of this Order, Lead Counsel, through the Claims Administrator, shall either: (a) email links to the location of the electronic Long Notice and Claim Form to Settlement Class Members for whom the Claims Administrator is able to obtain email addresses with reasonable effort, substantially in the form as~Exhibits~A-1~and~A-2~ docketed at Dkts. 121-3 and Exhibit A-2 to Dkt. 117-1 to~the~Stipulation; or (b) if no email address can be obtained, cause the Postcard Notice,

6

substantially in the form as Exhibit A-4 to the Stipulation, available at Dkt. 117-1 to be mailed by first-class mail, postage prepaid, to Settlement Class Members whom the Claims Administrator can identify with reasonable effort.

14. Lead Counsel, through the Claims Administrator, shall use reasonable efforts to give notice to nominees such as custodians, brokerage firms, and other Persons and entities that purchased or otherwise acquired Axsome common stock during the Class Period for the benefit of another person of entity. Such nominees or custodians shall, within ten (10) calendar days of receipt of the notice, either: (a) provide to the Claims Administrator the name, email address, and last known address of each Person or organization for whom or which it purchased or otherwise acquired Axsome common stock during the Class Period; (b) request from the Claims Administrator a link to the electronic Long Notice and Claim Form and email the link to all such beneficial owners for whom valid email addresses are available within ten (10) calendar days of receipt of the link from the Claims Administrator; or (c) request additional copies of the Postcard Notice from the Claims Administrator, which will be provided free of charge, and within ten (10) calendar days of receipt, mail the Postcard Notice directly to the beneficial owners of Axsome common stock. Nominees that choose to follow alternative procedures (b) or (c) shall, upon such emailing or mailing, send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. If the Claims Administrator receives a valid email address for a beneficial owner, it will promptly send a link to the Long Notice and Claim Form electronically, and, if not, it will promptly mail a Postcard Notice to the beneficial owner. Upon full compliance with these directions, nominees may seek reimbursement of their reasonable expenses actually incurred, up to a maximum of $0.02 per name, address and email address provided to the Claims Administrator; up to $0.02 per Postcard Notice actually mailed, plus postage at the pre-sort rate

used by the Claims Administrator; or up to $0.02 per link to the electronic Long Notice and Claim Form transmitted by email, by providing the Claims Administrator with proper documentation supporting the expenses for which reimbursement is sought. Such properly documented expenses incurred by nominees in compliance with the terms of this Order shall be paid from the Settlement Fund, with any disputes as to the reasonableness or documentation of expenses incurred subject to review by the Court. Nominees are not authorized to print the Postcard Notice. Postcard Notices may only be printed by the Claims Administrator.

15. Lead Counsel shall, at least seven (7) calendar days before the Settlement Hearing, file with the Court proof of the mailing and emailing of the link to the electronic Long Notice and Claim Form and/or Postcard, as required by this Order.

16. Lead Counsel shall cause the Summary Notice to be published once in *GlobeNewswire* within fourteen (14) calendar days of entry of this Order. Lead Counsel shall, at or before the Settlement Hearing, file with the Court proof of publication of the Summary Notice.

17. In order to be eligible to receive a distribution from the Net Settlement Fund, in the event the Settlement is effected in accordance with the terms and conditions set forth in the Stipulation, each claimant shall take the following actions and be subject to the following conditions:

(a) A properly completed and executed Claim Form must be submitted to the Claims Administrator: (i) electronically through the Claims Administrator's website, www.strategicclaims.net/Axsome/ by 11:59 p.m. EST on ~~January 28, 2026~~ February 3, 2026; or (ii) at the Post Office Box indicated in the Notice, postmarked no later than ~~January 28, 2026~~ February 3, 2026 (seven (7) calendar days prior to the Settlement Hearing). Such deadline may be further extended by Order of the Court. Each Claim Form shall be deemed to have been submitted when: (i) the Claimant receives

8

a confirmation notice from Strategic Claims Services for electronic submissions; or (ii) legibly postmarked (if properly addressed and mailed by first class mail), provided such Claim Form is actually received before the Settlement Hearing. Any Claim Form submitted in any other manner shall be deemed to have been submitted when it was actually received by the Claims Administrator at the address designated in the Notice.

(b) The Claim Form submitted by each claimant must satisfy the following conditions, unless otherwise allowed pursuant to the Stipulation: (i) it must be properly completed, signed, and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator and/or Lead Counsel; (iii) if the Person executing the Claim Form is acting in a representative capacity, a certification of her current authority to act on behalf of the claimant must be included in the Claim Form; and (iv) the Claim Form must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury. Claimants bear the burden of establishing their right to a recovery from the Net Settlement Fund.

(c) Once the Claims Administrator has considered a timely submitted Claim Form, it shall determine whether such claim is valid, deficient, or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Claim Form that is deficient shall be afforded a

reasonable time (at least ten (10) calendar days from the date the Claims Administrator provides notice of the deficiency) to cure such deficiency if it shall appear that such deficiency may be cured.  If any Claimant whose claim has been rejected in whole or in part (either due to an uncurable deficiency, a failure to cure a deficiency, or any other stated basis) wishes to contest such rejection, the Claimant must, within ten (10) calendar days after the date of mailing of the rejection or partial rejection notice, serve upon the Claims Administrator a notice and statement of reasons indicating the Claimant's ground for contesting the rejection along with any supporting documentation, and requesting a review thereof by the Court.  If an issue concerning a claim cannot be otherwise resolved, Lead Counsel shall thereafter present the request for review to the Court.

        (d)    As part of the Claim Form, each Settlement Class Member shall submit to the jurisdiction of the Court with respect to the claim submitted, and shall, upon the Effective Date, release all claims as provided in the Stipulation.

18. All Settlement Class Members who do not submit valid and timely Claim Forms will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and Judgment, if entered, unless they validly exclude themselves from the Settlement Class.

19. Any Settlement Class Member may enter an appearance in this Action, at his, her, or its own expense, individually or through counsel of his, her, or its own choice. If any Settlement Class Member does not enter an appearance, he, she, or it will be represented by Lead Counsel.

20. Settlement Class Members shall be bound by all orders, determinations, and judgments in this Action concerning the Settlement, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as

hereinafter provided. A putative Settlement Class Member wishing to make such an exclusion request shall mail the request in written form by first-class mail to the address designated in the Long Notice for such exclusions, such that it is received no later than January 13, 2026 (twenty-eight (28) calendar days prior to the Settlement Hearing) (the "Exclusion Deadline"). To be valid, such request for exclusion (A) must clearly indicate the name and address and phone number and e-mail contact information (if any) of the person seeking exclusion, and state that the sender specifically "requests to be excluded from the Settlement Class in *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.)," and (B) states the number of shares of publicly-traded Axsome common stock the Settlement Class Member (i) owned as of the opening of trading on May 10, 2021, (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction, and (iii) held as of the close of trading on April 22, 2022. To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of publicly-traded Axsome common stock during the Class Period; and (ii) demonstrating the Settlement Class Member's status as a beneficial owner of the Axsome common stock. Any such request for exclusion must be signed and submitted by the beneficial owner under penalty of perjury. The request for exclusion shall not be effective unless it provides the required information, is legible, and is made within the time stated above, or the exclusion is otherwise accepted by the Court. Lead Counsel may contact any Person filing a request for exclusion, or their attorney if one is designated, to discuss the exclusion.

21. The Claims Administrator shall provide all requests for exclusion and supporting documentation submitted therewith (including untimely requests and revocations of requests) to Lead Counsel as soon as possible and no later than the Exclusion Deadline or upon the receipt

11

thereof (if later than the Exclusion Deadline). Lead Counsel shall provide Defendants' Counsel with copies of any requests for exclusion from the Settlement Class, and any written revocations of requests for exclusion, on a rolling basis as expeditiously as possible, by email. The Settlement Class will not include any Person who delivers a valid and timely request for exclusion.

22. Any Person that submits a request for exclusion may thereafter submit to the Claims Administrator a written revocation of that request for exclusion, provided that it is received no later than two (2) business days before the Settlement Hearing, in which event that Person will be included in the Settlement Class.

23. All Persons who submit a valid, timely, and unrevoked request for exclusion will be forever barred from receiving any payments from the Net Settlement Fund.

24. The Court will consider comments and/or objections to the Settlement, the Plan of Allocation, or the Fee and Expense Application, provided, however, that no Settlement Class Member or other Person shall be heard or entitled to contest the approval of the terms and conditions of the proposed Settlement or, if approved, Judgment, or any other order relating thereto, unless that Person has served copies of any objections, papers and briefs to each of the following counsel by ~~January 7, 2026~~ January 13, 2026 (at least twenty-eight (28) calendar days prior to the Settlement Hearing date):

| Lead Counsel | Lead Counsel | Counsel For Defendants |
|---|---|---|
| Jeremy A. Lieberman, Esq.<br>Michael Grunfeld, Esq.<br>POMERANTZ LLP<br>600 Third Avenue, Floor 20<br>New York, NY 10016 | Jacob A. Goldberg, Esq.<br>Erica L. Stone, Esq.<br>THE ROSEN LAW FIRM, P.A.<br>275 Madsion Avenue, 40th Floor<br>New York, NY 10016 | Michael L. Kichline, Esq.<br>MORGAN, LEWIS & BOCKIUS LLP<br>2222 Market Street<br>Philadelphia, PA 19103 |

and that Person has by ~~January 7, 2026~~ January 13, 2026 (at least twenty-eight (28) calendar days prior to the Settlement Hearing date) mailed said objections, papers, and briefs, showing due proof of service

upon counsel identified above, to the Claims Administrator at *Axsome Therapeutics, Inc. Securities Litigation,* Strategic Claims Services P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063. Lead Counsel will file any objections received with the Court. To be valid, any such objections must include: (1) the objector's name, address, telephone number, and e-mail address of the objector and signature of the objector; (2) a list of all purchases and sales of Axsome common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including any legal support known to the objector or to the objector's counsel; (4) the name, address, and telephone number of all counsel, if any, who represent the objector, including the objector's former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times the objector and/or the objector's counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case.

25.     Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy, or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, and/or the Fee and Expense Application, unless otherwise ordered by the Court; shall be bound by all the terms and provisions of the Stipulation and by all proceedings, orders, and judgments in the Action; and shall also be foreclosed from appealing from any judgment or order entered in the Action.

26.     Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

27. Until otherwise ordered by the Court, the Court stays all proceedings in the Action, other than proceedings necessary to carry out or enforce the terms and conditions of the Settlement. Pending final determination of whether the Settlement should be approved, Lead Plaintiffs, all Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, shall not institute, commence or prosecute any action which asserts Released Plaintiffs' Claims against the Released Defendant Parties.

28. All papers in support of the Settlement, Plan of Allocation, and Lead Counsel's request for an award of attorneys' fees and expenses shall be filed with the Court and served on or before thirty-five (35) calendar days prior to the date set herein for the Settlement Hearing. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and/or the Fee and Expense Application shall be filed no later than seven (7) calendar days prior to the Settlement Hearing.

29. No Person who is not a Settlement Class Member or Plaintiffs' Counsel shall have any right to any portion of, or to any distribution of, the Net Settlement Fund unless otherwise ordered by the Court or otherwise provided in the Stipulation.

30. All funds held in escrow shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court until such time as such funds shall be disbursed pursuant to the Stipulation and/or further order of the Court.

31. Neither Defendants nor their counsel shall have any responsibility for the Plan of Allocation nor any application for attorney's fees or Litigation Expenses submitted by Lead Counsel or Lead Plaintiffs.

32. If the Settlement fails to become effective as defined in the Stipulation or is terminated, then both the Stipulation, including any amendment(s) thereof, except as expressly

provided in the Stipulation, and this Preliminary Approval Order shall be null and void, of no further force or effect, and without prejudice to any Party, and may not be introduced as evidence or used in any actions or proceedings by any Person or entity against the Parties, and the Parties shall be deemed to have reverted to their respective litigation positions in the Action as of August 15, 2025.

33. Neither this Order, the term sheet entered into by and between the Parties on August 28, 2025, the Stipulation (whether or not finally approved or consummated), nor their negotiation, or any proceedings taken pursuant to them: (a) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession, or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Lead Plaintiffs or the Settlement Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any Person or entity whatsoever, or of any infirmity in any of Defendants' defenses; (b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession, or admission of any fault, misrepresentation, or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against or to the prejudice of Lead Plaintiffs, or any Settlement Class Member as evidence of any infirmity in the claims of Lead Plaintiffs, or Settlement Class Members; (c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, any Settlement Class Member, or their respective counsel, as evidence of a presumption, concession,

or admission with respect to any liability, damages, negligence, fault, infirmity, or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Lead Plaintiffs, Settlement Class Members, or their respective counsel, in any other civil, criminal, or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation; (d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Lead Plaintiffs, or any Settlement Class Member, as an admission or concession that the consideration to be given hereunder represents the amount that could be or would have been recovered after trial; and (e) do not constitute, and shall not be construed as or received in evidence as an admission, concession, or presumption against Lead Plaintiffs or any Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable under the Second Amended Complaint would not have exceeded the Settlement Amount.

34. The Court retains exclusive jurisdiction over the Action to consider all further matters arising out of or connected with the Settlement.

DATED this 27th day of October, 2025

_____
**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**