# EXHIBIT 1

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

**DECLARATION OF JOSEPHINE BRAVATA CONCERNING:**
**(A) MAILING/EMAILING OF THE NOTICE; (B) PUBLICATION OF THE SUMMARY**
**NOTICE; AND (C) REPORT ON REQUESTS FOR EXCLUSION AND OBJECTIONS**

I, Josephine Bravata, declare as follows:

1.      I am the Director of Quality Assurance at Strategic Claims Services ("SCS"), a nationally recognized class action administration firm. I have over twenty-five years of experience specializing in the administration of class action cases. SCS was established in April 1999 and has administered over five hundred seventy-five (575) class action cases since its inception. SCS has a reputation for being careful and identifying fraudulent claims. I submit this declaration in order to provide the Court and the Parties with information regarding the mailing of the Postcard Notice and/or emailing of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Proof of Claim and Release Form ("Claim Form", collectively with the Long Notice, "Long Notice and Claim Form") to potential Settlement Class Members,[1] as well as updates concerning other aspects of the Settlement administration process.  I have personal knowledge of the facts set forth herein and, if called upon to do so, I could and would testify competently thereto.

**MAILING AND/OR EMAILING OF THE NOTICE**

2.      Pursuant to the Court's Order Granting Preliminary Approval of Class Action Settlement, dated October 27, 2025 (ECF No. 122, the "Preliminary Approval Order"), SCS was

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated September 19, 2025 (ECF No. 117-1, the "Stipulation").

appointed and approved as the Claims Administrator to supervise and administer the notice procedure as well as the processing of claims in connection with the above-captioned Action.

3.      SCS sent the Depository Trust Company ("DTC") a Long Notice and Claim Form for the DTC to publish on its Legal Notice System ("LENS") on November 7, 2025.  LENS provides DTC participants the ability to search and download legal notices as well as receive e-mail alerts based on particular notices or particular CUSIPs once a legal notice is posted.  **Exhibit A** is a copy of the Long Notice and Claim Form.

4.      As in most class actions of this nature, the vast majority of potential Settlement Class Members are expected to be beneficial purchasers/owners whose securities are held in "street name" — *i.e.,* the securities are purchased by brokerage firms, banks, institutions, and other third-party nominees in the name of the nominee, on behalf of the beneficial purchasers.  The names and addresses of these beneficial purchasers/owners are known only to the nominees.  SCS maintains and continually updates its proprietary master list of brokerage firms, banks, institutions, and other third-party nominees.  SCS's proprietary master list consisted of 1,048 banks and brokerage companies ("Nominee Account Holders"), as well as 1,414 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups").  On November 7, 2025, SCS caused a notice to be mailed or e-mailed to the 2,462 nominees contained in the SCS master mailing list.  The notice informed them of the Settlement and requested that they, within ten (10) calendar days from the date of the notice, either (a) mail the Postcard Notice or email the link to the electronic Long Notice and Claim Form to their clients who may be beneficial purchasers/owners of Axsome Therapeutics, Inc. ("Axsome") common stock, or (b) provide SCS with a list of the names, last known mailing addresses, and email addresses, if available, of such beneficial purchasers/owners so that SCS could promptly mail the Postcard Notice or email the link to the electronic Long Notice

2

and Claim Form directly to them.  A copy of the notice sent to these nominees is attached as **Exhibit B.**

5.    To provide actual notice to all persons or entities who purchased Axsome common stock during the period from May 10, 2021 to April 22, 2022, both dates inclusive (the "Class Period"), pursuant to the Preliminary Approval Order, SCS printed and mailed the Postcard Notice or emailed the electronic Long Notice and Claim Form link to potential Settlement Class Members. A true and correct copy of the Postcard Notice is attached as **Exhibit C**.

6.    On October 31, 2025, SCS received Axsome's transfer agent records from Defendants' Counsel.  SCS formatted the list.  SCS proceeded to mail, by first class mail, postage prepaid, the Postcard Notice to five individuals/organizations identified on the transfer agent records. These records reflect the individuals/entities that purchased Axsome common stock for their own account, or for the account(s) of their clients, during the Class Period.  The transfer record mailing was completed on November 7, 2025.  Following this mailing, SCS received 3,624 additional names and addresses of potential Settlement Class Members from individuals or nominees requesting that SCS mail the Postcard Notice. Additionally, SCS received requests from three nominees for 17,090 Postcard Notices, in total, so that the nominees could forward them to their clients. SCS was also notified by two nominees that they mailed the Postcard Notice to three of their clients, in total.  To date, 20,722 Postcard Notices have been mailed to potential Settlement Class Members.[2]

7.    Additionally, SCS emailed the electronic link to the Long Notice and Claim Form to 19,424 email addresses provided by individuals or nominees. SCS was notified by one nominee that it emailed 34,890 of its clients the electronic link to the Long Notice and Claim Form on the

---

[2] SCS received 15 requests from potential Settlement Class Members for the Long Notice and Claim Form to be mailed to them.  SCS immediately mailed the Long Notice and Claim Form to the 15 potential Settlement Class Members.

Settlement website.  To date, 54,314 emails containing links the Long Notice and Claim Form were sent.

8.   In total, 75,036 notices (either via a mailed Postcard Notice or an emailed link to the Long Notice and Claim Form on the Settlement website) were sent to potential Settlement Class Members.

9.   Out of the 20,722 Postcard Notices mailed, 732 were returned as undeliverable.  Of these, the United States Postal Service provided forwarding addresses for 127, and SCS immediately mailed another Postcard Notice to the updated addresses.  The remaining 605 Postcard Notices returned as undeliverable were "skip-traced" to obtain updated addresses and 303 were re-mailed to updated addresses.

## PUBLICATION OF THE SUMMARY NOTICE

10.   Pursuant to the Preliminary Approval Order, the Summary Notice of Pendency and Proposed Class Action Settlement ("Summary Notice") was transmitted electronically once over *GlobeNewswire* on November 10, 2025, as shown in the confirmation of publication attached hereto as **Exhibit D.**

## TOLL-FREE PHONE LINE

11.   SCS maintains a toll-free telephone number (1-866-274-4004) that potential Settlement Class Members may call to obtain information about the Settlement and/or request copies of the Long Notice and Claim Form.  SCS has promptly responded to each telephone inquiry.

## SETTLEMENT WEBSITE

12.   On November 7, 2025, SCS established a webpage dedicated for the Settlement on its website at www.strategicclaims.net/Axsome/.  The webpage is accessible 24 hours a day, 7 days

a week.  The webpage contains: the current status; the case deadlines; the online claim filing link; important documents such as the Long Notice and Claim Form, the Postcard Notice, the Preliminary Approval Order, Lead Plaintiffs' Memorandum of Law in Support of Unopposed Motion for Preliminary Approval of Class Action Settlement, and the Stipulation with exhibits; and Representative Filers documents such as the broker letter, the electronic filing instructions, and the electronic filing template.

### REPORT ON EXCLUSIONS AND OBJECTIONS

13.     The Postcard Notice, Long Notice, Summary Notice, and the Settlement website informed potential Settlement Class Members that written requests for exclusion were to be mailed to SCS such that they were received no later than January 13, 2026.  SCS has been monitoring mail delivered for this case. As of the date of this declaration, SCS has not received any request for exclusion.

14.     According to the Long Notice, Settlement Class Members seeking to object to the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or to Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Lead Plaintiffs, must submit any written objection with SCS, Lead Counsel, and Defendants' Counsel no later than January 13, 2026.  As of the date of this declaration, SCS has not received any objections nor has SCS been notified that counsel received any objections.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Signed this 6th day of January 2026 in Media, Pennsylvania.

*Josephine B Bravata*
Josephine Bravata

5

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

### NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION

Please be advised that your rights may be affected by the above-captioned securities class action (the "Action") pending in the United States District Court for the Southern District of New York (the "Court") if you purchased or acquired Axsome Therapeutics, Inc. ("Axsome") common stock during the period from May 10, 2021 to April 22, 2022, inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").[1]

*A federal court authorized this Notice. This is not attorney advertising.*

- The Court will hold a Settlement Hearing on February 10, 2026 at 2:30 p.m. to decide whether to approve the Settlement. If approved by the Court, the Settlement will provide for the payment of $7,750,000 (the "Settlement Amount"), plus interest as it accrues, minus attorneys' fees, expenses, compensatory awards to Lead Plaintiffs, Notice and Administration Expenses, and Taxes on interest, to persons and entities who purchased Axsome common stock during the Class Period, and who submit an eligible Proof of Claim and Release Form ("Claim Form").

- The Settlement represents an estimated average recovery of $0.46 per share for the approximately 16.9 million shares of publicly-traded Axsome common stock damaged during the Class Period. This is not an estimate of the actual recovery per share you should expect. Your actual recovery, if any, will depend on the aggregate losses of all Settlement Class Members, the date(s) you purchased and sold Axsome common stock, the purchase and sales prices, and the total number and amount of claims filed.

- Attorneys for Lead Plaintiffs and the Settlement Class, Pomerantz LLP and The Rosen Law Firm, P.A. ("Lead Counsel"), intend to ask the Court to award them and additional counsel Paskowitz Law Firm P.C. and The Schall Law Firm (together "Plaintiffs' Counsel") fees of up to 30% of the Settlement Amount, plus interest, payment of up to $250,000 in litigation expenses, and up to $30,000, in total in compensatory awards to Lead Plaintiffs, pursuant to the Private Securities Action Reform Act of 1995 ("PSLRA"), plus interest. Since the Action's inception, Plaintiffs' Counsel have expended considerable time and effort in this case on a contingent-fee basis and have advanced the expenses of the litigation with the expectation that if they were successful in obtaining a recovery for the class, they would be paid from such recovery. Collectively, the requested attorneys' fees, litigation expenses and compensatory awards to Lead Plaintiffs are estimated to average approximately $0.15 per share. If approved by the Court, these amounts will be paid from the Settlement Fund (defined below).

- The estimated average net recoveries, after the deductions set forth in the preceding paragraph, are approximately $0.30 per share. These estimates are based on the assumptions set forth in the preceding paragraphs. Your actual recovery, if any, will depend on, among other things, when your shares were purchased or otherwise acquired and the price at the time of purchase or acquisition; whether the shares were sold and, if so, when they were sold and for how much; and the aggregate value of the Recognized Losses represented by valid and acceptable Claim Forms.

- The Settlement resolves the Action and the claims that Axsome and the Individual Defendants (collectively, "Defendants") violated federal securities laws by allegedly making misrepresentations and/or omissions of material fact in public statements to the investing public concerning, *inter alia*, Axsome's drug candidate AXS-07 and its New Drug Application ("NDA") to the U.S. Food and Drug Administration ("FDA") for AXS-07. Defendants have entered into the Stipulation with Lead Plaintiffs (collectively, the "Parties"). Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever

---

[1] All capitalized terms not otherwise defined herein shall have the same meanings as set forth in the Stipulation of Settlement, dated September 19, 2025 (the "Stipulation"), available at www.strategicclaims.net/Axsome/.

asserted by Lead Plaintiffs. Defendants have also denied, *inter alia*, the allegations that Lead Plaintiffs or the Settlement Class have suffered damages or that Lead Plaintiffs or the Settlement Class were harmed by the conduct alleged in the Action. Defendants continue to believe the claims asserted against them in the Action are without merit.

- The Parties disagree on how much money, if any, could have been won if Lead Plaintiffs prevailed on any of their claims.

- For Lead Plaintiffs, the principal reason for the Settlement is the guaranteed cash benefit to the Settlement Class. This benefit must be compared to the costs and delay associated with completing discovery, the risk that the Court may refuse to certify a class and/or grant anticipated motions for summary judgment filed by Defendants, in whole or in part, the risks involved in proving the allegations, the uncertainty of a greater recovery after a trial and appeals, and the difficulties and delays inherent in such litigation. For Defendants, who deny all allegations of wrongdoing or liability whatsoever and deny that Settlement Class Members were damaged, the reasons for entering into the Settlement are to end the burden, expense, uncertainty, and risk of further litigation.

- If you are a Settlement Class Member, your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on these claims. Therefore, you should read this Notice carefully.

| YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT | |
|---|---|
| **SUBMIT A CLAIM FORM** | The only way to get a payment from the Settlement. Claim Forms must be postmarked or submitted online **on or before February 3, 2026**. |
| **EXCLUDE YOURSELF** | Get no payment. This is the only option that allows you to ever be part of any other lawsuit against the Defendants or any other Released Defendant Parties about the legal claims that were or could have been asserted in this case. Requests for exclusion must be received **on or before January 13, 2026**. |
| **OBJECT** | Write to the Court about why you do not like the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses. You will still be a member of the Settlement Class. Objections must be received by the Claims Administrator and counsel for the Parties **on or before January 13, 2026**. |
| **PARTICIPATE IN THE HEARING** | Ask to speak in Court about the fairness of the Settlement, the Plan of Allocation, and/or the request for attorneys' fees, costs, and expenses at the Settlement Hearing **on February 10, 2026**. Requests to speak must be received by the Claims Administrator and counsel for the Parties **on or before January 13, 2026**. |
| **DO NOTHING** | Get no payment. Give up your rights. |

### INQUIRIES

**Please do not contact the Court, Defendants, Defendants' Counsel, or the Office of the Clerk of Court regarding this Notice.** All inquiries concerning this Notice, the Claim Form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| *Axsome Therapeutics, Inc.* *Securities Litigation* c/o Strategic Claims Services P.O. Box 230 600 N. Jackson St., Ste. 205 Media, PA 19063 Tel.: (866) 274-4004 Fax: (610) 565-7985 info@strategicclaims.net | Jeremy A. Lieberman, Esq. Michael Grunfeld, Esq. POMERANTZ LLP 600 Third Ave, Floor 20 New York, NY 10016 Tel.: (212) 661-1100 Fax: (917) 463-1044 jalieberman@pomlaw.com mgrunfeld@pomlaw.com | Jacob Goldberg, Esq. Erica L. Stone, Esq. THE ROSEN LAW FIRM, P.A. 275 Madison Avenue, 40th Floor New York, NY 10016 Tel.: (215) 600-2817 Fax: (212) 202-3827 jgoldberg@rosenlegal.com estone@rosenlegal.com |

## BASIC INFORMATION CONCERNING THE SETTLEMENT

| 1. | Why did I receive notice of the Settlement? |
|---|---|

You or someone in your family may have purchased or otherwise acquired Axsome common stock during the period from May 10, 2021 to April 22, 2022, both dates inclusive.

**RECEIPT OF THIS NOTICE DOES NOT MEAN THAT YOU ARE A SETTLEMENT CLASS MEMBER OR THAT YOU WILL BE ENTITLED TO RECEIVE A PAYMENT.** The Parties do not have access to your individual investment information. If you wish to be eligible for a payment, you are required to submit the Claim Form that is being distributed with this Notice. *See* Question 10 below.

| 2. | What is this case about? |
|---|---|

This Settlement resolves the case known as *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.). The Court in charge of the case is the United States District Court for the Southern District of New York. The Action involves allegations that Defendants violated provisions of the Securities Exchange Act of 1934 ("Exchange Act"). The operative Second Amended Class Action Complaint (the "Complaint") alleges that Defendants made materially false and misleading statements regarding Axsome's drug candidate AXS-07, its NDA to the FDA, and manufacturing issues related to AXS-07. The Complaint alleges that Axsome's common stock price was artificially inflated and when the true facts were revealed, the artificial inflation was removed from the price of Axsome's common stock, causing the price to drop and damaging Settlement Class Members.

On March 31, 2025, the Court denied Defendants' motion to dismiss the Complaint. Specifically, the Court found that Lead Plaintiffs sufficiently alleged that Defendants statements contained certain misrepresentations and/or omissions of material fact about Axsome's drug candidate AXS-07, its NDA to the FDA, and/or manufacturing issues related to AXS-07. The Court did not finally decide the case in favor of Lead Plaintiffs or Defendants and there has been no trial. Instead, both sides agreed to a settlement.

Defendants have denied and continue to deny each, any, and all allegations of wrongdoing, fault, liability, or damage whatsoever asserted in the Action and maintain that Axsome's disclosures were true and correct in all material respects. The Settlement shall not be construed as, or deemed to be evidence of, liability, fault, wrongdoing, injury, or damages, or of any wrongful conduct, acts, or omissions on the part of Defendants or any of the Released Defendant Parties, or of any infirmity of any defense, or of any damages to the Lead Plaintiffs or any other Settlement Class Member. The Settlement resolves all of the claims in the Action, as well as certain other related claims or potential claims, whether known or unknown.

| 3. | Why is this a class action? |
|---|---|

In a class action, one or more persons called plaintiffs sue on behalf of all persons who have similar claims. All of the persons with similar claims are referred to as a class. One court resolves the issues for all class members, except for those who exclude themselves from the class.

| 4. | Why is there a settlement? |
|---|---|

Lead Plaintiffs and Defendants do not agree about the merits of Lead Plaintiffs' allegations and Defendants' defenses with respect to liability or the average amount of damages per share, if any, that would be recoverable if Lead Plaintiffs were to prevail at trial on any of their claims. The issues on which Lead Plaintiffs and the Defendants disagree include: (1) whether Defendants made any allegedly materially false or misleading statements; (2) whether Defendants acted knowingly or grossly recklessly in making any alleged misrepresentation or omission; (3) whether alleged disclosures corrected the alleged misrepresentations or omissions; (4) the causes of the loss in the value of Axsome common stock; and (5) the amount of alleged damages, if any, that could be recovered at trial.

This matter has not gone to trial, and the Court has not decided in favor of either Lead Plaintiffs or Defendants. Instead, Lead Plaintiffs and Defendants have agreed to settle the case. Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by the Defendants. Among the reasons that Lead Plaintiffs and Plaintiffs' Counsel believe the Settlement is fair is the fact that there is uncertainty about whether they would have been able

3

to prove that any challenged statement was false or misleading, that Defendants acted with the necessary level of scienter, that any disclosure corrected the alleged misrepresentations or omissions, that the alleged misstatements and omissions actually caused the Settlement Class any damages, and the amount of damages, if any.

Moreover, in addition to litigation of this type usually being expensive, it appears that, even if Lead Plaintiffs' allegations were found to be true, the total amount of damages to which class members might have been entitled could have been substantially reduced. For the avoidance of doubt, Defendants believe that Lead Plaintiffs' allegations and claims are without merit, maintain that Axsome's disclosures were true and correct in all material respects, and maintain that they have agreed to resolve this case to avoid the burden, expense, uncertainty, and risk of further litigation.

## WHO IS IN THE SETTLEMENT

To see if you will get money from this Settlement, you first have to determine if you are a Settlement Class Member.

| 5. | How do I know if I am part of the Settlement Class? |
|---|---|

The Settlement Class is comprised of all persons and entities who or that purchased or otherwise acquired Axsome common stock from May 10, 2021 to April 22, 2022, both dates inclusive, subject to the exclusions in Question 6 below.

Check your investment records or contact your stockbroker to see if you have any eligible securities transactions. The Parties do not independently have access to your trading information.

| 6. | Are there exceptions to being included in the Settlement Class? |
|---|---|

Yes. Excluded from the Settlement Class are: (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of the Individual Defendants' and officers' and directors' immediate families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%; and (v) Persons who submit valid and timely a request for exclusion as described below in the response to Question 13.

| 7. | What if I am still not sure if I am included? |
|---|---|

If you are still not sure whether you are included, you can ask for free help. You can contact the Claims Administrator toll-free at (866) 274-4004 or at info@strategicclaims.net or by visiting the website www.strategicclaims.net/Axsome/, or you can fill out and return the Claim Form described in Question 10 to see if you qualify.

## THE SETTLEMENT BENEFITS – WHAT YOU GET

| 8. | What does the Settlement provide? |
|---|---|

The proposed Settlement provides for Defendants to pay, or cause the payment of, $7,750,000 into a settlement fund, which may accrue interest (the "Settlement Fund"). The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Settlement Fund will be used to pay attorneys' fees and reasonable Litigation Expenses to Plaintiffs' Counsel, with interest, and compensatory awards to Lead Plaintiffs. A portion of the Settlement Fund also will be used to pay Taxes due on interest earned by the Settlement Fund, if necessary, and the costs of the claims administration, including the costs of printing and mailing the Postcard Notice, the costs of publishing notice, and the costs of processing claims. After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit timely, valid claims, according to the Plan of Allocation (see Exhibit 1 hereto) to be approved by the Court ("Authorized Claimants").

4

| **9.** | **How much will my payment be?** |

The proposed Plan of Allocation is the plan for the distribution of the Net Settlement Fund to Authorized Claimants that is being proposed by Lead Plaintiffs and Lead Counsel to the Court for approval. The full, detailed Plan of Allocation is attached as Exhibit 1.

**As described in further detail in the Plan of Allocation, the Claims Administrator will determine your total Recognized Losses by adding the Recognized Loss for each of your shares of Axsome common stock eligible to recover in the Settlement. Your payment will then be the *pro rata* portion of the Net Settlement Fund that is equal to the share of your total Recognized Losses as a proportion of the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.**

Your share of the Net Settlement Fund will depend on several factors, including: (i) when you purchased or otherwise acquired Axsome common stock during the Class Period, and the price at the time of purchase or acquisition; (ii) whether you sold Axsome common stock and, if so, when and for how much; (iii) the Recognized Losses (defined in the proposed Plan of Allocation) of timely and valid claims submitted by other Settlement Class Members; (iv) the amount of administrative costs, including the costs of notice; and (v) the amount awarded by the Court to Plaintiffs' Counsel for attorneys' fees and expenses, and compensatory awards to Lead Plaintiffs.

The Claims Administrator will determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Losses calculated pursuant to the allocation formulas set forth in the Plan of Allocation approved by the Court. The allocation formulas are the basis upon which the Net Settlement Fund will be proportionately allocated to Settlement Class Members with valid claims. The allocation formulas are not intended to estimate the amount that a Settlement Class Member might have been able to recover after a trial; they also are not an estimate of the amount that will be paid to Settlement Class Members pursuant to the Settlement.

It is unlikely that you will get a payment for all of your Recognized Losses. After all Settlement Class Members have sent in their Claim Forms, the payment you get will be a share of the Net Settlement Fund equal to your Recognized Losses divided by the total Recognized Losses of all Authorized Claimants, multiplied by the amount of the Net Settlement Fund.

**HOW YOU GET A PAYMENT—SUBMITTING A CLAIM FORM**

| **10.** | **How can I get a payment?** |

To qualify for a payment, you must submit a Claim Form. The Claims Administrator will process your claim and determine whether you are an Authorized Claimant.

A Claim Form is enclosed with this Notice and may also be downloaded at or submitted online using the website claim portal. Read the instructions carefully, fill out the form, and sign it in the location indicated. The Claim Form may be completed in two ways: (1) by completing and submitting it electronically at www.strategicclaims.net/Axsome/ **by 11:59 p.m. EST on February 3, 2026**; or (2) by mailing the claim form together with all documentation requested in the form, **postmarked no later than February 3, 2026**, to:

*Axsome Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

| **11.** | **When would I get my payment?** |

The Court will hold a Settlement Hearing on February 10, 2026 at 2:30 p.m. to decide whether to approve the Settlement. If the Court approves the Settlement, there might be appeals afterwards. It is always uncertain whether these appeals can be resolved, and resolving them can take time, perhaps more than a year. It also takes time for all the Claim Forms to be processed. Please be patient.

| 12. | What am I giving up to get a payment or to stay in the Settlement Class? |
|---|---|

If you are a Settlement Class Member, **unless you exclude yourself from the Settlement Class by the January 13, 2026 deadline**, you will remain a Settlement Class Member and will be bound by the release of claims against Defendants and other Released Defendant Parties if the Settlement is approved. It also means you will be bound by any orders issued by the Court. If the Settlement is approved, the Court will enter a judgment. The Judgment will dismiss with prejudice the claims against the Released Defendant Parties and will provide that, upon the Effective Date of the Settlement, Lead Plaintiffs and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors, and assigns, in their capacities as such, shall be deemed to have, and by operation of the Judgment shall have, fully, finally, and forever compromised, settled, released, resolved, relinquished, waived, discharged, and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund. Claims to enforce the terms of the Stipulation are not released. You will accept a share of the Net Settlement Fund as sole compensation for any losses you allegedly suffered as a result of your purchase or acquisition of Axsome common stock during the Class Period. Additional specific terms of the release are included in the Stipulation available at www.strategicclaims.net/Axsome/.

**EXCLUDING YOURSELF FROM THE SETTLEMENT CLASS**

If you do not want a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants and the other Released Defendant Parties on your own about the claims being released in this Settlement, then you must take steps to remove yourself from the Settlement Class. This is called excluding yourself, or "opting out," from the Settlement Class. Defendants can terminate the Settlement if a certain amount of exclusion requests are received.

| 13. | How do I get out of the proposed Settlement? |
|---|---|

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants or other Released Defendant Parties on your own, at your own expense, about the claims being released in this Settlement, then you must take steps to exclude yourself from the Settlement. To exclude yourself from the Settlement, you must mail a letter that (A) clearly indicates your name, address, phone number and e-mail contact information (if any) and states that you "request to be excluded from the Settlement Class in *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.)"; and (B) states the number of shares of publicly-traded Axsome common stock you (i) owned as of the opening of trading on May 10, 2021, (ii) purchased and/or sold during the Class Period, including the number of shares, dates, and prices for each transaction, and (iii) held as of the close of trading on April 22, 2022.

To be valid, such request for exclusion must be submitted with documentary proof: (i) of each purchase and, if applicable, sale transaction of publicly-traded Axsome common stock during the Class Period; and (ii) demonstrating your status as a beneficial owner of the Axsome common stock. Any such request for exclusion must be signed and submitted by you, as the beneficial owner, under penalty of perjury. You must mail your exclusion request so that it is **received no later than January 13, 2026 at**:

*Axsome Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
P.O. Box 230
600 N. Jackson St., Ste. 205
Media, PA 19063

**You cannot exclude yourself by telephone or by email.** If you properly exclude yourself, you will not receive a payment from the Net Settlement Fund, you cannot object to the Settlement, and you will not be legally bound by any orders or the Judgment in this case.

6

| 14. | If I do not exclude myself, can I sue the Defendants or the other Released Defendant Parties for the same thing later? |
|---|---|

No. Unless you exclude yourself by following the instructions above, you give up any rights to sue the Defendants or the other Released Defendant Parties for the claims being released in this Settlement. If you have a pending lawsuit against the Released Defendant Parties or related to any Released Plaintiffs' Claims, speak to your lawyer in that case immediately, since you must exclude yourself from this Settlement Class to continue your own lawsuit. Remember, the exclusion deadline is **January 13, 2026.**

| 15. | If I exclude myself, can I get money from the proposed Settlement? |
|---|---|

No. If you exclude yourself, you may not send in a Claim Form to ask for any money.

## THE LAWYERS REPRESENTING YOU

| 16. | Do I have a lawyer in this case? |
|---|---|

The Court has appointed Pomerantz LLP and The Rosen Law Firm, P.A. as Lead Counsel to the Settlement Class to represent you and the other Settlement Class Members. Lead Counsel has also worked with The Schall Law Firm and Paskowitz Law Firm P.C., additional counsel for certain of the Lead Plaintiffs, on behalf of the Settlement Class. If you want to be represented by your own lawyer, you may hire one at your own expense and they may file a notice of appearance in the Action. Contact information for Lead Counsel is provided above.

| 17. | How will the lawyers be paid? |
|---|---|

Plaintiffs' Counsel have expended considerable time litigating this Action on a contingent-fee basis and have paid for the expenses of the case themselves. They have not been paid attorneys' fees or for their expenses in advance of this Settlement. Court-appointed Lead Counsel will apply to the Court for an award of attorneys' fees for all Plaintiffs' Counsel in an amount not to exceed 30% of the Settlement Fund ($2,325,000), plus interest.[2] The choice of Lead Counsel to share any of the attorneys' fees awarded by the Court will not influence the amount of attorneys' fees awarded to Lead Counsel by the Court. In addition, Lead Counsel will apply for reimbursement of Litigation Expenses paid or incurred in connection with the institution, prosecution and resolution of the claims against Defendants, in an amount not to exceed $250,000, plus interest, and compensatory awards to Lead Plaintiffs of no more than $30,000, in total, for reimbursement of the reasonable costs and expenses incurred by Lead Plaintiffs directly related to their representation of the Settlement Class. The Court may award less than these amounts. Any amounts awarded by the Court will come out of the Settlement Fund.

## OBJECTING TO THE SETTLEMENT AND RELATED MATTERS

| 18. | How do I tell the Court that I object to the proposed Settlement, the Fee and Expense Application, and/or the Plan of Allocation? |
|---|---|

If you are a Settlement Class Member, you can tell the Court you do not agree with the proposed Settlement, any part of the Settlement, the proposed Plan of Allocation, and/or Lead Counsel's motion for attorneys' fees and expenses and application for compensatory awards to Lead Plaintiffs. You can write to the Court setting out your objection. The Court will consider your views.

To object, you must send a signed letter saying that you object to the proposed Settlement, Plan of Allocation, and/or application for attorneys' fees and Litigation Expenses in "*In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.)." You must include: (1) your name, address, telephone number, email address, and your signature; (2) a list of all purchases and sales of Axsome common stock during the Class Period in order to show membership in the Settlement Class; (3) all grounds for the objection, including

---

[2] The attorney fee application will be made collectively on behalf of Plaintiffs' Counsel. Attorneys' fees awarded by the Court will be divided pursuant to fee sharing agreements among Pomerantz LLP, The Rosen Law Firm, P.A., The Schall Law Firm, and Paskowitz Law Firm P.C. in accordance with each of their respective work and level of contribution to the Action. The Schall Law Firm is located at 2049 Century Park East, Suite 2460, Los Angeles, California 90067 and Paskowitz Law Firm P.C. is located at 97-45 Queens Boulevard, Suite 1202, Rego Park, New York 11374.

any legal support known to you or your counsel; (4) the name, address, and telephone number of all counsel, if any, who represent you, including your former or current counsel who may be entitled to compensation in connection with the objection; and (5) the number of times you and/or your counsel has filed an objection to a class action settlement in the last five years, the nature of each such objection in each case, the jurisdiction in each case, and the name of the issuer of the security or seller of the product or service at issue in each case. Attendance at the Settlement Hearing is not necessary. Objectors wishing to be heard orally at the Settlement Hearing are required to indicate in their written objection (or in a separate writing that is submitted in accordance with the deadline and after instruction pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Be sure to serve copies of any objections, papers and briefs to each of the addresses listed below, to be received no later than January 13, 2026:

If you object, you subject yourself to the jurisdiction of the Court in this matter and consent to being deposed in your district of residence and producing, in advance of a deposition, any responsive documents to a discovery request prior to the Settlement Hearing.

All written objections and supporting papers must be submitted to the Claims Administrator by mailing them such that they are received no **later than January 13, 2026** at the following address: *Axsome Therapeutics, Inc. Securities Litigation,* c/o Strategic Claims Services P.O. Box 230, 600 N. Jackson St., Ste. 205, Media, PA 19063.

You must also mail or deliver copies of any objections, papers and briefs to **each** of the counsel below such that they are **received no later than January 13, 2026:**

| Lead Counsel | Lead Counsel | Counsel For Defendants |
|---|---|---|
| Jeremy A. Lieberman, Esq. | Jacob A. Goldberg, Esq. | Michael L. Kichline, Esq. |
| Michael Grunfeld, Esq. | Erica L. Stone, Esq. | MORGAN, LEWIS & BOCKIUS LLP |
| POMERANTZ LLP | THE ROSEN LAW FIRM, P.A. | 2222 Market Street |
| 600 Third Avenue, Floor 20 | 275 Madsion Avenue, 40th Floor | Philadelphia, PA 19103 |
| New York, NY 10016 | New York, NY 10016 | |

| **19.** | **What is the difference between objecting and excluding myself?** |
|---|---|

Objecting is telling the Court you do not like something about the Settlement or some part of it. You can object only if you stay in the Settlement Class. Requesting exclusion is telling the Court you do not want to be part of the Settlement Class or the Settlement. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you. If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

**THE COURT'S SETTLEMENT HEARING**

The Court will hold a hearing to decide whether to approve the proposed Settlement, the Fee and Expense Application, and the Plan of Allocation. You may participate, and you may ask to speak, but you do not have to.

| **20.** | **When and where will the Court decide whether to approve the proposed Settlement?** |
|---|---|

The Court will hold a Settlement Hearing, either in person or remotely at the Court's discretion, on February 10, 2026 at 2:30 p.m. at the Thurgood Marshall United States Courthouse, 40 Foley Square, Courtroom 1106, New York, NY, 10007.

At this hearing, the Court will consider whether the proposed Settlement is fair, reasonable, and adequate and should be approved by the Court; whether an Order and Final Judgment as provided for in the Stipulation should be entered; and whether the proposed Plan of Allocation should be approved. If there are objections, the Court will consider them, and the Court will listen to people who have asked to speak at the hearing. The Court may also decide how much should be awarded to Plaintiffs' Counsel for attorneys' fees and expenses and compensatory awards to Lead Plaintiffs for their service to the Settlement Class.

You should be aware that the Court may change the date and time of the Settlement Hearing, or decide to hold it remotely, without another notice being mailed to Settlement Class Members. If you want to attend the hearing, you

should check with Lead Counsel or on the Settlement website, www.strategicclaims.net/Axsome/ beforehand to be sure that the date and/or time has not changed.

| 21. | Do I have to come to the hearing? |
|---|---|

No. Lead Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you submit your written objection on time, the Court will consider it. You may also pay your own lawyer to attend, but it is not necessary. Settlement Class Members do not need to appear at the hearing or take any other action to indicate their approval.

| 22. | May I speak at the hearing? |
|---|---|

If you object, you may ask the Court for permission to speak at the Settlement Hearing. To do so, you must include with your objection (see question 18 above) a statement that you "intend to appear in *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 1:22-cv-03925-LGS (S.D.N.Y.)." Persons who intend to object to the Settlement, the Plan of Allocation, and/or the application for an award of attorneys' fees, costs, and expenses, and desire to present evidence at the Settlement Hearing, must include in their written objection the identity of any witnesses they may call to testify and exhibits they intend to introduce into evidence at the Settlement Hearing. You cannot speak at the hearing if you exclude yourself.

## IF YOU DO NOTHING

| 23. | What happens if I do nothing at all? |
|---|---|

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against Defendants or the Released Defendant Parties about the Released Plaintiffs' Claims (as defined in the Stipulation) ever again.

## GETTING MORE INFORMATION

| 24. | How do I get more information about the case? |
|---|---|

This Notice contains only a summary of the terms of the proposed Settlement. For the precise terms and conditions of the proposed Settlement, please see the Stipulation. More information about the matters involved in the Action, including, among other documents, copies of the Stipulation and Claim Form, is available at www.strategicclaims.net/Axsome/. For even more detailed information concerning the matters involved in this Action, see the pleadings filed in the case, the papers filed in support of the Settlement and the Fee and Expense Application, and the orders entered by the Court, which are available for review during business hours at the Office of the Clerk of the Court, Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007. (Please check the Court's website, www.nysd.uscourts.gov, for information about Court closures before visiting.) Subscribers to PACER, a fee-based service, can also view the papers filed publicly in the Action through the Court's on-line Case Management/Electronic Case Files system at https://www.pacer.gov.

## SPECIAL NOTICE TO SECURITIES BROKERS AND OTHER NOMINEES

If, during the Class Period, you purchased and/or sold Axsome common stock for the beneficial interest of a person or entity other than yourself, the Court has directed that, WITHIN TEN (10) CALENDAR DAYS OF YOUR RECEIPT OF NOTICE, you either (a) provide to the Claims Administrator the name and last known address and email address (to the extent that email addresses are available) of each person or entity for whom or which you purchased and/or sold Axsome common stock during such time period; (b) request from the Claims Administrator the link to the electronic Long Notice and Claim Form and, WITHIN TEN (10) CALENDAR DAYS of receipt of the link, email it to all such beneficial owners; or (c) request from the Claims Administrator sufficient copies of the Postcard Notice to forward to all such beneficial owners and WITHIN TEN (10) CALENDAR DAYS of receipt of those Postcard Notices from the Claims Administrator forward them to all such beneficial owners. If you choose to follow alternative procedures (b) or (c), the Court has directed that, upon such emailing or mailing, you send a statement to the Claims Administrator confirming that the emailing or mailing was made as directed. **YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR**.

You may request reimbursement from the Settlement Fund of your reasonable out-of-pocket expenses actually incurred in connection with the foregoing of up to: $0.02 per Postcard Notice, plus postage at the current pre-sort rate used by the Claims Administrator, for Postcard Notices mailed by nominees; $0.02 per link to the electronic Long Notice and Claim Form sent by email; or $0.02 per name, last known address, and email address provided to the Claims Administrator. Expenses will be paid upon request and submission of appropriate supporting documentation and timely compliance with the above directives. All communications regarding the foregoing should be addressed to the Claims Administrator at the address listed on page 2 above.

DATED: OCTOBER 27, 2025                    BY ORDER OF THE UNITED STATES
                                           DISTRICT COURT FOR THE
                                           SOUTHERN DISTRICT OF NEW YORK

**EXHIBIT 1**

**PLAN OF ALLOCATION OF NET SETTLEMENT FUND AMONG CLASS MEMBERS**

The objective of the Plan of Allocation is to equitably distribute the Net Settlement Fund among Authorized Claimants based on their respective alleged economic losses as a result of the alleged fraud, as opposed to losses caused by market- or industry-wide factors or company-specific factors unrelated to the alleged fraud. The Claims Administrator shall determine each Authorized Claimant's share of the Net Settlement Fund based upon the recognized loss formula (the "Recognized Loss") described below.

A Recognized Loss will be calculated for each share of Axsome common stock purchased or otherwise acquired during the Class Period.[3] The calculation of Recognized Loss will depend upon several factors, including when shares of Axsome common stock were purchased or otherwise acquired during the Class Period, in what amounts, whether those shares were sold, and, if sold, when they were sold and for what amounts. The Recognized Loss is not intended to estimate the amount a Settlement Class Member might have recovered after a trial, nor the amount that will be paid to Authorized Claimants pursuant to the Settlement. Rather, the Recognized Loss is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants. The Claims Administrator will use its best efforts to administer and distribute the Net Settlement Fund in a manner that is both equitable and economically feasible.

The Plan of Allocation was developed with the assistance of a consulting damages expert and is based on the assumption that the price of Axsome common stock was artificially inflated throughout the Class Period. The estimated amount of alleged artificial inflation during the Class Period is set forth in Table 1 below. The calculation of the alleged artificial inflation in the price of Axsome common stock during the Class Period is based on certain misrepresentations alleged by Lead Plaintiffs and on stock price declines, net of market- and industry-wide factors, that occurred in reaction to the public announcements that allegedly corrected those misrepresentations.

The U.S. federal securities laws allow investors to recover for losses only to the extent that such losses were caused by disclosures correcting the defendants' prior false or misleading statements or omissions. Accordingly, in order to be eligible for a recovery under the Plan of Allocation, shares of Axsome common stock purchased or otherwise acquired during the Class Period must have been held during a period of time in which the price declined due to the disclosure of information correcting an allegedly misleading statement or omission. Lead Plaintiffs and Lead Counsel have determined that such a price decline occurred on April 25, 2022. Thus, if a share of Axsome common stock was sold before April 25, 2022, the Recognized Loss for that share will be $0.00, and any loss suffered is not compensable under the federal securities laws.

| Table 1 | | |
|---|---|---|
| Alleged Artificial Inflation in Axsome Common Stock | | |
| **From** | **To** | **Per-Share Price Inflation** |
| Monday, May 10, 2021 | Friday, April 22, 2022 | $9.61 |
| Monday, April 25, 2022 | Thereafter | $0.00 |

The "90-day look back" provision of PSLRA is incorporated into the calculation of the Recognized Loss for Axsome common stock. The limitations on the calculation of the Recognized Loss imposed by the PSLRA are applied such that losses on Axsome common stock purchased during the Class Period and held as of the close of the 90-day period subsequent to the Class Period (the "90-Day Lookback Period") cannot exceed the difference between the purchase price paid for such stock and its average price during the 90-Day Lookback Period. The Recognized Loss on Axsome common stock purchased during the Class Period and sold during the 90-Day Lookback Period cannot exceed the difference between the purchase price paid for such stock and its rolling average price during the portion of the 90-Day Lookback Period elapsed as of the date of sale.

In the calculations below, all purchase and sale prices shall exclude any fees, taxes and commissions. If a Recognized Loss amount is calculated to be a negative number, that Recognized Loss shall be set to zero. Any

---

[3] During the Class Period, Axsome traded on the Nasdaq Global Market under the ticker symbol "AXSM."

transactions in Axsome common stock executed outside of regular trading hours for the U.S. financial markets shall be deemed to have occurred during the next regular trading session.

### Calculation of Recognized Loss Per Share of Axsome Common Stock

For each share of Axsome common stock purchased or otherwise acquired during the Class Period (i.e., May 10, 2021 through April 22, 2022, inclusive), the Recognized Loss per share shall be calculated as follows:

i.    For each share of Axsome common stock purchased during the Class Period that was subsequently sold prior to April 25, 2022, the Recognized Loss is $0.

ii.   For each share of Axsome common stock purchased during the Class Period that was subsequently sold during the period April 25, 2022 through July 22, 2022, inclusive (i.e., the 90-Day Lookback Period), the Recognized Loss is *the lesser of*:
   a.    $9.61; or
   b.    the purchase price *minus* the "90-Day Lookback Value" on the date of sale as set forth in Table 2 below.

iii.  For each share of Axsome common stock purchased during the Class Period and still held as of the close of trading on July 22, 2022, the Recognized Loss is *the lesser of*:
   a.    $9.61; or
   b.    the purchase price *minus* the average closing price for Axsome common stock during the 90-Day Lookback Period, which was $32.07.

| Table 2 | | | | | |
|---|---|---|---|---|---|
| Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value | Sale / Disposition Date | 90-Day Lookback Value |
| 4/25/2022 | $30.50 | 5/24/2022 | $30.81 | 6/24/2022 | $27.75 |
| 4/26/2022 | $30.25 | 5/25/2022 | $30.56 | 6/27/2022 | $27.96 |
| 4/27/2022 | $30.33 | 5/26/2022 | $30.30 | 6/28/2022 | $28.18 |
| 4/28/2022 | $30.75 | 5/27/2022 | $30.14 | 6/29/2022 | $28.37 |
| 4/29/2022 | $30.95 | 5/31/2022 | $29.95 | 6/30/2022 | $28.58 |
| 5/2/2022 | $31.46 | 6/1/2022 | $29.73 | 7/1/2022 | $28.83 |
| 5/3/2022 | $32.09 | 6/2/2022 | $29.55 | 7/5/2022 | $29.08 |
| 5/4/2022 | $32.89 | 6/3/2022 | $29.41 | 7/6/2022 | $29.35 |
| 5/5/2022 | $33.32 | 6/6/2022 | $29.30 | 7/7/2022 | $29.66 |
| 5/6/2022 | $32.97 | 6/7/2022 | $29.27 | 7/8/2022 | $29.97 |
| 5/9/2022 | $32.41 | 6/8/2022 | $29.22 | 7/11/2022 | $30.22 |
| 5/10/2022 | $32.15 | 6/9/2022 | $29.12 | 7/12/2022 | $30.44 |
| 5/11/2022 | $31.66 | 6/10/2022 | $28.98 | 7/13/2022 | $30.70 |
| 5/12/2022 | $31.21 | 6/13/2022 | $28.79 | 7/14/2022 | $30.94 |
| 5/13/2022 | $30.99 | 6/14/2022 | $28.62 | 7/15/2022 | $31.16 |
| 5/16/2022 | $30.98 | 6/15/2022 | $28.47 | 7/18/2022 | $31.33 |
| 5/17/2022 | $31.13 | 6/16/2022 | $28.29 | 7/19/2022 | $31.55 |
| 5/18/2022 | $31.13 | 6/17/2022 | $28.14 | 7/20/2022 | $31.76 |
| 5/19/2022 | $31.15 | 6/21/2022 | $28.01 | 7/21/2022 | $31.94 |
| 5/20/2022 | $31.18 | 6/22/2022 | $27.90 | 7/22/2022 | $32.07 |
| 5/23/2022 | $31.03 | 6/23/2022 | $27.83 | N/A | N/A |

### INSTRUCTIONS APPLICABLE TO ALL CLAIMANTS

Any payment you receive will reflect your proportionate share of the Net Settlement Fund. Such payment will depend on the number of eligible shares that participate in the Settlement, and when those shares were purchased and sold. The number of claimants who send in claims varies widely from case to case.

A purchase or sale of Axsome common stock shall be deemed to have occurred on the "contract" or "trade" date, as opposed to the "settlement" or "payment" date.

All purchase and sale prices shall exclude any fees and commissions.

Acquisition by gift, inheritance, or operation of law: If a Settlement Class Member acquired Axsome common stock during the Class Period by way of gift, inheritance, or operation of law, such a claim will be computed by using the date and price of the original purchase and not the date and price of transfer. To the extent that Axsome shares were originally purchased prior to the commencement of the Class Period, the Recognized Loss for that acquisition shall be deemed to be zero ($0.00).

Notwithstanding any of the above, receipt of Axsome common stock during the Class Period in exchange for securities of any other corporation or entity shall not be deemed a purchase or sale of Axsome common stock.

The first-in-first-out ("FIFO") basis will be applied to purchases and sales. Sales will be matched in chronological order, by trade date, first against Axsome common stock held as of the close of trading on May 7, 2021 (the last trading day before the Class Period begins) and then against the purchase of Axsome common stock during the Class Period.

The date of covering a "short sale" is deemed to be the date of purchase of shares. The date of a "short sale" is deemed to be the date of sale of shares. In accordance with the Plan of Allocation, however, the Recognized Loss on "short sales" is zero. In the event that a claimant has a short position in Axsome common stock, the earliest subsequent Class Period purchases shall be matched against such short position and shall not be entitled to a recovery until that short position is fully covered.

With respect to Axsome common stock purchased or sold through the exercise of a publicly traded option, the purchase/sale date of the stock shall be the exercise date of the option and the purchase/sale price of the stock shall be the exercise price. Any Recognized Loss arising from purchases of Axsome common stock acquired during the Class Period through the exercise of a publicly traded option on Axsome common stock shall be computed as provided for other purchases of Axsome common stock in the Plan of Allocation.[4]

Notwithstanding any of the foregoing, shares of Axsome common stock acquired through the exercise, conversion, or exchange of non-publicly traded securities (including, without limitation, options, warrants, convertible notes, or restricted stock units) are not eligible for recovery under the Settlement. Likewise, the receipt of Axsome common stock during the Class Period in exchange for securities of any corporation or entity other than Axsome, or through a merger, acquisition, or sale of any corporation or entity, shall not be deemed a purchase or sale of Axsome common stock for purposes of the Settlement, and such shares shall be ineligible for recovery.

Payment according to the Plan of Allocation will be deemed conclusive against all Authorized Claimants. A Recognized Loss will be calculated as defined herein and cannot be less than zero. To the extent there are sufficient funds in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss and subject to the provisions in the preceding paragraphs. If, however, the amount in the Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then the Claims Administrator shall allocate to each Authorized Claimant a *pro rata* share of the Net Settlement Fund based on his, her, or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants. No distribution will be made to Authorized Claimants who would otherwise receive a distribution of less than $10.00.

Settlement Class Members who do not submit an acceptable Claim Form, with appropriate supporting documentation, will not share in the Settlement proceeds. The Settlement and the Final Order and Judgment dismissing this Action with prejudice will nevertheless bind Settlement Class Members who do not submit a request for exclusion and/or submit an acceptable Claim Form.

Please contact the Claims Administrator or Lead Counsel if you disagree with any determinations made by the Claims Administrator regarding your Claim Form. If you are unsatisfied with the determinations, you may ask

---

[4] The "exercise of an option" as used in this sentence includes: (1) purchases of Axsome common stock as the result of the exercise of a call option, and (2) purchases of Axsome common stock by the seller of a put option as a result of the buyer of such put option exercising that put option.

the Court, which retains jurisdiction over all Class Members and the claims administration process, to decide the issue by submitting a written request.

Defendants, their respective counsel, and all other Released Parties will have no responsibility or liability whatsoever for the processing of Claim Forms, the investment of the Settlement Fund, the distribution of the Net Settlement Fund, the Plan of Allocation, or the payment of any claim. Lead Plaintiffs and Lead Counsel, likewise, will have no liability for their reasonable efforts to execute, administer, and distribute the Settlement. No person shall have any claim against Defendants, Defendants' Counsel, Lead Plaintiffs, Plaintiffs' Counsel or the Claims Administrator or other agent designated by Lead Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

Distributions will be made to Authorized Claimants after all claims have been processed and after the Court has finally approved the Settlement. If any funds remain in the Net Settlement Fund by reason of uncashed distribution checks or otherwise, then, after the Claims Administrator has made reasonable and diligent efforts to have Settlement Class Members who are entitled to participate in the distribution of the Net Settlement Fund cash their distributions, any balance remaining in the Net Settlement Fund after at least six (6) months after the initial distribution of such funds will be used in the following fashion: (a) first, to pay any amounts mistakenly omitted from the initial disbursement; (b) second, to pay any additional settlement administration fees, costs, and expenses, including those of Lead Counsel or the Claims Administrator, as may be approved by the Court; and (c) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs, expenses, or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible. These redistributions shall be repeated, if economically feasible, until the balance shall be contributed to a private, non-profit, non-sectarian 501(c)(3) organization designated by Lead Plaintiffs.

**PROOF OF CLAIM AND RELEASE FORM**

**Deadline for Submission: February 3, 2026**

If you purchased or otherwise acquired Axsome Therapeutics, Inc. ("Axsome") common stock during the period from May 10, 2021 to April 22, 2022, inclusive (the "Class Period"), and were allegedly damaged thereby, you are a "Settlement Class Member" and you may be entitled to share in the Settlement proceeds.[5] (Excluded from the Settlement Class are (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of the Individual Defendants' and officers' and directors' immediate families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%; and (v) any persons or entities who or which exclude themselves by submitting a request for exclusion that is accepted by the Court.)

If you are a Settlement Class Member, you must complete and submit this Proof of Claim and Release Form ("Claim Form") in order to be eligible for any Settlement benefits. You can complete and submit the electronic version of this Claim Form by 11:59 p.m. EST on February 3, 2026 at www.strategicclaims.net/Axsome/.

If you do not complete and submit an electronic version of this Claim Form, you must complete and sign this Claim Form and mail it by first class mail, postmarked no later than February 3, 2026 to Strategic Claims Services, the Claims Administrator, at the following address:

*Axsome Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063

Your failure to submit your claim by February 3, 2026 will subject your claim to rejection and preclude you from receiving any money in connection with the Settlement of this Action. Do not mail or deliver your claim to the Court or to any of the Parties or their counsel, as any such claim will be deemed not to have been submitted. Submit your claim only to the Claims Administrator. If you are a Settlement Class Member and do not submit a proper Claim Form, you will not share in the Settlement, but you nevertheless will be bound by the Judgment of the Court unless you exclude yourself.

Submission of a Claim Form does not assure that you will share in the proceeds of the Settlement.

**CLAIMANT'S STATEMENT**

1.  I (we) purchased or otherwise acquired Axsome common stock during the Class Period. (Do not submit this Claim Form if you did not purchase or otherwise acquire Axsome common stock during the Class Period.)

2.  By submitting this Claim Form, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above, the Stipulation, or in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion. (If you are acting in a representative capacity on behalf of a Settlement Class Member, e.g., as an executor, administrator, trustee, or other representative, you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

---

[5] All capitalized terms not otherwise defined shall have the meaning ascribed to them in the Stipulation of Settlement ("Stipulation"). The Stipulation may be obtained at www.strategicclaims.net/Axsome/ or by contacting the Claims Administrator by phone at (866) 274-4004, by email at info@strategicclaims.net, or by facsimile at (610) 565-7985.

15

3.  I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Claim Form. I (we) understand and agree that my (our) claim may be subject to investigation and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim. No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Claim Form.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase or acquisition of Axsome common stock during the time period requested below, and each sale, if any, of such common stock. I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed copies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchases (or other acquisitions) and sales of Axsome common stock listed below in support of my (our) claim. (If any such documents are not in your possession, please obtain a copy or equivalent documents from your stockbroker or tax advisor because these documents are necessary to prove and process your claim. **YOUR FAILURE TO SUBMIT COPIES OF OFFICIAL DOCUMENTS EVIDENCING YOUR PURCHASES (OR OTHER ACQUISITIONS) AND/OR SALES OF AXSOME COMMON STOCK WILL CAUSE THE CLAIMS ADMINISTRATOR TO REJECT YOUR CLAIM**.)

6.  I (we) understand that the information contained in this Claim Form is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification. (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims. The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss (as that term is defined in the Notice). In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivative securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and final release, relinquishment and discharge by me (us) and my (our) successors and assigns in any capacity (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her, or them, and by its, his, her, or their successors and assigns in any capacity) of each of the "Releasees" of all "Released Plaintiffs' Claims" as those terms are defined in the Stipulation.  I (we) further agree and acknowledge that I (we) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate, or one or more other persons, by it, him, her, or them and anyone claiming through or on its, his, her, or their behalf), will be permanently and forever barred and enjoined from commencing, instituting, prosecuting or continuing to prosecute, in any capacity, any action or other proceeding in any court of law or equity, arbitration tribunal, administrative forum, or any other forum asserting the Released Plaintiffs' Claims against any of the Released Defendant Parties.

8.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a covenant by me (us) and anyone claiming through or on my behalf (or, if I am (we are) submitting this Claim Form on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and anyone claiming through or on its, his, her, or their behalf) to permanently refrain from instituting, commencing or prosecuting in any capacity any Released Plaintiffs' Claims against any of the Released Defendant Parties.

9.  "Released Defendant Parties" has the meaning set forth in the Stipulation.

10. "Released Plaintiffs' Claims" has the meaning set forth in the Stipulation.

11. "Unknown Claims" has the meaning set forth in the Stipulation.

12.  I (we) acknowledge that I (we) may hereafter discover facts in addition to or different from those which I (we) now know or believe to be true with respect to the subject matter of the Released Plaintiffs' Claims, but expressly fully, finally, and forever settle and release, any and all Released Plaintiffs' Claims, known or Unknown Claims, suspected or unsuspected, contingent or non-contingent, whether or not concealed or hidden,

which now exist, or heretofore have existed, upon any theory of law or equity now existing or coming into existence in the future, including, but not limited to, conduct which is negligent, intentional, with or without malice, or a breach of any duty, law, or rule, without regard to the subsequent discovery or existence of such different or additional facts.

13. I (We) acknowledge that the inclusion of "Unknown Claims" in the definition of Released Plaintiffs' Claims was separately bargained for and is a material element of the Settlement of which this release is a part.

14. NOTICE REGARDING INSTITUTIONAL FILERS: Representatives with authority to file on behalf of (a) accounts of multiple Settlement Class Members and/or (b) institutional accounts with large numbers of transactions ("Representative Filers") must submit information regarding their transactions in an electronic spreadsheet format. (This is different than the online claim portal on the Settlement website.) If you are a Representative Filer, you must contact the Claims Administrator at efile@strategicclaims.net or visit their website at www.strategicclaims.net/Axsome/ to obtain the required file layout. Claims which are not submitted in electronic spreadsheet format and in accordance with the Claims Administrator's instructions may be subject to rejection.  All Representative Filers MUST also submit a manually signed Claim Form, as well as proof of authority to file (see Item 2 of this Claimant's Statement), along with the electronic spreadsheet format. Claims should be combined on a legal entity basis, where applicable. Sub-accounts should be rolled up into a parent account if the sub-accounts contain the same tax identification number. No claims submitted in electronic spreadsheet format will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

15. NOTICE REGARDING ONLINE FILING: Claimants who are not Representative Filers may submit their claims online using the electronic version of the Claim Form hosted at www.strategicclaims.net/Axsome/. If you are not acting as a Representative Filer, you do not need to contact the Claims Administrator prior to filing; you will receive an automated e-mail confirming receipt once your Claim Form has been submitted.  If you are unsure if you should submit your claim as a Representative Filer, please contact the Claims Administrator at info@strategicclaims.net or (866) 274-4004. If you are not a Representative Filer, but your claim contains a large number of transactions, the Claims Administrator may request that you also submit an electronic spreadsheet showing your transactions to accompany your Claim Form.

17

AXSOME

### I. CLAIMANT INFORMATION

| Beneficial Owner Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | Zip Code |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Account Number | | |
| Social Security Number (for individuals): | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.): |

### II. SCHEDULE OF TRANSACTIONS IN AXSOME THERAPEUTICS, INC. ("AXSOME") COMMON STOCK

**Beginning Holdings:**

A. State the total number of shares of Axsome common stock held at the opening of trading on May 10, 2021 (*must be documented*). If none, write "zero" or "0."

**Purchases/Acquisitions:**

B. Separately list each and every purchase or acquisition of Axsome common stock from May 10, 2021 through July 22, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased/Acquired | Purchase Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

18

AXSOME

**Sales:**

C.  Separately list each and every sale of Axsome common stock between from May 10, 2021 through July 22, 2022, both dates inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Sale Price Per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

**Ending Holdings:**

D.  State the total number of shares of Axsome common stock held at the close of trading on July 22, 2022 (*must be documented*). If none, write "zero" or "0."

## III.  SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s).  For most individuals, this is your Social Security Number.  The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number.  If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
| _____ | | _____ |

## IV.  CERTIFICATION

I (We) submit this Claim Form under the terms of the Stipulation described in the Notice. I (We) also submit to the jurisdiction of the United States District Court for the Southern District of New York, with respect to my (our) claim as a Settlement Class Member(s) and for purposes of enforcing the release and covenant not to sue set forth herein. I (We) further acknowledge that I am (we are) bound by and subject to the terms of any judgment that may be entered in this Action. I (We) have not submitted any other claim covering the same purchases/acquisitions or sales of Axsome common stock during the Class Period and know of no other Person having done so on my (our) behalf.

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (we are) exempt from backup withholding; or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends; or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

19

AXSOME

### V.  DECLARATION UNDER PENALTY OF PERJURY, SIGNATURE, AND DATE

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐ Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date:  _____

**THIS CLAIM FORM MUST BE SUBMITTED ELECTRONICALLY WWW.STRATEGICCLAIMS.NET/AXSOME/ BY 11:59 P.M. EST ON FEBRUARY 3, 2026, OR MAILED TO THE CLAIMS ADMINISTRATOR AT THE BELOW ADDRESS, POSTMARKED NO LATER THAN FEBRUARY 3, 2026:**

*Axsome Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Ste. 205
P.O. Box 230
Media, PA 19063
Tel.: 866-274-4004
info@strategicclaims.net

A Claim Form received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by February 3, 2026 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions.  In all other cases, a Claim Form shall be deemed to have been submitted when actually received by the Claims Administrator.

The Claims Administrator will acknowledge receipt of your Claim Form by mail or email within 45 days of receipt. Your claim is not deemed filed until you receive such an acknowledgement. If you do not receive an acknowledgement within 45 days, please contact the Claims Administrator by telephone toll free at 866-274-4004 or by email at info@strategicclaims.net.

You should be aware that it will take a significant amount of time to process fully all of the Claim Forms and to administer the Settlement.  This work will be completed as promptly as time permits, given the need to investigate and tabulate each Claim Form.  Please notify the Claims Administrator of any change of address.

AXSOME

## REMINDER CHECKLIST

o  Please be sure to sign this Claim Form on page 20.  If this Claim Form is submitted on behalf of joint claimants, then each claimant must sign.

o  Please remember to attach supporting documents. Do NOT send any stock certificates.  Keep copies of everything you submit.

o  Do NOT use highlighter on the Claim Form or any supporting documents.

o  If you move or change your address, telephone number, or email address, please submit the new information to the Claims Administrator, as well as any other information that will assist us in contacting you. NOTE: Failure to submit updated information to the Claims Administrator may result in the Claims Administrator's inability to contact you regarding issues with your claim or deliver payment to you.

21

*Axsome Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson Street, Suite 205
Media, PA 19063

**IMPORTANT LEGAL NOTICE – PLEASE FORWARD**

**EXHIBIT B**

<u>REQUEST FOR NAMES, EMAIL ADDRESSES, AND MAILING ADDRESSES OF CLASS MEMBERS</u>
STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 205
MEDIA, PA   19063
PHONE: (610) 565-9202        EMAIL: info@strategicclaims.net        FAX: (610) 565-7985

November 7, 2025

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential Settlement Class Members.

**We request that you assist us in identifying any individuals/entities who fit the following description:**

ALL PERSONS AND ENTITIES WHO PURCHASED OR OTHERWISE ACQUIRED AXSOME THERAPEUTICS, INC. ("AXSOME") COMMON STOCK DURING THE PERIOD FROM MAY 10, 2021 TO APRIL 22, 2022 INCLUSIVE.

Excluded from the Settlement Class are: (i) the Individual Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' immediate families and their legal representatives, heirs, successors or assigns; and (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of the Individual Defendants' and offciers' and directors' immediate families, legal representatives, heirs, successors, or assigns have or had an interest in excess of 5%.

**The information below may assist you in finding the above requested information:**

| | |
|---|---|
| *Axsome Therapeutics, Inc. Securities Litigation*<br>Case No.: 1:22-cv-3925-LGS<br>Exclusion Deadline: January 13, 2026<br>Objection Deadline: January 13, 2026<br>Notice To Appear Deadline: January 13, 2026<br>Claim Filing Deadline: February 3, 2026<br>Settlement Hearing: February 10, 2026 | Security Identifiers:<br><br>Cusip Number: 05464T104<br>ISIN: US05464T1043<br>SEDOL: BYZR4X4<br>Ticker Symbol: NASDAQ: AXSM |

<u>PER COURT ORDER, PLEASE RESPOND WITHIN 10 CALENDAR DAYS FROM THE DATE OF THIS NOTICE.</u>

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please advise us in writing; or
2. **Supply us with names, last known addresses, and email addresses (to the extent known)** of your beneficial purchasers/owners and we will do the emailing of the link to the electronic Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and the Proof of Claim and Release Form ("Claim Form") (collectively, the "Long Notice and Claim Form") or mailing of the Postcard Notice. Please provide us this information electronically. If you are not able to do this, labels will be accepted, but it is important that a hardcopy list also be submitted of your clients; or
3. Advise us of how many beneficial purchasers/owners you have, and we will supply you with ample postcards to do the mailing. After the receipt of the Postcard Notices, you have ten (10) calendar days to mail them;[1] or
4. Request a link to the electronic Long Notice and Claim Form and email the link to each of your beneficial purchasers/owners within ten (10) calendar days after receipt thereof.

You can bill us for any reasonable expenses actually incurred and **not to exceed**:
- **$0.02 per Long Notice and Claim Form link emailed,** OR
- **$0.02 per name, address and email address** if you are providing us the records, OR
- **$0.02 per name and address, including materials, plus postage at the pre-sort rate used by the Claims Administrator** if you are requesting the Postcard Notice and performing the mailing.

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of the legal matter. A copy of the Long Notice and Claim Form and other important case-related documents are available on our website at www.strategicclaims.net/Axsome/. You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
Axsome Therapeutics, Inc. Securities Litigation

---

[1] YOU ARE NOT AUTHORIZED TO PRINT THE POSTCARD NOTICE YOURSELF. POSTCARD NOTICES MAY ONLY BE PRINTED BY THE COURT-APPOINTED CLAIMS ADMINISTRATOR.

# EXHIBIT C

*Axsome Therapeutics, Inc. Securities Litigation*
c/o Strategic Claims Services
600 N. Jackson St., Suite 205
Media, PA 19063

**Court-Ordered Legal Notice**
**Forwarding Service Requested**

*A federal court authorized this notice. This is not a solicitation from a lawyer.*

*This Notice may affect your legal rights. You may be entitled to a payment from this securities class action settlement.*

The U.S. District Court for the Southern District of New York ("Court") has preliminarily approved a Settlement of claims against Axsome Therapeutics, Inc. ("Axsome"), and certain of its officers (collectively, "Defendants"). The proposed Settlement would resolve a class action lawsuit alleging that, in violation of the federal securities laws, Defendants made material misrepresentations and/or omissions to the public about Axsome's drug candidate AXS-07 and its New Drug Application to the U.S. Food and Drug Administration for AXS-07, causing damage to settlement class members. Defendants deny any wrongdoing.

You received this notice because you or someone in your family or household may have purchased or acquired Axsome common stock between May 10, 2021, and April 22, 2022, inclusive ("Class Period"). The Settlement provides that, in exchange for dismissal and release of claims known or unknown against Defendants, Defendants will pay or cause to be paid into a settlement fund $7,750,000.00 ("Settlement Fund"). The Settlement Fund, less attorneys' fees and expenses, and a compensatory award to Lead Plaintiffs, will be divided among settlement class members who timely submit valid Proof of Claim and Release Forms ("Claim Form"). For a full description of the Settlement and your rights and to make a claim, please view the Stipulation of Settlement and obtain a copy of the Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Claim Form by visiting the website: www.strategicclaims.net/Axsome/. You may also request copies of the Long Notice and Claim Form from the Claims Administrator by: (1) mail: *Axsome Therapeutics, Inc. Securities Litigation*, c/o Strategic Claims Services, P.O. Box 230, 600 N. Jackson St, Ste. 205, Media, PA 19063; (2) toll-free phone: (866) 274-4004; (3) fax: (610) 565-7985; or (4) email: info@strategicclaims.net.

To qualify for payment, you must submit a Claim Form to the Claims Administrator. CLAIM FORMS ARE DUE BY FEBRUARY 3, 2026 TO: *AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION*, C/O STRATEGIC CLAIMS SERVICES, P.O. BOX 230, 600 N. JACKSON ST, STE 205, MEDIA, PA 19063, OR SUBMITTED ONLINE AT WWW.STRATEGICCLAIMS.NET/AXSOME/. If you DO NOT want to be legally bound by the Settlement, you must exclude yourself from the Settlement Class by January 13, 2026 or you will not be able to sue the Defendants about the legal claims in this case. If you exclude yourself, you cannot get money from this Settlement. If you stay in the Settlement, you may object to it by January 13, 2026. The Long Notice explains how to exclude yourself or to object.

The Court will hold a hearing (the "Settlement Hearing") in this case on February 10, 2026 at 2:30 p.m. at 40 Foley Square, Courtroom 1106, New York, NY 10007, to consider whether to approve the Settlement, the Plan of Allocation, a request by Lead Counsel for attorneys' fees up to 30%, plus actual expenses up to $250,000, and awards to Lead Plaintiffs not to exceed $30,000. You may, but do not have to, attend the hearing and ask to be heard by the Court. The Court reserves the right to hold the Settlement Hearing telephonically or by other virtual means. For more information, call 1-866-274-4004, or visit the website, www.strategicclaims.net/Axsome/.

**EXHIBIT D**

## Josephine Bravata

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Monday, November 10, 2025 9:01 AM |
| **To:** | Josephine Bravata |
| **Cc:** | Margery Craig; Josephine Bravata |
| **Subject:** | GlobeNewswire Release Distribution Confirmation: Pomerantz LLP |



Boost the trust and credibility of your next press release. Get CLEAR Verified by GlobeNewswire

# Release Distribution Confirmation

**Pomerantz LLP and The Rosen Law Firm, P.A. Announce Proposed Class Action Settlement on Behalf of Purchasers of Axsome Therapeutics, Inc. Common Stock - AXSM**

*Cross time: **11/10/25 09:00 AM ET: Eastern Time** - View release on GlobeNewswire.com*

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by GlobeNewswire.

2321 Rosecrans Ave. Ste 2200, El Segundo, CA, 90245, USA. +1-800-307-6627. www.globenewswire.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

1

EQ | GlobeNewswire by notified

# Pomerantz LLP and The Rosen Law Firm, P.A. Announce Proposed Class Action Settlement on Behalf of Purchasers of Axsome Therapeutics, Inc. Common Stock - AXSM

November 10, 2025 09:00 ET | Source: Pomerantz LLP

**Follow**

Company Profile

**Pomerantz LLP**

**Industry:** Industrial Goods & Services

Press Release Actions

Print
Download PDF
Subscribe via RSS
Subscribe via ATOM
Javascript

NEW YORK, Nov. 10, 2025 (GLOBE NEWSWIRE) -- Pomerantz LLP and The Rosen Law Firm, P.A. announce that the United States District Court for the Southern District of New York has approved the following announcement of a proposed class action settlement that would benefit purchasers of Axsome Therapeutics, Inc. Common Stock (NASDAQ: AXSM):

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

**SUMMARY NOTICE OF PENDENCY AND PROPOSED CLASS ACTION SETTLEMENT**

**To: All persons and entities who purchased or otherwise acquired Axsome Therapeutics, Inc. ("Axsome") common stock during the period from May 10, 2021 through April 22, 2022, both dates inclusive (the "Class Period"), and were allegedly damaged thereby (the "Settlement Class").**

YOU ARE HEREBY NOTIFIED, pursuant to Rule 23 of the Federal Rules of Civil Procedure and an Order of the United States District Court for the Southern District of New York, that Court-appointed Lead Plaintiffs, on behalf of themselves and all members of the proposed Settlement Class, Axsome and certain individual defendants have reached a proposed settlement of the claims in the above-captioned class action (the "Action") in the amount of $7,750,000 (the "Settlement").

A hearing will be held before the Honorable Lorna G. Schofield either in person or remotely, at the Court's discretion, on February 10, 2026, at 2:30 p.m. in Courtroom 1106 of the United States District Court for the Southern District of New York, Thurgood Marshall United States Courthouse, 40 Foley Square, New York, NY 10007 (the "Settlement Hearing") to determine whether the Court should: (i) approve the proposed Settlement as fair, reasonable, and adequate; (ii) dismiss the Action with prejudice as provided in the Stipulation of Settlement, dated September 19, 2025; (iii) approve the proposed Plan of Allocation for distribution of the proceeds of the Settlement (the "Net Settlement Fund") to Settlement Class Members; and (iv) approve Lead Counsel's Fee and Expense Application. The Court may change the date of the Settlement Hearing, or hold it remotely, without providing another written notice. Information about the hearing will be posted at www.strategicclaims.net/Axsome/. You do NOT need to attend the Settlement Hearing to receive a distribution from the Net Settlement Fund.

IF YOU ARE A MEMBER OF THE SETTLEMENT CLASS, YOUR RIGHTS WILL BE AFFECTED BY THE PROPOSED SETTLEMENT AND YOU MAY BE ENTITLED TO A MONETARY PAYMENT. If you have not yet received a Notice of Pendency and Proposed Settlement of Class Action ("Long Notice") and Proof of Claim and Release Form ("Claim Form"), you may obtain copies of these documents by visiting www.strategicclaims.net/Axsome/ or by contacting the Claims Administrator at:

*Axsome Therapeutics, Inc. Securities Litigation*

c/o Strategic Claims Services

P.O. Box 230

600 N. Jackson St., Ste. 205

Media, PA 19063

(Toll-Free) (866) 274-4004

(Fax) (610) 565-7985

info@strategicclaims.net

Inquiries, other than requests for information about the status of a claim, may also be made to Lead Counsel:

| **POMERANTZ LLP** | **THE ROSEN LAW FIRM, P.A.** |
|---|---|
| Jeremy A. Lieberman, Esq. | Jacob Goldberg, Esq. |
| Michael Grunfeld, Esq. | Erica L. Stone, Esq. |
| 600 Third Avenue, 20th Floor | 275 Madison Ave, 40th Floor |
| New York, NY 10016 | New York, NY 10016 |
| www.pomlaw.com | www.rosenlegal.com |
| (212) 661-1100 | (212) 686-1060 |

If you are a Settlement Class Member, to be eligible to share in the distribution of the Net Settlement Fund, you must submit a Claim Form to the Claims Administrator *postmarked to the address above or submitted online at www.strategicclaims.net/Axsome/ no later than February 3, 2026.* If you are a Settlement Class Member and do not timely submit a valid Claim Form, you will not be eligible to share in the distribution of the Net Settlement Fund, but you will nevertheless be bound by all judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable.

If you are a Settlement Class Member and wish to exclude yourself from the Settlement Class, you must submit a written request for exclusion in accordance with the instructions set forth in the Long Notice so that it is *received no later than January 13, 2026.* If you properly exclude yourself from the Settlement Class, you will not be bound by any judgments or orders entered by the Court relating to the Settlement, whether favorable or unfavorable, and you will not be eligible to share in the distribution of the Net Settlement Fund.

Any objections to the proposed Settlement, Lead Counsel's Fee and Expense Application, and/or the proposed Plan of Allocation must be mailed to the Claims Administrator and to counsel for the Parties in accordance with the instructions in the Long Notice, such that they are *received no later than January 13, 2026.*

PLEASE DO NOT CONTACT THE COURT, DEFENDANTS, OR
DEFENDANTS' COUNSEL REGARDING THIS NOTICE.

DATED: OCTOBER 27, 2025

BY ORDER OF THE COURT
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

**Tags**

Class Action

Share