**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF: (I) LEAD PLAINTIFFS' MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT; AND (II) LEAD COUNSEL'S MOTION FOR AN AWARD OF ATTORNEYS' FEES, REIMBURSEMENT OF EXPENSES, AND <u>COMPENSATORY AWARDS TO LEAD PLAINTIFFS</u>**

Lead Plaintiffs Thomas Giblin ("Giblin"), Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust ("Berger"), and Paul Sutherland ("Sutherland") (collectively, "Lead Plaintiffs"), and Court-appointed Lead Counsel, Pomerantz LLP ("Pomerantz") and The Rosen Law Firm, P.A. ("Rosen") ("Lead Counsel"), on behalf of all Plaintiffs' Counsel, respectfully submit this memorandum in further support of: (i) Lead Plaintiffs' Motion for Final Approval of Class Action Settlement (ECF Nos. 124-125, 128, the "Final Approval Motion"); and (ii) Lead Counsel's Motion for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs (ECF Nos. 126-128, the "Fee and Expense Application").[1]

This Reply is supported by the Supplemental Declaration of Josephine Bravata Concerning: (A) Mailing/Emailing of the Notice; (B) Report on Requests for Exclusions and Objections; and (C) Claims Received to Date ("Suppl. Mailing Decl."), filed herewith.[2]

The deadline for Settlement Class Members to object to the fairness, reasonableness, or adequacy of the Settlement, Plan of Allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Lead Plaintiffs was January 13, 2026. In response to the dissemination of 75,036 notices to potential Settlement Class Members, there have been no requests for exclusion from the Settlement Class and no objections to any aspect of the Settlement or proposed awards. Suppl. Mailing Decl. ¶¶ 4, 8-9; Grunfeld Supplemental Decl. ¶ 4.

---

[1] Unless otherwise defined herein, all capitalized terms shall have the meanings provided in the Stipulation of Settlement, fully executed on September 19, 2025 . ECF No. 117-1. Unless otherwise indicated, all emphasis is added and all internal citations and quotations marks are omitted.

[2] Exhibit 1 to the Supplemental Declaration of Michael Grunfeld in Further Support of Lead Plaintiffs' Motions for (I) Final Approval of Class Action Settlement and (II) for an Award of Attorneys' Fees, Reimbursement of Expenses, and Compensatory Awards to Lead Plaintiffs ("Grunfeld Supplemental Declaration").

Accordingly, the reaction of Settlement Class Members to the proposed Settlement, Plan of Allocation, proposed attorneys' fees and expenses, and proposed compensatory awards to Lead Plaintiffs strongly supports entering the proposed Final Order and Judgment, filed herewith.

## I.      INTRODUCTION

After more than three years of hard-fought litigation, including a full-day mediation facilitated by a well-respected mediator and continued negotiations following that session, Lead Plaintiffs submitted a $7,750,000 all cash, non-reversionary settlement for Court approval.

The reaction of the Settlement Class further confirms that the Settlement is a very favorable result. After an extensive notice program, which included sending in total 75,036 copies of the notice either by e-mailing links to the Long Notice and Claim Form or mailing of the Postcard Notice to potential Settlement Class Members or their nominees and publishing the Summary Notice online in *GlobeNewswire*, not a single objection has been filed and no Settlement Class Members have requested exclusion from the Settlement Class.[3] In addition, although the Notice informed Settlement Class Members that Lead Counsel may seek up to $250,000 in litigation expenses, Lead Counsel has requested only $146,553.93 in out-of-pocket expenses (plus accrued interest) and $22,095 in total awards to Court-appointed Lead Plaintiffs.

The Settlement Class's overwhelmingly positive reaction strongly supports approval of the Settlement and the Plan of Allocation, as well as the request for attorneys' fees, reimbursement of expenses, and compensatory awards to Lead Plaintiffs.

---

[3] *See* Suppl. Mailing Decl. ¶¶ 4, 8-9; ECF No. 128-1, ¶ 10 and Ex. D (confirming publication of Summary Notice); Grunfeld Supplemental Decl. ¶ 4.

II.     **THE SETTLEMENT CLASS'S POSITIVE REACTION SUPPORTS APPROVAL OF THE SETTLEMENT, PLAN OF ALLOCATION, AND THE REQUESTED ATTORNEYS' FEES, LITIGATION EXPENSES, AND COMPENSATORY AWARDS TO LEAD PLAINTIFFS**

A.     **The Court-Approved Notice Program Has Been Implemented**

Pursuant to the Court's October 27, 2025 Preliminary Approval Order, Strategic Claims Services ("SCS") was appointed as the Claims Administrator in connection with the Settlement. ECF No. 122 ¶ 8. In that capacity, SCS, under the supervision of Lead Counsel, sent 54,314 emails with the electronic link to the Long Notice and Claim Form on the Settlement website and mailed 20,722 Postcard Notices to potential Settlement Class Members and nominees. Suppl. Mailing Decl. ¶ 4. Moreover, the Summary Notice was published online in *GlobeNewswire* on November 10, 2025. ECF No. 128-1 ¶ 10. The Notice, Postcard Notice, and Summary Notice advised Settlement Class Members of the Settlement and the request for an award of attorneys' fees, reimbursement of Litigation Expenses, and compensatory awards to Lead Plaintiffs. *Id.*, Exs. A, C-D. The Notice, Postcard Notice, and Summary Notice further advised Settlement Class Members that the last day for requesting exclusion from the Settlement Class, or to file an objection to the Settlement, the Plan of Allocation, and/or the request for an award of attorneys' fees and reimbursement of Litigation Expenses and awards to Lead Plaintiffs, was January 13, 2026. *Id.*, Ex. A at 2 and ¶¶ 13-15, 18-19; Exs. C-D.

On January 6, 2026, seven (7) days before the objection deadline, Lead Plaintiffs and Lead Counsel filed their opening papers in support of the Final Approval Motion and Fee and Expense Application. The motions were supported by the declarations of Lead Plaintiffs, Lead Counsel, and the Claims Administrator. These papers have been available on the public docket for this matter. *See* ECF Nos. 124-128.

The exclusion and objection deadlines have now passed. As set forth below, no Settlement

3

Class Members have requested exclusion from the Settlement Class or objected to the Settlement, the Plan of Allocation, the request for attorneys' fees, the request for reimbursement of litigation expenses, or the Compensatory awards to Lead Plaintiffs.

**B.      The Settlement Class's Reaction Supports Approval of the Settlement, Plan of Allocation, and Fee and Expense Application**

Lead Plaintiffs and Lead Counsel respectfully submit that the unanimously positive response from the Settlement Class confirms the fairness, adequacy, and reasonableness of the Settlement. *See In re FLAG Telecom Holdings, Ltd. Sec. Litig.*, 2010 WL 4537550, at *16 (S.D.N.Y. Nov. 8, 2010) ("The absence of objections to the Settlement supports the inference that it is fair, reasonable and adequate."); *see also Gruber v. Gilbertson*, 2022 WL 17828609, at *19 (S.D.N.Y. Dec. 21, 2022) ("If only a small number of objections are received, that fact can be viewed as indicative of the adequacy of the settlement."); *In re Petrobras Sec. Litig.*, 317 F. Supp. 3d 858, 872 (S.D.N.Y. 2018) (holding a "small number of objectors . . . strongly suggest[s] that the settlement amount is fair, adequate, and reasonable"), *aff'd*, 784 F. App'x 10 (2d Cir. 2019); *In re Merrill Lynch & Co. Research Reports Sec. Litig.*, 2007 WL 313474, at *10 (S.D.N.Y. Feb. 1, 2007) (holding the "minimal number of objections and requests for exclusion militates in favor of approving the settlement as be[ing] fair, adequate, and reasonable").[4]

A favorable reaction by settlement class members also supports approval of a plan of allocation. *See In re Signet Jewelers Ltd. Sec. Litig.*, 2020 WL 4196468, at *6 (S.D.N.Y. July 21, 2020) (holding the "'favorable reaction of the overwhelming majority of class members to the Settlement is perhaps the most significant factor in [the] *Grinnell* inquiry'" (quoting *Wal-Mart Stores, Inc. v. Visa U.S.A., Inc.*, 396 F.3d 96, 119 (2d Cir. 2005)); *In re Veeco Instruments Inc.*

---

[4] Internal citations and quotations are omitted from case citations, unless indicated otherwise.

*Sec. Litig.*, 2007 WL 4115809, at *14 (S.D.N.Y. Nov. 7, 2007) (*Veeco I*) (explaining that "not one class member has objected to the Plan of Allocation . . . . This favorable reaction of the Class supports approval of the Plan of Allocation").

Similarly, a lack of objections from settlement class members to an application for fees and expenses supports a finding that the fee and expense request is fair and reasonable. *See In re Signet Jewelers*, 2020 WL 4196468, at *21 (holding "absence of any objections to the requested attorneys' fees and Litigation Expenses supports a finding that the request is fair and reasonable"); *In re Veeco Instruments Inc. Sec. Litig.*, 2007 WL 4115808, at *10 (S.D.N.Y. Nov. 7, 2007) (holding the reaction of settlement class members to a fee and expense request "is entitled to great weight by the Court" and the absence of any objection "suggests that the fee request is fair and reasonable"); *In re Telik, Inc. Sec. Litig.*, 576 F. Supp. 2d 570, 594 (S.D.N.Y. 2008) (holding that few or no objections to fee award is "powerful evidence that the requested fee is fair and reasonable").

No Settlement Class Members have objected to any aspect of the Settlement. *See* Suppl. Mailing Decl. ¶ 9; Grunfeld Supplemental Decl. ¶ 4. This strongly supports approval of the Settlement.

In addition, the lack of requests for exclusion from the Settlement strongly supports granting the Final Approval Motion. Although the Claims Administrator has sent 75,036 notices to potential Settlement Class Members, either by e-mailed links to the Long Notice and Claim Form or mailed Postcard Notice, no Settlement Class Members have opted out of the Settlement. *See* Suppl. Mailing Decl. ¶¶ 4, 8. This lack of requests for exclusion strongly supports approval of the Settlement. *See Veeco I*, 2007 WL 4115809, at *7 (holding the "strong favorable reaction of the class is overwhelming evidence that the Settlement is fair, reasonable and adequate," where

"there has been only one request for exclusion"); *In re Signet Jewelers*, 2020 WL 4196468, at *6 ("[T]he small number of requests for exclusion support a finding that the Settlement is fair, reasonable, and adequate."); *In re Citigroup Inc. Bond Litig.*, 296 F.R.D. 147, 156 (S.D.N.Y. 2013) ("[F]ew requests for exclusion from class members are evidence that a settlement is fair and adequate.").

In sum, the Settlement Class Members' emphatically positive reaction strongly favors final approval of the Settlement, Plan of Allocation, and Lead Plaintiffs' and Lead Counsel's requests for attorneys' fees and expenses, and Compensatory awards to Lead Plaintiffs. Thus, the Settlement, Plan of Allocation, requests for fees and expenses, and Compensatory awards for Lead Plaintiffs should also be approved for the reasons that Lead Plaintiffs and Lead Counsel explained in their opening papers in support of these requests. *See* ECF Nos. 124-128.

## III.    CONCLUSION

For all the foregoing reasons, and those set forth in their opening papers, Lead Plaintiffs and Lead Counsel respectfully request that the Court enter the proposed Final Order and Judgment filed herewith approving the Settlement, the Plan of Allocation, and the Fee and Expense Application.

Dated: February 3, 2026

Respectfully Submitted,

**POMERANTZ LLP**

By: */s/ Michael Grunfeld*
Jeremy A. Lieberman
Michael Grunfeld
Brandon M. Cordovi
600 Third Avenue, 20th Floor
New York, NY 10016
Telephone:  (212) 661-1100
Facsimile:  (212) 661-8665
Email:  jalieberman@pomlaw.com
        mgrunfeld@pomlaw.com
        bcordovi@pomlaw.com

6

**THE ROSEN LAW FIRM, P.A.**
Jacob Goldberg
101 Greenwood Avenue, Suite 440
Jenkintown, PA 19046
Telephone: 215-600-2817
Facsimile: (212) 202-3827
Email: jgoldberg@rosenlegal.com

Erica L. Stone
275 Madison Avenue, 40th Floor
New York, New York 10016
Telephone: (212) 686-1060
Facsimile: (212) 202-3827
Email: estone@rosenlegal.com

*Co-Lead Counsel for Lead Plaintiffs Thomas Giblin, Paul Berger, and Paul Sutherland*

**THE SCHALL LAW FIRM**
Brian Schall
2049 Century Park East, Suite 2460
Los Angeles, California 90067
Telephone: (424) 303-1964
brian@schallfirm.com

*Additional Counsel for Lead Plaintiff Thomas Giblin*

**PASKOWITZ LAW FIRM P.C**
Laurence D. Paskowitz (LP-7324)
97-45 Queens Boulevard
Suite 1202
Rego Park, New York 11374
Telephone: (212) 685-0969
lpaskowitz@pasklaw.com

*Additional Counsel for Lead Plaintiff Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust*

7