**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

| | |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | 22 Civ. 3925 (LGS) |

# **FINAL ORDER AND JUDGMENT**

WHEREAS, an action is pending before this Court entitled *In re Axsome Therapeutics, Inc. Securities Litigation*, Case No. 22 Civ. 3925 (the "Action");

WHEREAS, Thomas Giblin, Paul Berger, for himself and as sole trustee of the Paul Berger Revocable Trust, and Paul Sutherland (together, "Lead Plaintiffs"), on behalf of themselves and all other members of the Settlement Class (defined below) and Axsome Therapeutics, Inc. ("Axsome"), Herriot Tabuteau and Mark Jacobson (collectively, "Defendants" and, together with Lead Plaintiffs, the "Parties") entered into a Stipulation of Settlement, dated September 19, 2025 (the "Stipulation");

WHEREAS, unless otherwise defined in this Judgment, the capitalized terms herein shall have the same meaning as they have in the Stipulation;

WHEREAS, pursuant to the Order Granting Preliminary Approval of Class Action Settlement, entered October 27, 2025 (the "Preliminary Approval Order"), this Court: (a) preliminarily approved the Settlement; (b) certified the Settlement Class solely for purposes of effectuating the Settlement; (c) ordered that notice of the proposed Settlement be provided to potential Settlement Class Members; (d) provided Settlement Class Members with the opportunity either to exclude themselves from the Settlement Class or to object to the proposed Settlement and (e) scheduled a hearing regarding final approval of the Settlement;

WHEREAS, due and adequate notice has been given to the Settlement Class;

WHEREAS, the Court conducted a hearing on February 10, 2026 (the "Settlement Hearing") to consider, among other things, (a) whether the terms and conditions of the Settlement are fair, reasonable, and adequate to the Settlement Class, and should therefore be approved; (b) whether a judgment should be entered dismissing the Action with prejudice as against the Defendants and (c) how to rule on Lead Counsel's Fee and Expense Application;

WHEREAS, the Court having reviewed and considered the Stipulation, all papers filed and proceedings held herein in connection with the Settlement, all oral and written comments received regarding the Settlement, and the record in the Action, and good cause appearing therefor;

IT IS ORDERED, ADJUDGED AND DECREED that:

1. **Incorporation of Settlement Documents**. This Judgment incorporates by reference the definitions in the Stipulation, and all capitalized terms used herein shall have the same meanings as set forth in the Stipulation unless otherwise set forth herein.

2. **Jurisdiction**. This Court has jurisdiction over the subject matter of the Action and all matters relating to the Settlement, as well as personal jurisdiction over all the Parties, including all Settlement Class Members.

3. **Class Certification for Purposes of Settlement**. The Court hereby affirms its determinations in the Preliminary Approval Order and finally certifies, for purposes of the Settlement only, pursuant to Rules 23(a) and (b)(3) of the Federal Rules of Civil Procedure, the Settlement Class of: all persons and entities who or that purchased or otherwise acquired Axsome common stock during the period from May 10, 2021, to April 22, 2022, both dates inclusive, and were damaged thereby. Excluded from the Settlement Class are: (i) the Individual

Defendants; (ii) the officers and directors of Axsome and its affiliates and subsidiaries; (iii) members of the officers' and directors' Immediate Families and their legal representatives, heirs, successors or assigns and (iv) any entity in which the Individual Defendants, the officers and directors of Axsome and its affiliates and subsidiaries, or members of the Individual Defendants' and officers' and directors' Immediate Families, legal representatives, heirs, successors or assigns have or had an interest in excess of 5%.

4.  Pursuant to Rule 23 of the Federal Rules of Civil Procedure and for purposes of the Settlement only, the Court hereby re-affirms its determinations in the Preliminary Approval Order and finally appoints Lead Plaintiffs as Class Representatives for the Settlement Class and finally appoints Pomerantz LLP and The Rosen Law Firm, P.A. as Class Counsel for the Settlement Class.  Class Representatives and Class Counsel have fairly and adequately represented the Settlement Class both in terms of litigating the Action and for purposes of entering into and implementing the Settlement and have satisfied the requirements of Federal Rules of Civil Procedure 23(a)(4) and 23(g), respectively.

5.  **Notice**.  The Court finds that the dissemination of the Long Notice, Summary Notice, Postcard Notice, and Claim Form: (i) complied with the Preliminary Approval Order; (ii) constituted the best notice practicable under the circumstances; (iii) constituted notice that was reasonably calculated to apprise Settlement Class Members of the effect of the Settlement, of the proposed Plan of Allocation for the proceeds of the Settlement, of Class Counsel's request for payment of attorneys' fees and Litigation Expenses incurred in connection with the prosecution of the Action, of Settlement Class Members' rights to object thereto or seek exclusion from the Settlement Class, and of their right to appear at the Settlement Hearing; (iv) constituted due, adequate and sufficient notice to all Persons entitled to receive notice of the

proposed Settlement and (v) satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause) and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the Private Securities Litigation Reform Act of 1995 (the "PSLRA").

6. **Objections**. There have been no objections to the Settlement.

7. **Final Settlement Approval and Dismissal of Claims**. Pursuant to Rule 23(e)(2) of the Federal Rules of Civil Procedure, the Court hereby approves the Settlement and finds that in light of the benefits to the Settlement Class, the complexity and expense of further litigation, the risks of establishing liability and damages, and the costs of continued litigation, said Settlement is, in all respects, fair, reasonable, and adequate, having considered and found that: (a) Class Representatives and Class Counsel have adequately represented the Settlement Class; (b) the proposal was negotiated at arm's length between experienced counsel; (c) the relief provided for the Settlement Class is adequate, having taken into account (i) the costs, risks, and delay of trial and appeal, (ii) the effectiveness of any proposed method of distributing relief to the Settlement Class, including the method of processing Settlement Class Member claims, (iii) the terms of any proposed award of attorneys' fees, including timing of payment and (iv) any agreement required to be identified under Federal Rule of Civil Procedure 23(e)(3) and (d) the proposed Plan of Allocation treats Settlement Class Members equitably relative to each other.  Accordingly, the Settlement is hereby approved in all respects (including, without limitation: the amount of the Settlement, the releases provided for in the Stipulation and the dismissal with prejudice of the claims asserted against Defendants) and shall be consummated in accordance with the terms and provisions of the Stipulation.  The Parties are hereby directed to consummate the Stipulation and to perform its terms.

8. The Action and all claims contained therein are dismissed with prejudice. The Parties are to bear their own costs, except as otherwise provided in the Stipulation.

9. **Rule 11 Findings**. The Court finds that, during the course of the Action, the Parties and their respective counsel complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure.

10. **Releases**. The releases set forth in Paragraphs 4 and 5 of the Stipulation, together with the definitions contained within the Stipulation relating thereto, are expressly incorporated herein in all respects. Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date, Class Representatives and each and every other Settlement Class Member, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, in their capacities as such, shall be deemed to have, and by operation of this Judgment shall have, fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every one of the Released Plaintiffs' Claims against each and every one of the Released Defendant Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting or maintaining any and all of the Released Plaintiffs' Claims against any and all of the Released Defendant Parties, whether or not such Settlement Class Member executes and delivers a Claim Form or shares in the Net Settlement Fund.

11. Without further action by anyone, and subject to Paragraph 12 below, upon the Effective Date, each of the Defendants, on behalf of themselves and each of their respective heirs, executors, trustees, administrators, predecessors, successors and assigns, in their capacities as such, shall have fully, finally and forever compromised, settled, released, resolved, relinquished, waived, discharged and dismissed with prejudice each and every one of the

5

Released Defendants' Claims against each and every one of the Released Plaintiff Parties and shall forever be barred and enjoined from commencing, instituting, prosecuting, or maintaining any and all of the Released Defendants' Claims against any and all of the Released Plaintiff Parties.

      **12.**    Notwithstanding Paragraphs 10 to 11 above, nothing in this Judgment shall bar any action by any of the Parties to enforce or effectuate the terms of the Stipulation or this Judgment.

      **13.**    **Binding Effect**.  The terms of the Stipulation and this Judgment shall be forever binding on Defendants, Class Representatives and each Settlement Class Member (whether or not such Settlement Class Member executes and delivers a Claim Form), as well as their respective successors and assigns.

      **14.**    **No Admissions**.  This Judgment and the Stipulation (including any exhibits thereto, the Supplemental Agreement and any Plan of Allocation), whether or not consummated, and whether or not approved by the Court, and any discussion, negotiation, proceeding or agreement relating to the Stipulation, the Settlement and any matter arising in connection with settlement discussions or negotiations, proceedings or agreements, shall not be offered or received against or to the prejudice of any of the Parties or their respective counsel, for any purpose other than in an action to enforce the terms of the Settlement, the Stipulation or this Judgment, and in particular:

            (a)    do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of, or construed as, or deemed to be evidence of any presumption, concession or admission by any of the Released Defendant Parties with respect to the truth of any allegation by Class Representatives or the Settlement

6

Class, or the validity of any claim that has been or could have been asserted in the Action or in any litigation, including but not limited to the Released Plaintiffs' Claims, or of any liability, damages, negligence, fault or wrongdoing of any of the Released Defendant Parties or any person or entity whatsoever, or of any infirmity in any of Defendants' defenses;

    (b) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any of the Released Defendant Parties, or against or to the prejudice of Class Representatives or any other Settlement Class Member as evidence of any infirmity in the claims of Class Representatives or Settlement Class Members;

    (c) do not constitute, and shall not be offered or received against or to the prejudice of any of the Released Defendant Parties, Class Representatives, any Settlement Class Member or their respective counsel, as evidence of a presumption, concession or admission with respect to any liability, damages, negligence, fault, infirmity or wrongdoing, or in any way referred to for any other reason against or to the prejudice of any of the Released Defendant Parties, Class Representatives, Settlement Class Members or their respective counsel, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Stipulation;

    (d) do not constitute, and shall not be construed against any of the Released Defendant Parties, Class Representatives or any Settlement Class Member, as an admission or concession that the consideration to be given under the Stipulation represents the amount that could be or would have been recovered after trial; and

(e) do not constitute and shall not be construed as or received in evidence as an admission, concession or presumption against Class Representatives or any Settlement Class Member that any of their claims are without merit or infirm or that damages recoverable in the Action would not have exceeded the Settlement Amount.

15. The administration of the Settlement and the decision of all disputed questions of law and fact with respect to the validity of any claim or right of any Person to participate in the distribution of the Net Settlement Fund shall remain under the authority of the Court.

16. **Modification of the Stipulation**. Without further approval from the Court, Class Representatives and Defendants are hereby authorized to agree to and adopt such amendments or modifications of the Stipulation or any exhibits attached thereto to effectuate the Settlement that: (a) are not materially inconsistent with this Judgment; and (b) do not materially limit the rights of Settlement Class Members in connection with the Settlement. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any of the provisions of the Stipulation.

17. **Approval of the Plan of Allocation.** The Court hereby finds and concludes that the Plan of Allocation for the calculation of the claims of claimants and distribution of the Net Settlement Fund, which was set forth in the Long Notice disseminated to Settlement Class Members, provides a fair and reasonable basis upon which to allocate the Net Settlement Fund among eligible Settlement Class Members. The Court hereby approves the Plan of Allocation.

18. The Court's approval of the Plan of Allocation is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of the other aspects of this Judgment with respect to the Settlement.

19. **Attorneys' Fees and Expenses.** Notice of Class Counsel's motion for an award of attorneys' fees and payment of Litigation Expenses was given to all Settlement Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the motion for an award of attorneys' fees and payment of Litigation Expenses satisfied the notice requirements of Rule 23 of the Federal Rules of Civil Procedure, the United States Constitution (including the Due Process Clause) and Section 21D(a)(7) of the Securities Exchange Act of 1934, 15 U.S.C. § 78u-4(a)(7), as amended by the PSLRA, constituted the best notice practicable under the circumstances and constituted due, adequate and sufficient notice to all Persons entitled thereto.

20. There were no objections to the Fee and Expense Application.

21. Class Counsel are hereby awarded, on behalf of all Plaintiffs' Counsel, attorneys' fees in the amount of $2,325,000, constituting 30% of the Settlement Fund, plus interest at the same rate earned by the Settlement Fund, and $146,553.93 in payment of Litigation Expenses, plus accrued interest, which sums the Court finds to be fair and reasonable. The timing of payment shall be as follows: 75%, or $1,743,750, plus applicable interest, shall be payable immediately, and the remaining 25%, or $581,250, shall be payable after substantially all of the distributions to Class Members from the Settlement Fund are complete. Class Counsel is also awarded reimbursement of litigation expenses in the amount of $146,553.93, plus applicable interest, which shall be payable immediately.

(a) In Rule 23 class actions, the "attorneys whose efforts created the fund are entitled to a reasonable fee -- set by the court -- to be taken from the fund." *Goldberger v. Integrated Res., Inc.*, 209 F.3d 43, 47 (2d Cir. 2000). "What constitutes a reasonable fee is properly committed to the sound discretion of the district court . . . and will not be overturned

absent an abuse of discretion . . . ." *Id.* The reasonableness of a fee in this Circuit is evaluated by considering the *Goldberger* factors: "(1) the time and labor expended by counsel; (2) the magnitude and complexities of the litigation; (3) the risk of the litigation; (4) the quality of representation; (5) the requested fee in relation to the settlement; and (6) public policy considerations." *Id.* at 50.

(b)     District courts in this Circuit may use one of two methods as a starting point to analyze attorneys' fees in common fund cases. *Id.* One method is the "lodestar" method, by which the district court multiplies the reasonable hours billed by a reasonable hourly rate. *See id.* at 47. Once that computation is made, the district court may adjust the multiplier based on other factors such as the risk of the litigation or the performance of the attorneys. *See id.* The second method is the "percentage of the fund" method, which is the trend in this Circuit. *Wal-Mart Stores, Inc. v. Visa U.S.A. Inc.*, 396 F.3d 96, 121 (2d Cir. 2005), *superseded on other grounds by Moses v. N.Y. Times Co.*, 79 F.4th 235, 243 (2d Cir. 2023); *accord In re Colgate-Palmolive Co. ERISA Litig.*, 36 F. Supp. 3d 344, 348 (S.D.N.Y. 2014). Under the percentage method, the fee is a reasonable percentage of the total value of the settlement fund created for the class. *See Goldberger*, 209 F.3d at 47. The percentage method is used to evaluate the attorneys' fees in this case, with the lodestar used as a cross-check.

(c)     The award of $2,325,000, constituting 30% of the Settlement Fund, is fair, reasonable and appropriate under the *Goldberger* factors as well as based on empirical research on attorneys' fees awards. A baseline of attorneys' fees equal to 30% of the Settlement Fund would be consistent with awards in similar cases involving recoveries of a similar size according to empirical data from National Economic Research Associates, Inc. ("NERA"). *See* Edward Flores & Svetlana Starykh, NERA, *Recent Trends in Securities Class Action Litigation: 2025*

*Full-Year Review* 31 (2026).  Between 2016-2025, for settlements valued between $5 million and $10 million, median attorneys' fees were 30% (the same as in 1996-2015).  *Id.*

(d) The baseline of 30% is appropriate in this case.  The magnitude, complexities and risk of the litigation are comparable to other securities class actions.  As for quality of representation and the time and effort expended by counsel, Class Counsel negotiated a recovery of $7.75 million, constituting 7.9% of the total alleged damages in this action of approximately $98.4 million.  That percentage is comparable to the average recoveries in similarly sized class actions.  Between 2016-2025, NERA reports a median settlement value of 4.4% of "NERA-Defined Investor Losses" for NERA-Defined Investor Losses between $50 million and $99 million.  *Id.* at 27 fig. 23.  Cornerstone Research reports an average recovery of 7.3% of "Plaintiff-Style Damages" in securities class actions between 2015-2023, with the average for 2024 being 7.5%.  *See* Laarni Bulan & Eric Tam, Cornerstone Rsch., *Securities Class Action Settlements: 2024 Review & Analysis* 7 fig. 5 (2025).  Additionally, the public policy considerations applicable to other similarly sized securities class actions also support the baseline fee award in this case.

(e) For the lodestar cross-check, the lodestar multiplier, based on the 1,829.88 hours counsel expended on this litigation since May 2022, is 1.18.  This multiplier is reasonable for a case of this size and complexity.  For instance, Professors Eisenberg, Miller and Germano found that in thirty-four class actions that settled for between $6.5 million and $12 million during 2009-2013, the median multiplier was 1.09 and the mean was 1.48.  Theodore Eisenberg, Geoffrey Miller & Roy Germano, *Attorneys' Fees in Class Actions: 2009-2013*, 92 N.Y.U. L. Rev. 937, 967 tbl. 13 (2017).

22. The Court's approval of the Fee and Expense Application is a matter separate and distinct from approval of the Settlement and shall in no way disturb or affect the finality of this Judgment with respect to the Settlement.

23. **Class Representatives Awards.** Giblin is hereby awarded $7,875 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to § 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4), which is payable immediately.

24. Berger is hereby awarded $7,500 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to § 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4), which is payable immediately.

25. Sutherland is hereby awarded $6,720 from the Settlement Fund as reimbursement for his reasonable costs and expenses directly related to his representation of the Settlement Class, pursuant to § 21D(a)(4) of the PSLRA, 15 U.S.C. § 78u-4(a)(4), which is payable immediately.

26. **Retention of Jurisdiction**. Without affecting the finality of this Judgment in any way, the Court retains continuing jurisdiction over: (i) implementation of the Settlement; (ii) the allowance, disallowance or adjustment of any Settlement Class Member's claim on equitable grounds and any award or distribution of the Settlement Fund; (iii) disposition of the Settlement Fund; (iv) any applications for attorneys' fees, costs, interest and payment of Litigation Expenses in the Action; (v) all Parties for the purpose of construing, enforcing, and administering the Settlement and this Judgment and (vi) other matters related or ancillary to the foregoing.

27. **Termination of Settlement**. In the event that the Settlement does not become effective in accordance with the terms of the Stipulation, then this Judgment shall be rendered

null and void to the extent provided by and in accordance with the Stipulation and shall be vacated, and in such event, all orders entered and releases delivered in connection herewith shall be null and void to the extent provided by and in accordance with the Stipulation, and the Settlement Fund shall be returned in accordance with Paragraph 47 of the Stipulation.

28.    **Entry of Final Judgment**.  There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is respectfully directed.

29.    Class Counsel shall file a status letter once all distributions to Class Members from the Settlement Fund are complete.  The status letter shall: (i) include a final accounting of (a) the total Settlement Fund, (b) the Claims Administrator's fee, costs and expenses, (c) attorneys' fees, costs and expenses, (d) Lead Plaintiffs' service fees, (e) any other deduction from the Settlement Fund before payment to Class Members and (f) the recovery in dollars and as a percentage of the Lead Plaintiffs' estimated damages for the Class in the aggregate and per Class Member, including any assumptions used in calculating these amounts and (ii) seek authorization to pay and distribute the remaining outstanding attorneys' fees granted in this Order.

The Clerk of Court is respectfully directed to terminate the motions at Dkt. Nos. 124 and 126 and to close the case.

Dated: February 26, 2026
      New York, New York

                                              LORNA G. SCHOFIELD
                                             UNITED STATES DISTRICT JUDGE