**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

|  |  |
|---|---|
| IN RE AXSOME THERAPEUTICS, INC. SECURITIES LITIGATION | Case No.: 1:22-cv-3925-LGS |

[~~PROPOSED~~] **ORDER AUTHORIZING DISTRIBUTION OF**
**NET SETTLEMENT FUND**

WHEREAS, By Final Order and Judgment dated February 26, 2026 (Dkt. No. 131, the "Judgment"), this Court approved, *inter alia*: (i) the terms of the Stipulation of Settlement dated September 19, 2025 (Dkt. No. 117-1, the "Stipulation"), whereby Defendants agreed to pay $7,750,000 (the "Settlement Fund"); (ii) a Plan of Allocation for distribution of the Net Settlement Fund; (iii) the award of fees and expenses to Class Counsel on behalf of all Plaintiffs' Counsel; and (iv) awards to Lead Plaintiffs pursuant to the PSLRA;[1]

WHEREAS, The Judgment is Final and the Settlement has reached its Effective Date;

WHEREAS, The Court has already approved the distribution of up to $250,000 for Notice and Administration Costs in its Preliminary Approval. *See* Preliminary Approval Order (Dkt. No. 122) ¶ 10. As such, Strategic Claims Services ("SCS") will be paid approximately $140,000 for the administration work it has completed and will perform through the Initial Distribution of the Settlement. If SCS's estimate of fees and expenses to conduct the Initial Distribution is greater than the actual cost to conduct that distribution, the excess will be returned to the Net Settlement Fund.

WHEREAS, The Court has previously authorized and directed the parties to implement all of the terms and provisions of the Stipulation; and

---

[1] Unless otherwise indicated, all capitalized terms herein have the same meanings as set forth in the Stipulation.

{00651606;7 }

WHEREAS, The Court has retained jurisdiction over the Action for the purpose of considering any further application or matter that may arise in connection with the administration and execution of the Settlement, the processing of Claim Forms, and the distribution of the Net Settlement Fund.

NOW, THEREFORE, upon consideration of Lead Plaintiffs' Motion to Distribute the Net Settlement Fund (the "Motion"), the Memorandum of Law in Support of the Motion, the Declaration of Josephine Bravata in Support of Lead Plaintiffs' Motion to Distribute the Net Settlement Fund ("Bravata Declaration"), and upon all prior proceedings herein, and after due deliberation;

**IT IS HEREBY ORDERED THAT**:

1. Lead Plaintiffs' Motion is granted.

2. SCS's determinations accepting the claims, as indicated in Exhibits B-1 and B-2 to the Bravata Declaration, are approved, and said claims are hereby accepted.

3. SCS's determination rejecting the claims, as indicated in Exhibits D and E to the Bravata Declaration, are approved, and said claims are hereby rejected.

4. Any claims filed after March 3, 2026 are hereby barred, subject to the terms of ¶ 9 of the Bravata Declaration.

5. Any responses to deficiency and/or rejection notices received after May 13, 2026 are hereby barred, subject to the terms of ¶ 9of the Bravata Declaration.

6. Distribution of the Net Settlement Fund, as set forth in the Bravata Declaration, will commence no later than forty-five (45) calendar days after entry of this Order.

7. SCS will conduct an Initial Distribution of the Net Settlement Fund, as set forth in the Bravata Declaration, after deducting (a) its fees and expenses and (b) payment of any

Taxes (including the costs of preparing appropriate tax returns) and any escrow fees, if any.

8. No earlier than six (6) months from the date of the Initial Distribution, any unclaimed, residual balance in the Net Settlement Fund after the Initial Distribution, after deducting SCS's fees and expenses for the estimated costs of an additional distribution, and after the payment of any Taxes (including the cost of preparing appropriate tax returns) and any escrow fees, if any, shall be redistributed to all Authorized Claimants who have cashed their checks from the Initial Distribution and whose proportionate share of the remaining Net Settlement Fund is $10.00 or more.  Additional distributions, after deduction of costs and expenses as described in this paragraph, and subject to the same conditions, shall be repeated if economically feasible until Class Counsel, in consultation with SCS, determines that further distribution is not cost-effective.

9. Thereafter, if any sums remain unclaimed, and the unclaimed amount is not sufficiently large to warrant further distribution as described in ¶ 10(c) of the Bravata Declaration, the balance shall be paid to the CII Research and Education Fund.

10. All Persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in the Settlement or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund are released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, are barred from making any further claim against the Net Settlement Fund or the released persons beyond the amount allocated to them pursuant to this Order.

11.     One (1) year after the initial distribution of the Net Settlement Fund, SCS may destroy the paper copies of the Claim Forms and all supporting documentation.  One (1) year after all funds have been distributed, SCS may destroy the electronic copies of the Claim Forms and all supporting documentation.

12.     This Court shall retain jurisdiction over any further application or matter that may arise in connection with this Action.

**SO ORDERED:**

DATED: June 1, 2026

**LORNA G. SCHOFIELD**
**UNITED STATES DISTRICT JUDGE**

- 4 -